UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

WILLIAM SCOVIN,

    Plaintiff,

v.

CIVIL ACTION NO.
3:02 CV 01161(AWT)

Robert N. Drake, Great-West Life,
Auerbach Pollak & Richardson, Inc., Hugh Regan
Lewis Cohen, A. Jones York

    Defendants,

May 20, 2005

**MOTION TO COMPELL PLAINTIFF TO PRODUCE CERTAIN DOCUMENTS IN CONNECTION WITH DEFENDANT DRAKE'S UNDATED DISCOVERY REQUEST IN REPLY TO PLAINTIFFS OBJECTIONS DATED MARCH 10, 2005**

Defendant Drake asks that the court compel plaintiff to provide documentation in support of their claim that Drake was a fiduciary, control person, or director of Auerbach Pollak & Richardson, Inc.

It is defendant Drake's contention that the general objections by plaintiffs counsel are broad and insufficient to withhold information that should have been provided in their initial pleadings. To the extent that the initial pleading does not specify or provide basis as to defendant's Drake's position while employed by Auerbach Pollak & Richardson, Inc., any documentation should be produced as requested.

**RESPONSE TO GENERAL OBJECTIONS**

1. The client –attorney privilege and work product doctrine should only apply to information requests that may have connection to any other defendant. In the event that the discovery request is specific as to documents and information directly related to claims against defendant Drake, they should be produced as requested.

2. Defendant Drake recognizes that the request for discovery is not specific as one might expect had it come from an attorney. However for plaintiff's counsel to state that the requests are irrelevant, immaterial or designed to prevent the production of any information are inaccurate. It serves no purpose to all parties involved to make useless requests. Production of any information in plaintiff's care that establishes a connection between plaintiff and defendant Drake is relevant to plaintiff's allegations and the absence of any such information is relevant to Drake's defense.

3. Defendant Drake does not believe that production would cause an undue burden or expense. Defendant Drake does not believe that there are large amounts of documents in plaintiff's possession relating to plaintiff's interaction with Drake.

4. Defendant Drake acknowledges that third parties may provide information in connection with the discovery request as it relates to the third party's interaction with defendant Drake. Plaintiff should still be required to provide information relevant to plaintiff's interaction and accusations against Drake.

5. Defendant Drake does not agree that there will be a greater burden imposed and that such a burden does not exceed a normal requests for discovery.

6. Plaintiff's counsel has no basis to make this statement as it relates to communication between plaintiff and Drake

SUBMITED BY:

Robert N. Drake
Pro Se

**CERTIFICATION**

This is to certify that a copy of the foregoing motion to compel discovery by plaintiff was sent via first class mail, postage paid, this 20th day of May, 2005 to the following parties:

Kevin M.Greco, Esq.
Peter M. Nolin, Esq
Sandak Henessey & Greco LLP
970 Summer Street
Stamford CT 06905

Richard G. Cushing
Trautman Sanders
Chrysler Building
405 Lexington Avenue
New York NY 10016

James Moriarity
Kelly Drye & Warren LLP
Two Stamford Plaza
281 Tresser Blvd.
Stamford CT 06901-3229

Christopher G. Barnes
Jordan Burt
175 Powder Forest Drive, Suite 201
Simsbury CT 06089