UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| WILLIAM SCOVIN<br><br>Plaintiff,<br><br>v.<br><br>GREAT-WEST LIFE & ANNUITY INS. CO.,<br>ONE HEALTH PLAN, INC., AUERBACH, POLLAK<br>& RICHARDSON, INC., HUGH REGAN,<br>LEWIS COHEN, ROBERT DRAKE, A. JONES<br>YORKE<br><br>Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) CIVIL ACTION NO. <br> ) <br> ) <br> ) 3 02CV01161 AWT<br> ) <br> ) <br> ) <br> ) <br> ) <br> ) JUNE 28, 2002 |

## COMPLAINT

### I. INTRODUCTION

1. Mr. William Scovin brings suit under the Employee Retirement Income Security Act ("ERISA"), Sections 29 U.S.C. §§1001 et seq.; 29 U.S.C. §1132(a)(1)(B) et seq.; and §1140 et seq., for the defendants failure to pay medical benefits under their medical benefits plan, and state law claims for breach of contract, negligent misrepresentation, breach of fiduciary obligations, fraud and deceit, promissory estoppel, and under Connecticut General Statutes Section 42-110, et seq. (CUTPA).

## II. <u>THE PARTIES</u>

2. Plaintiff, William Scovin, resides in Bridgewater, CT.

3. Defendant Great-West Life & Annuity Ins. Co. ("Great West"), is an insurance company organized under the State of Colorado with its principal place of business in Colorado and does business throughout the United States including New York, New Jersey, and Connecticut.

4. Defendant One Health Plan ("One Health") is an insurance company organized under the laws of the State of Colorado with its principal place of business located in Colorado and is a subsidiary of Defendant Great West.

5. Defendant Auerbach, Pollak & Richardson, Inc. ("Auerbach") is a Connecticut corporation with its principal place of business located at 333 Ludlow Street, Stamford, CT. Auerbach also has addresses in New York and New Jersey.

6. Defendant Hugh Regan is the Chairman/President & CEO of Defendant Auerbach with offices located in Stamford, CT.

7. Defendant Robert Drake is the head of Operations at Defendant Auerbach with an office located in Stamford, CT.

8. At all times relevant, Defendant Lewis Cohen was the controller of Defendant Auerbach with offices located in Stamford, CT.

9. Defendant A. Jones Yorke is vice chairman of Defendant Auerbach and a member of Auerbach's Board of Directors with offices in Stamford, CT.

### III. JURISDICTION

10. This court has jurisdiction of this action pursuant to 29 U.S.C. §1132(e) and 28 U.S.C. §1331. This court has venue of this action pursuant to 29 U.S.C. §1132(e)(2). Moreover, this Court has supplemental jurisdiction under 28 U.S.C. 1367 and the Plaintiff has exhausted all available remedies under his medical benefit plan supplied by his employer at the time, Defendant Auerbach.

### IV. FACTS

11. During approximately August of 1999, the Plaintiff, William Scovin began his employment with Defendant Auerbach and received, among other things, family medical and insurance benefits in the form of a Point of Service ("POS") or a Primary Care Provider ("PCP") Plan as part of his employment package with Auerbach. (hereinafter the "Plan"). At some point, Auerbach, was also known as EVision USA.COM,Inc. and/or eVision/American Fronteer in connection with, and/or for purposes of sponsoring and establishing the employee welfare benefit plan described herein.

12. At all relevant times, the Defendants did not provide William Scovin with a copy of the Summary Plan Description ("SPD") and provided no relevant information concerning the type or status of the Plan.

13. As a result, Auerbach is the sponsor of the Plan and it is also a Plan fiduciary under ERISA.

14. At all relevant times, Defendants Hugh Regan, ("Regan"), Louis Cohen, ("Cohen), Robert Drake ("Drake"), and Jones York IV ("York") were officers, directors, employees, and/or agents of Defendant Auerbach.

15. As a result, Defendants Regan, Cohen, Drake, and York are Plan fiduciaries under ERISA.

16. Defendants Great West and Health One are, among other things, administrators of the Plan and are also fiduciaries under the Plan pursuant to ERISA.

17. At all times set forth herein, the Plaintiff, William Scovin and his family were participants under the Plan. As a result and at all times relevant, the Defendants had a fiduciary relationship and/or obligations with respect to the Plaintiff.

18. At approximately the end of January 2001, the Plaintiff left Auerbach and Auerbach agreed to pay his family health care benefits for February and March of 2001 to the then provider, Oxford Health Service ("Oxford"). Sometime during approximately April of 2001 and unbeknownst to the Plaintiff, Defendant Auerbach switched providers from Oxford to Defendants Great West and One Health.

19. As the insurance providers, fiduciaries, and/or as acting on behalf of Defendant Auerbach, Defendants Great West and One Health are subject to and governed by ERISA as well as the common law.

20. At all times relevant, Plaintiff William Scovin continued to maintain his family

medical benefit package and paid monthly premiums of $729.79 under COBRA through approximately August 2001 for coverage by the Defendants, Auerbach, Great West, and One Health.

21. The Defendants, their agents and/or servants, accepted each of the Plaintiff's monthly premiums and cashed the Plaintiff's COBRA payments which were submitted during the above time periods.

22. On or about July 12, 2001, Plaintiff William Scovin underwent a medically necessary surgical procedure involving a bilateral hip replacement at the Danbury Hospital.

23. As a result of the medical treatment, therapy, and hospitalization, Plaintiff's medical bills and expenses exceeded $75,000.00.

24. In accordance with the procedures set forth in the Plan, the Plaintiff William Scovin before incurring the aforesaid medical care and hospitalization, sought expressed approval for his course of treatment.

25. Defendants Great West and One Health at all relevant times were authorized under the Plan and/or held themselves out to have the authority to pre-approve/pre-certify the subject medical treatments set forth herein and/or otherwise bind the Plan Administrator and Auerbach with respect to the payment of medical bills once pre-approved which were incurred by persons such as the Plaintiff.

26. As a result, prior to the aforesaid surgery and related medical treatment(s), the

Danbury Hospital, the other medical providers, and/or Plaintiff William Scovin received pre-approval / pre-certification for the treatments and surgery from the Defendants Great West and One Health.

27. Throughout the relevant time period the Defendants, their agents and representatives, repeatedly represented to and assured William Scovin that his medical benefits were continuing, that the Plan was in effect and that his procedures were approved and that his bills would be paid.

28. The Plaintiff relied upon the above representations and conduct of the Defendants, their agents and servants to his financial detriment.

29. In approximately September 2001, well after the completion of the surgery, Plaintiff learned from Danbury Hospital and other providers that his medical bills remained unpaid and/or outstanding.

30. Despite their preapproval of his course of treatment, Defendant Great West and One Health then refused to pay and/or otherwise retroactively denied the payment of said bills, and refused to cover the medical bills and costs incurred by Plaintiff William Scovin.

31. Similarly, William Scovin learned that Defendant Auerbach has not and/or has refused to cover the outstanding medical expenses incurred during the relevant time period(s) and upon information and belief, Plaintiff has learned that the Plan was on administrative hold during part of the relevant time period of his

treatment and subsequently the Plan terminated the group benefits.

32. Defendants Great West and One Health at all relevant times provided an insurance product and/or policy for the employees of Defendant Auerbach, including the Plaintiff William Scovin.

33. The Defendants, their agents, servants, or representatives, failed to timely and/or properly notify the Plaintiff of any financial or plan funding concerns, administrative holds, cancellations, terminations, or other similar issues regarding the Plan or Plaintiff's coverage thereunder and/or otherwise pre-approved his aforesaid medical care and treatment when they knew or should have known that it would be unreasonable to do and that such conduct would financially harm William Scovin and would violate their fiduciary obligations to him.

34. At this time, Plaintiff's medical expenses and bills remain outstanding and he has been placed into collections.

35. As a result of, among other things, the Defendants' delay, their acceptance of his monthly payments; their representations, pre-approvals and conduct; their failure to inform him of the status of his coverage or of the status of the Plan, and the Defendants' retroactive denial of available coverage, the Plaintiff incurred medical expenses and costs to his financial detriment and which he would not have otherwise incurred.

36. Additionally, the Defendants' failure to timely notify the William Scovin of any concerns or other problems with the Plan or its funding precluded him from timely obtaining alternative insurance coverage before undertaking the aforesaid medical treatment.

37. As a further result of the above, the Plaintiff has suffered mental anguish and emotional distress.

## V. FIRST CAUSE OF ACTION

### (Denial of Benefits by Defendants Great West and One Health Under the Plan)

38. Paragraphs 1-37 are repled as if fully set forth herein.

39. The Defendant Great West and Health One and the Plan have breached their contractual and fiduciary obligations by failing to pay Plaintiff's medical expenses and benefits to which he is entitled.

40. 29 U.S.C. §§1001 et seq. entitles Plaintiff to enforce his rights to benefits under the Plan.

## VI. SECOND CAUSE OF ACTION

### (Denial of Benefits by Defendant Auerbach Under the Plan)

41. Paragraphs 1-40 are repled as if fully set forth herein.

42. The Defendants Auerbach and the Plan have breached their contractual and fiduciary obligations under the Plan by failing to pay Plaintiff's medical expenses and benefits to which he is entitled.

43. 29 U.S.C. §§1001 et seq. entitles Plaintiff to enforce his rights to benefits under the Plan.

## VII. THIRD CAUSE OF ACTION

(Breach of Fiduciary Duty and Promissory Estoppel Against Great West and One Health)

44. Paragraphs 1-43 are replead as if fully set forth herein.

45. Plaintiff reasonably relied to his detriment on the Defendants' pre-approval of his treatment as well as the Defendants' omissions and representations set forth herein as well as the fact that he was covered under the Plan both before and after seeking medical treatment.

46. Defendants Great West and One Health had a duty to inform Plaintiff of the status of the Plan, that it was on administrative hold, and the conditions under which his coverage existed at the time and that it could end so that he could act accordingly.

47. By pre-approving his care and treatment, by failing to inform him that the Plan was on administrative hold, that it was not being funded, that it was otherwise at risk, or that his coverage could end or lapse under the circumstances, Mr. Scovin proceeded with medical treatment to his detriment and/or was deprived of the opportunity to apply for alternative medical benefits and/or seek replacement coverage.

48. In addition, Defendants' failure to provide plaintiff a copy of the Plan deprived plaintiff of his right to know the extent of his coverage and any rights or appeals relating thereto.

49. As a result, Plaintiff has suffered economic and consequential losses and should be estopped from denying coverage. .

## VIII. FOURTH CAUSE OF ACTION

### (Breach of Fiduciary Duty and Estoppel Against Auerbach and the Plan)

50. Paragraphs 1-49 are replead as if fully set forth herein.

51. Plaintiff reasonably relied to his detriment on the Defendants, their agents, servants, and representatives' pre-approval of his treatment and Defendants' omissions and representations that he was covered under the Plan before seeking medical treatment and after.

52. Defendants Auerbach and the Plan had a duty to inform Plaintiff of the status of the Plan and the conditions under which his coverage could end so that he could conduct his personal/medical affairs and act accordingly. By pre-approving his treatment, by failing to inform him that the Plan was on administrative hold, that it was not being funded, or that it was otherwise at risk, or that his coverage could end or lapse under the circumstances, Mr. Scovin proceeded with medical treatment to his detriment and/or was deprived of the opportunity to apply immediately for alternative medical benefits and/or seek replacement coverage.

53. In addition, Defendants' failure to provide plaintiff a copy of the Plan deprived plaintiff of his right to know the extent of his coverage and any rights or appeals relating thereto.

54. Should the other officer/defendants be in this count as well??

### IX.  FIFTH CAUSE OF ACTION

(Negligent Misrepresentation Against Great West and One Health Under State Law)

55. Paragraphs 1-54 are replead as if fully set forth herein.

56. At all relevant times, the Defendants, their agents and servants, knew or should have known that the Plaintiff was scheduled for non-emergency medical treatment and surgery.

57. At all relevant times, the Defendants, their agents or servants, had a duty to advise or otherwise inform William Scovin of the status of the Plan.

58. At all times relevant, the Defendants, and their agents, servants, and representatives, had a duty to disclose adverse information concerning the status of the Plan, including its financial status and if it was on administrative hold, whether it was being adequately funded, and/or similar concern, as well as the status of Plaintiffs' coverage thereunder to the Plaintiff.

59. At no time before William Scovin underwent the medical treatment and/or surgery as described herein did the Defendants, their agents or servants, orally or in writing advise him that the Plan was on administrative hold, or that

problems and/or concerns existed with the financial status of the Plan.

60. The Defendants, their agents or servants, omitted telling William Scovin that the Plan was on administrative hold, or that problems and/or concerns existed with the financial status of the Plan.

61. At all times relevant, the Defendants knew or should have known that William Scovin would rely upon their omissions and representations that he was pre-approved for the aforesaid treatments and that he was covered under the Plan.

62. The Defendants, their agents or representatives, preapproved medical treatment, failed to advise participants including William Scovin, and permitted the Plan to continue under the circumstances when they knew or should have known for some time that it had ceased or was not being properly funded by Auerbach and/or otherwise was in financial risk and would possibly be terminated.

63. The Defendants failed to disclose any information to the Plaintiff regarding his status or exposure under the Plan or that of the Plan itself under the circumstances, and pre-approved him despite their knowledge that the Plan was in financial jeopardy and/or that the Plaintiff was at risk of losing coverage.

64. As a result of their omissions, conduct, and/or representations, the Defendants are liable to the Plaintiff.

## X. **SIXTH CAUSE OF ACTION**

### (Negligent Management of the Plan Great West and One Health Under State Law)

65. Paragraphs 1-64 are repled as if fully set forth herein.

66. At all times relevant, the Defendants, their agents and servants, were required to exercise due care in connection with the handling of and the processing of claims, including William Scovin's, as well as with the management of the Plan.

67. The Defendants omissions and acts concerning the handling and processing of William Scovin's claim, and/or permitting the Plan to continue under the circumstances, constitutes mismanagement of the Plan.

### XI. SEVENTH CAUSE OF ACTION

### (Unfair and Deceptive Acts or Practices Against Great West and One Health Under State Law)

68. Paragraphs 1-67 are repled as if fully set forth herein.

69. The aforesaid conduct, representations, and/or actions of the Defendants constitute the engagement by the defendants of unlawful unfair methods of competition and/or deceptive acts or practices in the conduct of trade and commerce within the meaning of Connecticut's Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110b, *et seq*.

70. A copy of this complaint has been forwarded to the Attorney General of the

State of Connecticut and to the Commissioner of Consumer Protection.

71. As a result, the Defendants are liable to the Plaintiff William Scovin.

## XII. EIGHTH CAUSE OF ACTION

**(Common Law Deceit and Fraud Against Great West and One Health Under State Law**

72. Paragraphs 1-71 are replead as if fully set forth herein

73. The aforesaid conduct and unfair and deceptive trade practices were undertaken by Defendants Great West and One Health recklessly, deliberately, and/or willfully and mislead the Plaintiff into believing that his benefits under the Plan were intact and financially sound, that he was a covered person under the Plan, and that his medical bills would be paid.

74. Plaintiff had no reasonable way to determine that the Defendants were withholding information from him concerning the Plan and its viability, that it was on administrative hold, or any other information regarding his available medical benefits thereunder, or that he needed other medical insurance to cover his treatment and expenses.

75. By reason of the foregoing conduct, the Plaintiff has suffered damages and the Defendants are liable to the Plaintiff under the common law doctrine of fraud and deceit for the monetary damages sustained.

## XIII. NINTH CAUSE OF ACTION

**(Common Law Deceit and Fraud Against Hugh Regan)**

76. Paragraphs 1-75 are replead as if fully set forth herein.

77. The aforesaid conduct and unfair and deceptive trade practices were undertaken by Defendant Hugh Regan recklessly, deliberately, and/or willfully and mislead the Plaintiff William Scovin into believing that his benefits under the Plan were intact and financially sound, that he was a covered person under the Plan, and that his medical bills would be paid.

78. William Scovin had no reasonable way to determine that the Defendant was, upon information and belief, withholding his monthly COBRA premium and/or otherwise not funding the Plan properly, and would instead terminate the Plan.

79. By reason of the foregoing conduct the Plaintiff has suffered damages and the Defendants are liable to the Plaintiff under the common law doctrine of fraud and deceit for the monetary damages sustained.

### XIII. NINTH CAUSE OF ACTION

(Breach of Contract Against Hugh Regan)

80. Paragraphs 1-79 are replead as if fully set forth herein.

81. Defendant Regan had the obligation and duty of good faith and fair dealing with respect to the employment relationship with William Scovin and was obligated to comply with the terms of the Plan.

82. The aforesaid unfair and deceptive conduct was undertaken by Defendant

Regan in an effort to mislead the William Scovin into believing that his benefits under the Plan were intact and financially sound, that he was a covered person under the Plan, and that his medical bills would be paid.

83. As a result, the Defendant has breached his contractual obligations and violated the covenant of good faith and fair dealing.

### XIV. TENTH CAUSE OF ACTION

### (Common Law Deceit and Fraud Against Cohen and Drake and Yorke)

84. Paragraphs 1-83 are replead as if fully set forth herein.

85. The aforesaid conduct and unfair and deceptive trade practices and omissions were undertaken by Defendants Cohen, Drake, and Yorke negligently, recklessly, deliberately, and/or willfully and mislead William Scovin into believing that his benefits under the Plan were intact and financially sound, that he was a covered person under the Plan, and that his medical bills would be paid.

86. William Scovin had no reasonable way to determine that the Defendants, their agents and servants, were, upon information and belief, withholding his monthly COBRA premium and/or otherwise not funding the Plan properly, and that the Plan would instead be terminated.

87. The Defendants had a duty to advise the Plaintiff of the financial status of the

    Plan at that it was not being adequately funded so that he could conduct his personal/medical affairs accordingly yet carelessly or recklessly and deliberately failed to do so.

88. By reason of the foregoing conduct the Plaintiff has suffered damages and the Defendants are liable to the Plaintiff under the common law doctrine of fraud and deceit for the monetary damages sustained.

## XV. ELEVENTH CAUSE OF ACTION

### (Infliction of Emotional Distress Against All Defendants)

89. Paragraphs 1-88 are replead as if fully set forth herein.

90. As a result of the Defendants' negligent, reckless, and intentional representations and omissions, William Scovin's financial status and that of his family has been severely compromised.

91. As a further result, William Scovin has experienced mental anguish and distress as a result of the Defendants' acts and omissions as set forth herein.

## CLAIM FOR RELIEF

WHEREFORE, Plaintiff requests that this Court :

92. Assume Jurisdiction over this matter,

93. Enjoin the Defendants from denying Plaintiff's claims,

94. Award Plaintiff the medical expenses and coverage owed him under the Plan, plus

prejudgment interest, and any other remedies available under ERISA,

95. Award Plaintiff Attorneys fees and Costs,

94. Award Monetary and Punitive Damages,

96. Order such other legal or equitable relief to which the Plaintiff may be entitled.

THE PLAINTIFF,

By _____

Kevin M. Greco (ct 13195)
Peter M. Nolin (ct 06223)
**Sandak Hennessey & Greco LLP**
970 Summer Street
Stamford, Ct 06905
(203) 425-4200
FAX (203) 325-8608
Juris No.: 401577