IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| WILLIAM SCOVIN<br><br>Plaintiff,<br><br>v.<br><br>GREAT-WEST LIFE & ANNUITY INS. CO., ONE HEATH PLAN, INC., AUERBACH, POLLAK & RICHARDSON, INC., HUGH REGAN, LEWIS COHEN, ROBERT DRAKE and A. JONES YORKE,<br><br>Defendants. | CIVIL ACTION NO.: 02CV01161(AWT)<br><br><br><br><br><br><br><br><br><br><br><br>JUNE 21, 2005 |

**DEFENDANTS HUGH REGAN, LEWIS COHEN AND A. JONES YORKE'S
MEMORANDUM OF LAW IN SUPPORT OF THEIR
MOTION FOR JUDGMENT ON THE PLEADINGS**

Defendants Hugh Regan ("Regan"), Lewis Cohen ("Cohen") and A. Jones Yorke ("Yorke") (collectively, the "Individual Defendants") respectfully submit this Memorandum of Law in Support of their Motion for Judgment on the Pleadings with respect to the causes of action asserted against each of them by Plaintiff William Scovin ("Scovin").

**PRELIMINARY STATEMENT**

Scovin commenced this action against numerous parties, including the Individual Defendants, in what is essentially an effort to require Defendants Great-West Life & Annuity Ins. Co. ("Great West") and One Health Plan, Inc. ("One Health") (collectively the "Insurer Defendants") to pay certain medical expenses he incurred after the Insurer Defendants pre-certified him for certain medical procedures. The gravamen of the claims against the Individual Defendants is that they somehow defrauded Scovin into believing that

his medical bills would be covered when in fact they would not be. The complaint wholly lacks any factual basis to support this supposed fraud and fails to allege the who, what, when and where that are the hallmarks of a properly plead fraud claim.

Scovin fails to allege any specific statements, let alone any false statements, attributable to any of the Individual Defendants regarding the status of the health insurance plan at issue and/or whether his particular medical procedure would be covered by insurance. Scovin may have received pre-certification from the Insurer Defendants for his medical procedure and he may have relied on that pre-certification. Those facts do not, however, support fraud claims against the Individual Defendants. Indeed, the complaint is devoid of any facts supporting the alleged fraud claims against the Individual Defendants.

Scovin also alleges claims for breach of contract (against Regan only) and for infliction of emotional distress. Scovin's breach of contract claim against Regan fails as a matter of law because Scovin does not allege that he was in privity of contract with Regan. There simply was no contractual relationship between Regan and Scovin.

Scovin's claim for infliction of emotional distress also fails as a matter of law. Scovin has failed to allege what outrageous conduct the Individual Defendants engaged in and has also failed to allege that the Individual Defendants caused his alleged emotional distress. Indeed, if Scovin did in fact suffer emotional distress, it was as a result of the Insurer Defendants pre-certifying his medical procedure and their after-the-fact denial of payment for the very procedure that was pre-approved. Scovin's claims against the Individual Defendants

(the Ninth through Twelfth causes of action) fail to state any claim upon which relief may be granted; the Individual Defendants are entitled to judgment on the pleadings.[1]

### STATEMENT OF FACTS[2]

Scovin is a former employee of defendant Auerbach, Pollak and Richardson, Inc. ("Auerbach") (Complaint ¶¶11, 18). Regan was the Chairman/President and CEO of Auerbach, Cohen was the controller of Auerbach and Yorke was the vice chairman of Auerbach and a member of its Board of Directors. (Id. ¶6-7, 9). During his tenure as an Auerbach employee, Scovin received certain benefits, including health insurance. (Complaint ¶11). Scovin left the employ of Auerbach in January 2001 and decided to maintain his health insurance coverage pursuant to COBRA. (Id. ¶¶18, 20). Sometime in the spring or early summer of 2001, Scovin learned that he needed to undergo bilateral hip replacement surgery (the "Procedure"). (Id. ¶¶22, 26). The Procedure was performed on July 12, 2001. (Id. ¶22).

The health insurance plan at issue was administered by the Insurer Defendants (Complaint ¶16). Prior to undergoing the Procedure, Scovin, his medical providers and/or personnel from the hospital where the Procedure was performed obtained pre-certification for the Procedure from the Insurer Defendants. (Id. ¶26). After the Procedure was performed, Scovin learned that despite the pre-certification, the Insurer Defendants were refusing to cover

---

[1] The Complaint contains two causes of action titled "Ninth Cause of Action." For purposes of this motion, the second "Ninth Cause of Action" (Breach of Contract against Regan) is treated as the Tenth Cause of Action and the Tenth and Eleventh Causes of Action are treated as the Eleventh and Twelfth Causes of Action respectively.

[2] The Statement of Facts is taken, as it must be on a motion for judgment on the pleadings, from the Complaint. Any reference to the claims of the Complaint is not to be construed as an admission by the Individual Defendants of the truth of any of the allegations contained therein.

the costs of the Procedure. (Id. ¶30). As a result of the non-payment of his medical expenses, Scovin suffered emotional distress. (Id. ¶37).

## ARGUMENT

### I.
### A POST-ANSWER MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM MAY BE RAISED IN A MOTION FOR JUDGMENT ON THE PLEADINGS

**A.   The Standard Applied in Determining a Motion Under Rule 12(b)(6) Also Applies to Motions For Judgment on the Pleadings**

Federal Rule of Civil Procedure 12(c) provides, in relevant part:

> After the pleadings are closed but within such time as to not delay the trial, any party may move for judgment on the pleadings.[3]

It is settled in this Circuit that the defense of failure to state a claim upon which relief can be granted, which is not waivable, may be asserted in a Rule 12(c) motion:

> We now accept the overwhelming weight of authority that a motion to dismiss for failure to state a claim . . . that is styled as arising under Rule 12(b) but is filed after the close of pleadings, should be construed by the district court as a motion for judgment on the pleadings under Rule 12(c).

Patel v. Contemporary Classics of Beverly Hills, 259 F.3d 123, 126 (2d Cir. 2001). "[T]he standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that of a Rule 12(b)(6) motion for failure to state a claim." Id. See also Doe v. City of Bridgeport, 2005 WL 1377912 (D. Conn. June 1, 2005). Thus, for purposes of this motion, the Court must accept as true all factual allegations in Scovin's complaint and all reasonable inferences that may be drawn therefrom. Id. Bald assertions and conclusions of law are insufficient to

---

[3] Pursuant to the most recent scheduling order, discovery is to be completed by August 31, 2005 and no trial date has been set. Thus, the Individual Defendants' Motion for Judgment on the Pleadings will not delay the trial.

defeat the Individual Defendants' motion.  Sony Elec., Inc. v. Soundview Tech., Inc., 157 F. Supp. 2d 190 (D. Conn. 2001) citing Cooper v. Parsky, 140 F.3d 433, 440 (2d Cir. 1998). Dismissal is warranted if, under any set of facts that Scovin can prove consistent with his allegations, it is clear that no relief can be granted.  Patel, 259 F.3d at 126.

## II.
## A FRAUD CAUSE OF ACTION IS SUBJECT TO DISMISSAL UNDER RULE 12(c) IF IT IS NOT PLEAD WITH THE REQUISITE PARTICULARITY

### A. Scovin's Complaint Fails to Plead Fraud With The Requisite Particularity

A complaint should be dismissed for failure to state a cause of action if it fails to comply with the heightened pleading requirements of Fed.R.Civ.P. 9(b).  Patel, 259 F.3d 125, n.4 (construing dismissal of complaint pursuant to Rule 9(b) as a dismissal for failure to state a cause of action and affirming dismissal).  See also Diversified Constr. of WNY, Inc. v. Sheds USA, Inc., 2005 WL 1263151 (W.D.N.Y., May 26, 2005) citing Mills v. Polar Molecular Corp., 12 F.3d 1170, 1174 (2d Cir. 1993) (the standard for deciding a motion to dismiss a complaint for failure to plead fraud with the requisite particularity is the same as the standard utilized in deciding motions under Rules 12(b)(6) and 12(c)).  Rule 9(b) requires all averments of fraud to be pled with particularity: "a complaint must allege with particularity the statements alleged to be fraudulent, who the speaker was, where and when the statements were made, and why the statements are claimed to be fraudulent."  Lawrence v. The Richmond Group of Connecticut, LLC., 2004 WL 2377140, at *4 (D. Conn. Sept. 30, 2004).

In Diversified Constr., the plaintiff brought claims against Sheds USA, Inc. and the Home Depot alleging various causes of action including fraud.  2005 WL 1263151, at *1.  The court granted the defendants' motion for judgment on the pleadings and dismissed

the fraud claim because the plaintiff had failed to plead the fraud claim with the requisite particularity required by Rule 9(b):

> Diversified's fraud claims against Defendants will be dismissed for failure to plead them with the requisite particularity required by FRCP 9(b) . . . Indeed, the Complaint failed to allege, *inter alia*, the identity of the person who made the alleged statements and the Complaint improperly employed "group pleading" by attributing the alleged statements to the "defendants" without indicating whom at Home Depot and/or Sheds made the alleged statements. Moreover, the Complaint failed to allege where or when the alleged statements were made. Accordingly Diversified's fraud claims will be dismissed without prejudice.

Id., at *2. Scovin's complaint is even more infirm than the complaint dismissed in Diversified Constr. and should also be dismissed.

Scovin's complaint does not allege a single false representation made to him by Regan, Cohen or Yorke. Significantly, Scovin does not even allege that he had ***any*** discussions or other communications with Regan, Cohen or Yorke regarding his health insurance coverage, the Procedure and/or whether medical bills resulting from the Procedure would be paid. There is no interpretation of his Complaint that would allow a reasonable inference of fraud.

**B.   Scovin's Clumping of Defendants Fails to Satisfy the Requirements of Rule 9(b) and Scovin Cannot Utilize Group Pleading to Save His Fraud Claim**

Like the plaintiff in Diversified Constr., Scovin attempts to skirt the particularity requirements of Rule 9(b) by lumping all of the named defendants together:

> Throughout the relevant time period, the Defendants, their agents and representatives, repeatedly represented to and assured William Scovin that his medical benefits were continuing, that the Plan was in effect, and that his

-6-

>procedures were approved and that his bills would be paid.

(Complaint ¶27). This clumping of defendants is insufficient to satisfy the particularity requirements of Rule 9(b). See Dresner v. Utility.com, Inc., -- F.Supp.2d --, 2005 WL 1185636, at *13 (S.D.N.Y., May 18, 2005) (noting that a number of courts have held that the indiscriminate clumping of defendants does not adhere to the particularity requirements of Rule 9(b)) (citing cases).

Scovin cannot rely on the group pleading doctrine to save his deficient fraud claims. That doctrine is generally applicable to securities fraud cases, where the cause of action arises from a misrepresentation or omission in a group-published document. Dresner, 2005 WL 1185636, at *13. The group pleading doctrine creates a presumption that any misleading statements in the document at issue "are the collective work of those individuals with direct involvement in the everyday business of the Company." Id. (citations omitted). The group pleading doctrine is very narrow in scope and only applies to "group-published documents such as SEC filings and press releases." Schnall v. Annuity and Life Re (Holdings), Ltd., 2004 WL 515150, at *4 (D. Conn. March 9, 2004) (citations omitted).

Scovin's fraud claims against the Individual Defendants are not premised upon a misleading statement in a group-published document. As such, Scovin cannot rely on the group-pleading doctrine and is instead required to plead his fraud claim with a particularity that identifies, *inter alia*, what particular misrepresentations were made by Regan, what particular misrepresentations were made by Cohen and what particular misrepresentations were made by Yorke. Scovin's complaint simply fails to do so.

    **C.**    **Even If Rule 9(b) were Inapplicable,
<u>Scovin's Fraud Claims Fail as a Matter Of Law</u>**

To state a claim for fraud under Connecticut law, Scovin must allege that: 1) the Individual Defendants made a false representation to him as a statement of fact; 2) the representation was untrue and known to be untrue by the Individual Defendants; 3) the representation was made to induce Scovin to act upon it; and 4) Scovin did act upon it to his injury. <u>Leonard v. Commissioner of Revenue Serv.'s</u>, 264 Conn. 286, 296, 823 A.2d 1184, 1191 (2003). Scovin has failed to plead sufficient facts to support these elements. Indeed, as discussed above, Scovin has failed to allege that any of the Individual Defendants made any statements to him regarding the status of the health insurance plan at issue, let alone any knowingly false statement made with the intent of inducing him to act. Scovin's complaint falls woefully short of stating a fraud claim against the Individual Defendants; accordingly, they are entitled to judgment on the pleadings with respect to the Ninth and Eleventh Causes of Action.

**III.
SCOVIN HAS FAILED TO ALLEGE THE
<u>MOST IMPORTANT ELEMENT OF A BREACH OF CONTRACT CLAIM</u>**

It is axiomatic that a breach of contract claim cannot lie in the absence of a contract and that the provisions of a contract purportedly giving rise to the breach of contract claim must be pled. <u>Diversified Const. of WNY, Inc.</u>, 2005 WL 1263151, at *1. Scovin purports to assert a breach of contract claim against Regan but fails to allege the existence of any contractual relationship between them. The absence of the allegation of a contractual relationship is fatal to Scovin's breach of contract claim. Regan is entitled to judgment on the Tenth Cause of Action.

## IV.
## SCOVIN'S INFLICTION OF EMOTIONAL
## DISTRESS CLAIM FAILS AS A MATTER OF LAW

**A.    Scovin Has Failed To Allege That
The Individual Defendants Conduct Was Extreme And Outrageous**

In the Twelfth Cause of Action, Scovin purports to assert a cause of action for infliction of emotional distress. To state a cause of action for intentional infliction of emotional distress, Scovin must allege that: 1) the Individual Defendants intended to inflict emotional distress or knew or should have known that emotional distress was the likely result of their conduct; 2) the Individual Defendants' conduct was extreme and outrageous; 3) the Individual Defendants' conduct was the cause of Scovin's distress; and 4) the emotional distress sustained by Scovin was severe. Carrol v. Allstate Ins. Co., 262 Conn. 433, 443, 815 A.2d 119, 126 (2003). In order for conduct to be deemed extreme and outrageous it must be so atrocious that it exceeds "all bounds usually tolerated by decent society." Appleton v. Board of Educ. of Town of Stonington, 254 Conn. 205, 210, 757 A.2d 1059, 1062 (2000) (citations omitted); Carol at 443, 815 A.2d at 126 ("Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.") (citations omitted). In Appleton, the Connecticut Supreme Court held that allegations by a teacher that the defendants: (1) subjected her to condescending comments in front of her colleagues; (2) subjected her to two psychiatric examinations; (3) told her daughter that she was acting differently and should take some time off; (4) had the police escort her out of the school; and (5) suspended her employment and ultimately forced her to

-9-

resign were not sufficient to state a cause of action for intentional infliction of emotional distress.  254 Conn. at 211, 757 A.2d at 1063.

Like his other claims against the Individual Defendants, Scovin's infliction of emotional distress claim lacks sufficient facts, or any facts for that matter, to state a cause of action.  Scovin again attempts to utilize group pleading principles to allege that all of the defendants failed to inform him that there could be a problem with his health insurance.  (Complaint ¶33).  This, by itself, certainly does not rise to the level of outrageous conduct required to sustain a cause of action for infliction of emotional distress.  Moreover, and significantly, Scovin does not allege that any Individual Defendant was aware that any potential problems existed with his health insurance or even that any Individual Defendant was aware that he was to undergo the Procedure.  There is simply no allegation that the Individual Defendants engaged in any extreme or outrageous behavior.  The allegations against the Individual Defendants in Scovin's Complaint would certainly not arouse resentment in an average member of the community "and lead him to exclaim, Outrageous!"  Carol, 262 Conn. at 443, 815 A.2d at 126 (citations omitted).

B.    **Scovin Has Failed to Plead Causation**

Even if the allegations were sufficient to demonstrate that the Individual Defendants had engaged in some extreme or outrageous behavior, Scovin's cause of action for infliction of emotional distress fails as a matter of law because he has failed to plead that the Individual Defendants were the cause of his alleged emotional distress.  In fact, Scovin specifically alleges that the Insurer Defendants were charged with administering the health insurance plan at issue (Complaint ¶16) and that they pre-certified the Procedure.  (Complaint

¶26). In light of these facts, it is implausible to infer that Scovin's purported emotional distress, which allegedly resulted from the non-payment of his medical bills, was caused by anyone other than the Insurer Defendants. Thus, Scovin's infliction of emotional distress claim against the Individual Defendants also fails for lack of causation. The Individual Defendants are entitled to judgment on the pleadings with respect to the Twelfth Cause of Action.

## CONCLUSION

For all the foregoing reasons, the Individual Defendants are entitled to Judgment on the Pleadings on the Ninth, Tenth, Eleventh and Twelfth Causes of Action.

>THE DEFENDANTS
>LEWIS COHEN, HUGH REGAN AND
>A. JONES YORKE
>
>By:_____
>James M. Moriarty (ct 21876)
>Kelley Drye & Warren LLP
>   Their Attorneys
>Two Stamford Plaza
>281 Tresser Boulevard
>Stamford, Connecticut 06901-3229
>Telephone:  (203) 324-1400
>Facsimile:  (203) 327-2669
>E-mail:  jmoriarty@kelleydrye.com
>
>and
>
>Richard G. Cushing (ct 15997)
>Cushing Law Firm, P.C.
>420 East 54th Street
>New York, New York 10022
>Telephone: (212) 371-8880
>Facsimile:  (212) 704-6288
>E-mail:  richard.cushing@trautman.com.

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing was served via first-class mail, postage prepaid, this 21st day of June, 2005 on all counsel of record as follows:

>Christopher G. Barnes, Esq.
>Jeffrey L. Williams, Esq.
>Jorden Burt
>175 Powder Forest Drive,
>Suite 201
>Simsbury, Connecticut  06089
>(860) 392-5018
>(860) 392-5058 (facsimile)
>***Attorneys for Great West Life & Annuity Insurance. Co.
> and One Health Plan, Inc.***
>
>Kevin M. Greco, Esq.
>Stephanie A. McLaughlin, Esq.
>Peter M. Nolin, Esq.
>Sandak Hennessey & Greco
>707 Summer Street
>Stamford, Connecticut  06901
>(203) 425-4200
>(203) 325-8608 (facsimile)
>***Attorneys for William Scovin***

>>_____
>>James M. Moriarty

CT01/MORIJA/215213.1