UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| WILLIAM SCOVIN | ) |
| | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION NO. |
| v. | ) 3:02CV01161(AWT) |
| | ) |
| GREAT-WEST LIFE & ANNUITY INS. CO., | ) |
| ONE HEALTH PLAN, INC., AUERBACH, POLLAK | ) |
| & RICHARDSON, INC., HUGH REGAN, | ) |
| LEWIS COHEN, ROBERT DRAKE, A. JONES | ) |
| YORKE | ) |
| Defendants. | ) |
| | ) July 5, 2005 |

MOTION TO COMPEL

The plaintiff, William Scovin, pursuant to the Federal Rules, moves the Court to

compel the Defendants Hugh Regan, Lewis Cohen, and A. Jones Yorke to produce

documents and records at their depositions. In support of this motion, the undersigned

represents as follows:

ORAL ARGUMENT NOT REQUESTED

1.      The Plaintiff has noticed and re-noticed the depositions of the individual

Defendants on several occasions.  These individual defendants are officers of the Defendant

Auerbach, namely, the President, Director, and Comptroller.

2.      The most recent re-notice of deposition was dated June 10, 2005, a copy of

which is attached hereto as Exhibit A.

3.      Said notice set the deposition dates of the Defendants for June 29, 2005 and

June 30, 2005 and contained a production request for documents pertaining to Auerbach, the

Defendant company, and its officers.

4.      By way of background, the Defendants to date have not produced **any**

documents in response to the Plaintiff's requests from 2003.

5.      On June 29, 2005, the deposition of Defendant Drake went forward but

Defendant Regan's deposition was postponed because the Defendant was unavailable.

6.      Prior to June 29, 2005, no objections to the Plaintiff's deposition notices or

production requests were filed by the Defendants.

7.      The Deposition of Defendant Cohen, the Comptroller, was scheduled to

proceed at 1:00 p.m. on June 30, 2005.

8.      Shortly before the deposition was to begin on June 30th, some 20 days after the

notice was sent, and after Co-Defendant Regan's deposition should have gone forward,

Plaintiff's counsel received a faxed objection in letter form from defense counsel which

objected to the production of any and all documents requested in the deposition notice.  The

grounds were that the requested Auerbach information was irrelevant, over broad, and

protected by privilege. In addition, defendants objected to the production of the officers'

financial information on the grounds that such request was "solely designed to harass and

annoy" the defendants and was irrelevant.

9.    As a result, the deposition of Cohen on June 30, 2005 did not proceed.

10.    The undersigned counsel has spoken to defense counsel and the objections

could not be resolved. (See attached affidavit).

11.    In particular, the requested company documents and production requests are

not privileged and despite the defendants' suggestions to the contrary, they are germane to the

case. Clearly, Auerbach's financial records and documents relating to the employees'

benefits are relevant and not privileged. Additionally, the wage and financial information of

the defendant Auerbach's officers is relevant because this case involves, among other things,

the under funding of a company and non payment of its employee obligations under an

ERISA medical plan. The non payment of Plaintiff's medical premiums and benefits, and

those of former employees under COBRA, was a consequence of financial decisions which

the Defendant officers made, arguably, one of which was to pay themselves. Auerbach's

financial ability and its officers' fiduciary obligations under ERISA to fund the plan are basic

parts of this case as were their obligations to notify the members of the Plan. Moreover,

documents produced in this case from co-defendant Great West show that the company, and

thus its officers, were on notice of the non payment of funds, insufficent funds, and stoppage

of coverage under the medical plan before the company ceased doing business.  That being so, the financial information and income received from Auerbach during the time period in question through the end of 2001 is very relevant to the case.

12.    In fact, Plaintiff's counsel is willing to limit the financial information request to the applicable time period as the defendant Auerbach officers' financial information beyond that and unrelated to Auerbach is not being sought.  Obviously, the Plaintiff does not seek information protected by the attorney/client privilege and a privilege log listing the withheld documents, if any, is appropriate.

WHEREFORE, the Plaintiff prays that this motion to compel be granted.

THE PLAINTIFF,
William Scovin


By_____/S/_____
    Kevin M. Greco (ct13195)
    Peter M. Nolin (ct06223)
    **SANDAK HENNESSEY & GRECO LLP**
    707 Summer Street
    Stamford, CT  06901
    Telephone (203) 425-4200
    Facsimile (203) 325-8608
    kgreco@sghlaw.com
    pnolin@shglaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was mailed, postage prepaid to the following counsel and pro se parties on this 5th day of July, 2005.

Christopher G. Barnes, Esq.
Jeffrey L. Williams, Esq.
Jorden Burt
175 Powder Forest Drive, Suite 201
Simsbury, CT  06089

James M. Moriarty, Esq.
Mark S. Gregory, Esq.
Tracy Ellis Williams, Esq.
Kelley Drye & Warren LLP
Two Stamford Plaza
281 Tresser Boulevard
Stamford, CT  06901

Robert G. Cushing, Esq.
Cushing Law Firm
420 East 54th Street
New York, NY  10178

Robert Drake
558 Lime Rock Road
Lakeville, CT  06039

/s/
_____
Kevin M. Greco

EXHIBIT A

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| WILLIAM SCOVIN<br>            Plaintiff,<br><br>v.<br><br>GREAT-WEST LIFE & ANNUITY INS. CO.,<br>ONE HEALTH PLAN, INC., AUERBACH,<br>POLLAK & RICHARDSON, INC., HUGH REGAN,<br>LEWIS COHEN, ROBERT DRAKE, and<br>A. JONES YORKE<br>            Defendants. | )<br>)<br>)<br>) CIVIL ACTION NO.<br>) 3:02CV01161(AWT)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) JUNE 10, 2005 |

### NOTICE OF DEPOSITIONS

The Plaintiff hereby notices the depositions set forth below on the dates and at the times and at the places specified below.  These depositions will be recorded by stenographic means, will proceed before an authorized officer, and will proceed from day to day until completed. You are invited to attend and cross-examine.

### SCHEDULE OF DEPOSITIONS

1.      Defendant Hugh Regan on June 29, 2005 at 10:00 a.m. to be held at the offices of Sandak Hennessey & Greco LLP, 707 Summer Street, Stamford, CT  06901.

2.      Defendant Robert Drake on June 29, 2005 at 1:00 p.m. to be held at the offices of Sandak Hennessey & Greco LLP, 707 Summer Street, Stamford, CT  06901.

3.      Defendant A. Jones Yorke on June 30, 2005 at 10:00 a.m. to be held at the offices of Sandak Hennessey & Greco LLP, 707 Summer Street, Stamford, CT  06901.

4.      Defendant Lewis Cohen on June 30, 2005 at 1:00 p.m. to be held at the offices of Sandak Hennessey & Greco LLP, 707 Summer Street, Stamford, CT 06901.

Pursuant to Fed. R. Civ. P. 30 and 34, each deponent is requested to produce at the time of said depositions, the following:

1.      The witness' entire file relating to this litigation;

2.      All documents relied upon by the witness in developing any opinions the witness intends to testify to in this litigation;

3.      All drafts of any documents relating to this litigation;

4.      All documents and/or communications between the witness, the Defendant(s) and any party to this litigation;

5.      Any and all manuals, procedures, protocols, or documents outlining the administration and handling of claims in the Auerbach health care plan from January 1, 2000 to date;

6.      All documents reflecting all payments the witness has received from Auerbach, Pollak & Richardson, Inc. ("Auerbach") from 1999 to date;

7.      Personal tax returns from 1999 to date;

8.      All communication to or from Auerbach from 1999 to date;

9.      All documents reflecting any ownership share the deponent has or had in Auerbach from 1999 to date;

10.     All documents relating to any health care plan provided to Auerbach employees from 1999 to date;

11.    All documents listing officers, directors and shareholders of Auerbach from January 1, 2000 to date;

12.    All documents the defendants intend to rely upon in defense of this matter;

13.    All Minutes of Auerbach Board of Directors Meetings from 1999 to date;

14.    All financial records of Auerbach's health care plan for its employees from 1999 to date;

15.    All documents related to any COBRA payments Auerbach received from William Scovin; and

16.    Any resignation documents the deponent has provided to Auerbach.

THE PLAINTIFF,

BY: _____/S/_____

Kevin M. Greco (ct 13195)
Peter M. Nolin (ct 06223)
Sandak Hennessey & Greco LLP
707 Summer Street
Stamford, Ct 06901
(203) 425-4200
(203) 325-8608 (fax)

## CERTIFICATION

This is to certify that a copy of the foregoing was sent via first class mail, postage prepaid, this 10th day of June, 2005, to the following:


James M. Moriarty, Esq.
Mark S. Gregory, Esq.
Tracy Ellis Williams, Esq.
Kelley Drye & Warren LLP
Two Stamford Plaza
281 Tresser Boulevard
Stamford, CT  06901

Robert G. Cushing, Esq. *Pro Hac Vice*
Cushing Law Firm
420 East 54th Street
New York, NY  10178

Robert Drake
558 Lime Rock Road
Lakeville, CT  06039

Christopher G. Barnes, Esq.
Jeffrey L. Williams, Esq.
Jorden Burt, LLP
175 Powder Forest Drive, Suite 201
Simsbury, CT  06089

_____/s/_____
Peter M. Nolin

EXHIBIT B

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| WILLIAM SCOVIN )<br><br>)<br><br>Plaintiff, )<br><br>)<br>v. )<br><br>)<br>GREAT-WEST LIFE & ANNUITY INS. CO., )<br>ONE HEALTH PLAN, INC., AUERBACH, POLLAK )<br>& RICHARDSON, INC., HUGH REGAN, )<br>LEWIS COHEN, ROBERT DRAKE, A. JONES )<br>YORK )<br>Defendants. )<br>) | CIVIL ACTION NO.<br>3:02CV01161(AWT)<br><br><br><br>July 5, 2005 |

### AFFIDAVIT

1.      My name is Kevin Greco, I am over the age of 18 and believe in the obligations of an oath.

2.      I am familiar with the facts of the above captioned matter.

3.      On June 30, 2005, I conferred with Attorney Mark S. Gregory of Kelly Drye & Warren, LLP concerning his objections to the Plaintiff's production set forth in the Deposition notices of the individual defendants.

4.      At said time, we were unable to resolve the objections despite our good faith attempts.

5.    I make this Affidavit in compliance with Rule 37(2)(A) and Local Rule 37.

6.    This affidavit is offered in support of Plaintiff's Motion to Compel dated July

5, 2005.

By_____/s/_____

Kevin M. Greco (ct13195)
**SANDAK HENNESSEY & GRECO LLP**
707 Summer Street
Stamford, CT 06901
Telephone (203) 425-4200
Facsimile (203) 325-8608

Subscribed to and sworn before me,
this 5th day of July, 2005.

_____/s/_____
Patricia R. Faubel
Notary Public
My Commission Expires: 9/30/06
~~Commissioner of the Superior Court~~