UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| WILLIAM SCOVIN | ) | |
| | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION NO.** |
| v. | ) | **3:02CV01161(AWT)** |
| | ) | |
| GREAT-WEST LIFE & ANNUITY INS. CO., | ) | |
| ONE HEALTH PLAN, INC., AUERBACH, POLLAK | ) | |
| & RICHARDSON, INC., HUGH REGAN, | ) | |
| LEWIS COHEN, ROBERT DRAKE, A. JONES | ) | |
| YORKE | ) | |
| **Defendants.** | ) | |
| | ) | OCTOBER 17, 2005 |

MOTION FOR EXTENSION OF TIME TO RESPOND TO
DEFENDANTS REGAN, COHEN & YORKE'S
MOTION FOR JUDGMENT ON THE PLEADINGS

The plaintiff, William Scovin, pursuant to Federal Rule of Civil Procedure 7(b)(1)(b),

respectfully moves for a 16 day extension of time until November 4, 2005 to respond to

Defendants Regan, Cohen & Yorke's Memorandum of Law in Support of their Motion for

Judgment on the Pleadings.

**ORAL ARGUMENT NOT REQUESTED**

In support of this motion, the undersigned represents:

     1. As previously noted, discussions occurred between counsel and the Court regarding the claims set forth in Plaintiff's complaint, amending the Plaintiff's complaint, and the discovery needed in connection therewith.

     2. Rather than creating multiple and unnecessary filings and motion practice, Plaintiff's counsel stated and it was agreed that an amended complaint would be filed upon the completion of the depositions and discovery, and the production of documents, etc. by the Defendants.

     3. Within the last week, the deposition of the Plaintiff and the remaining named defendants were completed and Defendants' produced some additional limited documents.

     4. In addition, the Honorable Judge Donna F. Martinez in response to Plaintiff's Motion to Compel dated July 5, 2005, recently ordered the Defendants to produce a variety of documents relating to this matter which the Defendants had objected to. ( Attached hereto as Exhibit A).

     5. At this time and based upon counsel's representations, Defendants are attempting to respond to the Court's ruling on Plaintiff's Motion to Compel by producing documents and/or affidavits detailing precisely what attempts were made to obtain the requested information.

     6. Based on information and belief, only one deposition of a Colorado based witness remains outstanding and counsel have agreed to conduct it by telephone.

7.  Plaintiff anticipates that the requested time is a sufficient amount during which Plaintiff should receive the remaining discovery from the Defendants and then file Plaintiff's Amended Complaint and Respond to the Defendant's Motion for Judgment.

8.  Plaintiff's counsel has inquired of counsel James Moriarty for the Auerbach Defendants who indicated that he had no objection to Plaintiff's instant motion for additional time to respond to the Defendants' Motion for Judgment on the Pleadings.

9.  Christopher G. Barnes, counsel for the co defendant Great-West Life & Annuity Insurance Co., also has no objection to the granting of this motion.

10.  This is the Plaintiff's second request for an extension of time to respond.

WHEREFORE, based on the above, the Plaintiff requests that this request for an extension of time be granted until November 4, 2005.

THE PLAINTIFF, William Scovin

By_____/ s /_____
     Kevin M. Greco (ct13195)
     Peter M. Nolin (ct06223)
     **SANDAK HENNESSEY & GRECO LLP**
     707 Summer Street
     Stamford, CT  06901
     Telephone (203) 425-4200
     Facsimile (203) 325-8608
     kgreco@sghlaw.com
     pnolin@shglaw.com

3

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was mailed, postage prepaid to the following counsel and pro se parties on October 17, 2005:

Christopher G. Barnes, Esq.
Jeffrey L. Williams, Esq.
Jorden Burt
175 Powder Forest Drive, Suite 201
Simsbury, CT  06089

James M. Moriarty, Esq.
Mark S. Gregory, Esq.
Tracy Ellis Williams, Esq.
Kelley Drye & Warren LLP
Two Stamford Plaza
281 Tresser Boulevard
Stamford, CT  06901

Robert G. Cushing, Esq.
Cushing Law Firm
420 East 54th Street
New York, NY  10178

Robert Drake
558 Lime Rock Road
Lakeville, CT  06039

_____/ s /_____
Kevin M. Greco

4

**Exhibit A**

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

WILLIAM SCOVIN,                          :
                                         :
        Plaintiff,                       :
                                         :
        v.                               :        CASE NO. 3:02CV1161 (AWT)
                                         :
GREAT WEST LIFE & ANNUITY                :
INS. CO,  et al.,                        :
                                         :
        Defendants.                      :

RULING ON MOTION TO COMPEL

Pending before the court is the plaintiff's Motion to Compel
(doc. #135).  After hearing oral argument on September 13, 2005,
the court grants in part and denies in part the motion as follows:

Request for Production Nos. 1-3:  Granted with the exception
of written communications between the defendants Regan, Cohen and
A. Jones Yorke and their trial counsel after the commencement of
this action, which documents are not sought by the plaintiff.  All
other documents responsive to these requests shall be produced.

Request for Production No. 4: Granted to the extent there
exist any documents and/or communications among the defendants
concerning the subject matter of this litigation.

Request for Production No. 5: Granted.

Request for Production No. 6: Granted as modified by
plaintiff's counsel in open court.  During oral argument
plaintiff's counsel limited the request to exclude documents
reflecting payments from Auerbach, Pollack & Richardson, Inc.

during 1999.

Request for Production No. 7: Granted in part. Defendants Regan, Cohen and A. Jones Yorke shall produce personal tax returns for the fiscal years ending 2000 and 2001. Generally, "tax returns and other information regarding income are discoverable if relevant to the issues in a lawsuit." Yancey v. Hooten, 180 F.R.D. 203, 215 (D. Conn. 1998) (quoting Scott v. Arex, 124 F.R.D. 39, 41 (D. Conn. 1989) (other citations omitted)). However, the defendants' "income tax returns, even if containing some relevant financial information, are protectable from discovery as confidential documents if the party seeking protection demonstrates good cause to uphold its expectation of confidentiality, as well as the availability of reliable financial information from other sources." Id. (citation omitted). The tax returns for 2000 and 2001 are likely to lead to discoverable evidence regarding the plaintiff's allegations that the individual defendants may have been accepting monies while simultaneously not funding the Plan in violation of the defendants' alleged fiduciary duties to the Plan members. Defendants Regan, Cohen and A. Jones Yorke have not demonstrated good cause to show that their personal tax returns are protectable from discovery.

Request for Production No. 8: Denied as overbroad without prejudice to reformulating a more specific request. Although the request is improperly overbroad, some documents falling within the

scope of this request are clearly relevant. Counsel are encouraged to meet and confer in a good faith attempt to narrow the request and facilitate discovery of relevant documents.

Request for Production No. 9: Granted in part. Defendants Regan, Cohen and A. Jones Yorke shall produce all documents reflecting any ownership share each have had in Auerbach from 2000 to date.

Request for Production No. 10: Granted in part. Defendants Regan, Cohen and A. Jones Yorke shall produce all documents relating to any health care plan provided to Auerbach employees during 2000 or 2001.

Request for Production No. 11: Granted.

Request for Production No. 12: Granted.

Request for Production No. 13: Granted in part. Defendants Regan, Cohen and A. Jones Yorke shall produce all Minutes of Auerbach Board of Directors meetings during 2000 and 2001.

Request for Production No. 14: Granted in part. Defendants Regan, Cohen and A. Jones Yorke shall produce all financial records of Auerbach's health care plan for its employees during 2000 and 2001.

Request for Production No. 15: Granted.

Request for Production No. 16: Granted.

In producing documents in response to this order, Regan, Cohen and A. Jones Yorke are obligated to produce all documents in their

3

possession, custody or control. <u>See</u> Fed. R. Civ. P. 34.    In
opposition to nearly all of these requests, defendants Regan, Cohen
and A. Jones Yorke have argued that they are not obligated to
produce the requested documents because corporate documents of
Auerbach, Pollak & Richardson are no longer in their possession.
Rule 34(a) of the Federal Rules of Civil Procedure provides that a
party may serve a request for production of documents which are "in
the possession, custody or control of the party upon whom the
request is served." The term "control" has been broadly construed
by the federal courts, in keeping with liberal standards of
discovery in the Federal Rules of Civil Procedure. <u>See, e.g.</u>,
<u>M.L.C., Inc. v. North American Philips Corp.</u>, 109 F.R.D. 134
(S.D.N.Y. 1986). A party may not object to a request to produce on
the ground that it does not possess the documents if the documents
remain in its "control" such that the party has the right,
authority, or ability to obtain the documents upon demand. <u>Scott</u>
<u>v. Arex</u>, 124 F.R.D. 39, 41 (D. Conn. 1989) ("[a] party to a lawsuit
cannot escape the obligation to produce documents by incanting . .
. 'not in my possession'"). Regan, Cohen and A. Jones Yorke are
directed to produce responsive documents within their possession,
custody or control, or provide plaintiff with an affidavit
detailing precisely what attempts each individual has made to
obtain those documents, when those attempts were made, and to whom
those attempts were addressed.

4

The parties are reminded of their meet and confer obligations under both the federal and local rules of procedure to resolve any differences and present to the court only those issues of discovery that are necessary for the full weight of judicial authority.  The meet-and-confer requirement mandates that:

> [Parties must] meet, in person or by telephone, and make a genuine effort to resolve the dispute by determining . . . what the requested party is actually seeking; what the discovering party is reasonably capable of producing that is responsive to the request; and what specific genuine issues, if any, cannot be resolved without judicial intervention. . . .

Messier v. Southbury Training School, No. 3:94-CV-1706 (EBB), 1998 WL 841641, at *3 (D. Conn. Dec. 2, 1998) (citations omitted).

SO ORDERED at Hartford, Connecticut this 16th day of September, 2005.

_____/s/_____
Donna F. Martinez
United States Magistrate Judge

5