UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| WILLIAM SCOVIN<br><br>Plaintiff,<br><br>v.<br><br>GREAT-WEST LIFE & ANNUITY INS. CO., ONE HEALTH PLAN, INC., AUERBACH, POLLAK & RICHARDSON, INC., HUGH REGAN, LEWIS COHEN, ROBERT DRAKE, A. JONES YORKE<br>Defendants. | CIVIL ACTION NO.<br>3:02CV01161(AWT)<br><br><br>NOVEMBER 1, 2005 |

**MOTION TO AMEND COMPLAINT**

The plaintiff, William Scovin, pursuant to Federal Rule of Civil Procedure 15 (a), (b), and (d), respectfully moves to amend the Complaint filed in the above case as per the Proposed Amended Complaint attached hereto as Exhibit A.

**ORAL ARGUMENT NOT REQUESTED**

In support of this motion, the undersigned represents:

    1.  As previously noted in the pleadings in this case, an early status conference with the Court and counsel, and subsequent discussions, the filing of Plaintiff's Amended Complaint was to occur after discovery and depositions were taken of the parties in the case.

    2.  Three different sets of counsel for the Defendants have appeared in this case.

    3.  From the beginning when the Defendants' first set of counsel were in the case, discovery was delayed because of a variety of reasons represented by defense counsel including, a desire to settle the case rather than proceed with discovery, the inability to locate all of the documents as they were in storage, the inability to contact the clients, and defense counsel not getting paid for their services.

    4.  All along, the Defendants were aware that the Plaintiff's were claiming that these Defendants were fiduciaries and liable under ERISA, and if not, they were liable under the Plaintiff's common law claims.  Rather than amend before discovery, it was discussed and recognized that Plaintiff's amendment would occur after discovery.

    5.  The discovery in the case was further hampered as a result of the Defendants' motion practice and objections to the production of documents and hampered further, as a result of the co defendant Great West's multiple objections to discovery and refusals to produce documents in violation of the Court's order.

6. Plaintiff's counsel has repeatedly been forced to seek Court rulings on discovery.

7. Party depositions were recently completed, however, the Defendants have still not complied with the Court's ruling on discovery dated September 16, 2005.  (Exh. B.).

8. Nonetheless, rather than wait any longer and despite the Defendants noncompliance, the Plaintiff, through counsel, prepared the attached Amended Complaint setting forth the claims against the Defendants in a manner consistent with Plaintiff's position and the facts of the case.

9. In addition, and as evidenced by the parties discussions and arguments over the fiduciary status of the individual defendants / officers, the Plaintiff's amendment to the complaint codifies and clarifies Plaintiff's position all along and conforms the pleadings to the evidence in the case.

WHEREFORE, based on the above, the Plaintiff requests that this motion to file an Amended Complaint be granted.

**THE PLAINTIFF**, William Scovin

By_____/s/_____
Kevin M. Greco (ct13195)
Peter M. Nolin (ct06223)
**SANDAK HENNESSEY & GRECO LLP**
707 Summer Street
Stamford, CT  06901
Tel. (203) 425-4200 Fax (203) 325-8608
kgreco@sghlaw.com
pnolin@shglaw.com

**CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing was mailed, postage prepaid to the following counsel and pro se parties on November 1, 2005:

Christopher G. Barnes, Esq.
Jeffrey L. Williams, Esq.
Jorden Burt
175 Powder Forest Drive, Suite 201
Simsbury, CT  06089

James M. Moriarty, Esq.
Mark S. Gregory, Esq.
Kelley Drye & Warren LLP
Two Stamford Plaza
281 Tresser Boulevard
Stamford, CT  06901

Robert G. Cushing, Esq.
Cushing Law Firm
420 East 54th Street
New York, NY  10178

Robert Drake
558 Lime Rock Road
Lakeville, CT  06039

                                                    /s/
                                          Kevin M. Greco