UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

WILLIAM SCOVIN,

    Plaintiff,

v.                                           CASE NO. 3:02CV1161 (AWT)

GREAT WEST LIFE & ANNUITY
INS. CO, et al.,

    Defendants.

## RULING ON MOTION TO COMPEL

Pending before the court is the plaintiff's Motion to Compel (doc. #135). After hearing oral argument on September 13, 2005, the court grants in part and denies in part the motion as follows:

Request for Production Nos. 1-3: Granted with the exception of written communications between the defendants Regan, Cohen and A. Jones Yorke and their trial counsel after the commencement of this action, which documents are not sought by the plaintiff. All other documents responsive to these requests shall be produced.

Request for Production No. 4: Granted to the extent there exist any documents and/or communications among the defendants concerning the subject matter of this litigation.

Request for Production No. 5: Granted.

Request for Production No. 6: Granted as modified by plaintiff's counsel in open court. During oral argument plaintiff's counsel limited the request to exclude documents reflecting payments from Auerbach, Pollack & Richardson, Inc.

during 1999.

Request for Production No. 7: Granted in part. Defendants Regan, Cohen and A. Jones Yorke shall produce personal tax returns for the fiscal years ending 2000 and 2001. Generally, "tax returns and other information regarding income are discoverable if relevant to the issues in a lawsuit." Yancey v. Hooten, 180 F.R.D. 203, 215 (D. Conn. 1998) (quoting Scott v. Arex, 124 F.R.D. 39, 41 (D. Conn. 1989) (other citations omitted)). However, the defendants' "income tax returns, even if containing some relevant financial information, are protectable from discovery as confidential documents if the party seeking protection demonstrates good cause to uphold its expectation of confidentiality, as well as the availability of reliable financial information from other sources." Id. (citation omitted). The tax returns for 2000 and 2001 are likely to lead to discoverable evidence regarding the plaintiff's allegations that the individual defendants may have been accepting monies while simultaneously not funding the Plan in violation of the defendants' alleged fiduciary duties to the Plan members. Defendants Regan, Cohen and A. Jones Yorke have not demonstrated good cause to show that their personal tax returns are protectable from discovery.

Request for Production No. 8: Denied as overbroad without prejudice to reformulating a more specific request. Although the request is improperly overbroad, some documents falling within the

scope of this request are clearly relevant. Counsel are encouraged to meet and confer in a good faith attempt to narrow the request and facilitate discovery of relevant documents.

Request for Production No. 9: Granted in part. Defendants Regan, Cohen and A. Jones Yorke shall produce all documents reflecting any ownership share each have had in Auerbach from 2000 to date.

Request for Production No. 10: Granted in part. Defendants Regan, Cohen and A. Jones Yorke shall produce all documents relating to any health care plan provided to Auerbach employees during 2000 or 2001.

Request for Production No. 11: Granted.

Request for Production No. 12: Granted.

Request for Production No. 13: Granted in part. Defendants Regan, Cohen and A. Jones Yorke shall produce all Minutes of Auerbach Board of Directors meetings during 2000 and 2001.

Request for Production No. 14: Granted in part. Defendants Regan, Cohen and A. Jones Yorke shall produce all financial records of Auerbach's health care plan for its employees during 2000 and 2001.

Request for Production No. 15: Granted.

Request for Production No. 16: Granted.

In producing documents in response to this order, Regan, Cohen and A. Jones Yorke are obligated to produce all documents in their

3

possession, custody or control. See Fed. R. Civ. P. 34. In opposition to nearly all of these requests, defendants Regan, Cohen and A. Jones Yorke have argued that they are not obligated to produce the requested documents because corporate documents of Auerbach, Pollak & Richardson are no longer in their possession. Rule 34(a) of the Federal Rules of Civil Procedure provides that a party may serve a request for production of documents which are "in the possession, custody or control of the party upon whom the request is served." The term "control" has been broadly construed by the federal courts, in keeping with liberal standards of discovery in the Federal Rules of Civil Procedure. See, e.g., M.L.C., Inc. v. North American Philips Corp., 109 F.R.D. 134 (S.D.N.Y. 1986). A party may not object to a request to produce on the ground that it does not possess the documents if the documents remain in its "control" such that the party has the right, authority, or ability to obtain the documents upon demand. Scott v. Arex, 124 F.R.D. 39, 41 (D. Conn. 1989) ("[a] party to a lawsuit cannot escape the obligation to produce documents by incanting . . . 'not in my possession'"). Regan, Cohen and A. Jones Yorke are directed to produce responsive documents within their possession, custody or control, or provide plaintiff with an affidavit detailing precisely what attempts each individual has made to obtain those documents, when those attempts were made, and to whom those attempts were addressed.

4

The parties are reminded of their meet and confer obligations under both the federal and local rules of procedure to resolve any differences and present to the court only those issues of discovery that are necessary for the full weight of judicial authority. The meet-and-confer requirement mandates that:

> [Parties must] meet, in person or by telephone, and make a genuine effort to resolve the dispute by determining . . . what the requested party is actually seeking; what the discovering party is reasonably capable of producing that is responsive to the request; and what specific genuine issues, if any, cannot be resolved without judicial intervention. . . .

Messier v. Southbury Training School, No. 3:94-CV-1706 (EBB), 1998 WL 841641, at *3 (D. Conn. Dec. 2, 1998) (citations omitted).

SO ORDERED at Hartford, Connecticut this 16th day of September, 2005.

_____/s/_____
Donna F. Martinez
United States Magistrate Judge

5