UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

_____
                                                )
WILLIAM SCOVIN                                   )
                                                 )
                                                 )
          Plaintiff,                             )
                                                 )      CIVIL ACTION NO.
v.                                               )
                                                 )      3:02CV01161 (AWT)
GREAT-WEST LIFE & ANNUITY INS. CO.,              )
ONE HEALTH PLAN, INC., AUERBACH, POLLAK          )
& RICHARDSON, INC., HUGH REGAN,                  )
LEWIS COHEN, ROBERT DRAKE, A. JONES              )
YORKE                                            )
          Defendants.                            )
_____)      November 1, 2005

PLAINTIFF'S OBJECTION TO
DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

The Plaintiff, through counsel, respectfully objects to the Defendants' Motion for

Judgment on the Pleadings as set forth herein.  In addition, and as per the discussions with

Defense counsel that an Amended pleading was forthcoming after party depositions, with

Plaintiff's prior pleadings in the case referencing and stating the nature of Plaintiff's claims, the

Plaintiff has filed a Motion to Amend the Pleadings and Proposed Amended Complaint dated

November 1, 2005.

**<u>Preliminary Facts:</u>**

Plaintiff commenced this action by way of a June 2002 Complaint against the multiple Defendants on a variety of claims seeking equitable relief and damages for the Defendants failure, among other things, to pay his medical expenses incurred for a bi-lateral hip surgery which cost in excess of $90,000.00.  As a result of their failures and omissions, Plaintiff's providers started a foreclosure on Plaintiff's home to recoup their expenses.

Early on, counsel for Auerbach and the officer Defendants questioned the nature of the claims and the specificity in Plaintiffs complaint.  Plaintiff's counsel consistently stated that the officers were fiduciaries under ERISA and referenced the need to amend the complaint in that and other certain areas.  Defense Counsel could not provide the necessary discovery for a variety of reasons and recognized the severity of the case.  Instead, Defense counsel suggested exploring settlement options.  Defendants did move to dismiss on May 22, 2003 under Rule 12.  Consonant with the Plaintiff's position that the officers were fiduciaries under ERISA and in furtherance of their allegations of such in the Complaint (paragraphs 14 and 15), in opposition, Plaintiff argued that the Auerbach Officers, Regan, Yorke, Cohen and Drake were fiduciaries under the plan and had certain obligations and responsibilities.  Plaintiff further argued that the Defendant officers had acted in Connecticut through Auerbach presence in Stamford.  ( Exh. A, Plaintiff's Opposition dated June 27, 2003, pp. 8-15.).

In addition, as further documented in other pleadings filed in the case, the Plaintiffs represented the variety of claims, including the Defendant Officers' fiduciary status in their May 6, 2005 Confidential Ex Parte Conference Memorandum to the Court.

Clearly, during both discussions with 2 sets of prior Defense Counsel and current counsel for these Defendants, in the post complaint pleadings and referenced in the complaint, during an early status conference with the Court, and during a more recent May 2005 conference with The Honorable Donna F. Martinez, discussions occurred regarding amending the complaint, the desire for more specificity, and that the parties recognized that the Complaint was to be amended after the party depositions were completed.

### Discussion:

Based on the above and the procedural and preliminary facts of the case, Plaintiff submits that the Amended Complaint filed under separate cover should be the operative pleading in the case.  The Defendants should not be allowed to use their affirmative conduct in the case as a sword against the Plaintiff's complaint when with knowledge, they were fully aware of the Plaintiff's claims, anticipated an amended complaint, and engaged in conduct and discussions in furtherance of facilitating same.  Thus, in the interest of fairness, justice, and judicial economy, should the Defendants desire to challenge the operative pleading, it should be the Amended Complaint.

In the alternative, and out of an abundance of caution, Plaintiff submits that should the Defendants contend otherwise, or if the Court deems it necessary to respond further to the Defendants' Motion, then the Plaintiff submits that the allegations set forth in the Complaint sufficiently apprised the Defendants of the nature of the claims being asserted against them. Plaintiff's claims against the Defendants assert a breach of their fiduciary obligations under ERISA as well as common law claims.

Moreover, under the rules, in particular Rule 8, (e), pleadings may set forth two or more statements of a claim alternatively and a count is not made insufficient by the insufficiency of one or more of the alternative statements. A review of the complaint, in particular paragraphs 12, 14,15,17,21,27,28,33,35, and 36 set forth that the Defendant Auerbach officers:

-failed to provide Scovin with the Plan ( ERISA),

-were officers of Auerbach and fiduciaries under ERISA,

-had a fiduciary relationship and obligations to Plaintiff for insurance,

-accepted and cashed his payments for COBRA,

-represented that his benefits were in effect, that he was covered, and that his bills would be paid,

-that Plaintiff relied on the Defendants' conduct,

-that Defendants omitted / failed to notify Plaintiff and violated their fiduciary duties,

-that their conduct violated their duties and that Plaintiff relied on their conduct and
omissions, and

-that Defendants' failures precluded Plaintiff from obtaining coverage.

While Plaintiff recognizes that the headings under the counts in the complaint could have
been worded in a more clear way, a review of the paragraphs incorporated into the subject
Counts reveals that the Counts contain sufficient allegations to advise the Defendants of the
nature of Plaintiffs ERISA claims and common law claims.  Moreover, the Breach of Contract
Count sets forth the Breach of the Defendants' ERISA obligations as incorporated from the
above prior paragraphs and also sets forth the alternative common law contract claim(s).
Paragraph 81, after incorporating the prior 79 paragraphs, asserts that Defendant Regan failed to
comply with the terms of his "employment relationship" and " with terms of the Plan. "  This,
when read with the incorporated paragraphs, speaks to the fiduciary obligations and common
law.

Wherefore, the Plaintiff submits that the Amended Complaint should be permitted to be
filed and the Defendants' Motion should be denied.

**THE PLAINTIFF WILLIAM SCOVIN**

By_____/s/_____
Kevin M. Greco (ct 13195)
Peter M. Nolin (ct 06223)
**SANDAK HENNESSEY & GRECO LLP**
707 Summer Street
Stamford, CT 06901-1026
(203) 425-4200
FAX (203) 325-8608
kgreco@shglaw.com
pnolin@shglaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was mailed, postage prepaid to the following counsel and pro se parties on November 1, 2005:

Christopher G. Barnes, Esq.
Jeffrey L. Williams, Esq.
Jorden Burt
175 Powder Forest Drive, Suite 201
Simsbury, CT  06089

James M. Moriarty, Esq.
Mark S. Gregory, Esq.
Kelley Drye & Warren LLP
Two Stamford Plaza
281 Tresser Boulevard
Stamford, CT  06901

Robert G. Cushing, Esq.
Cushing Law Firm
420 East 54th Street
New York, NY  10178

Robert Drake
558 Lime Rock Road
Lakeville, CT  06039

_____/s/_____
Kevin M. Greco