# Exhibit 1

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| WILLIAM SCOVIN )<br><br>Plaintiff, )<br><br>v. )<br><br>GREAT-WEST LIFE & ANNUITY INS. CO., )<br>ONE HEALTH PLAN, INC., AUERBACH, POLLAK )<br>& RICHARDSON, INC., HUGH REGAN, )<br>LEWIS COHEN, ROBERT DRAKE, A. JONES )<br>YORKE )<br>Defendants. ) | CIVIL ACTION NO.<br><br>3:02CV01161 (AWT)<br><br><br><br>NOVEMBER 1, 2005 |

## AMENDED COMPLAINT

### INTRODUCTION

1.     Mr. William Scovin brings suit under the Employee Retirement Income Security Act ("ERISA"), Sections 29 U.S.C. §§1001 et seq.; 29 U.S.C. §1132(a)(1)(B) et seq.; and §1140 et seq., for the defendants failure to pay medical benefits under their medical benefits plan, and state law claims for breach of contract, negligent misrepresentation, negligent management, breach of fiduciary obligations, fraud and deceit, Connecticut General Statutes Section 42-110, et

seq. (CUTPA), negligent infliction of emotional distress, piercing the corporate veil, and breach

of contract / promissory estoppel.

## THE PARTIES

2.      Plaintiff, William Scovin, resides in Bridgewater, CT.

3.      Defendant Great-West Life & Annuity Ins. Co. ("Great West"), is an insurance

company organized under the State of Colorado with its principal place of business in Colorado

and does business throughout the United States including New York, New Jersey, and

Connecticut.

4.      Defendant One Health Plan ("One Health") is an insurance company organized

under the laws of the State of Colorado with its principal place of business located in Colorado

and is a subsidiary of Defendant Great West.

5.      At all relevant times, the Defendant Great West was acting as the servant an agent

of the Defendant Auerbach or was otherwise acting with the authority to handle, process,

authorize, and accept claims on behalf of the Defendants.

6.      Defendant Auerbach, Pollak & Richardson, Inc. ("Auerbach") is or was a

Connecticut corporation with its principal place of business located at 333 Ludlow Street,

Stamford, CT.  Auerbach also had addresses in New York and New Jersey.

7.      Defendant Hugh Regan is or was the Chairman/President & CEO of Defendant

Auerbach with offices located in Stamford, CT.

8.      Defendant Robert Drake was the head of Operations at Defendant Auerbach with an office located in Stamford, CT.

9.      At all times relevant, Defendant Lewis Cohen was the controller of Defendant Auerbach with offices located in Stamford, CT.

10.     Defendant A. Jones Yorke is or was vice chairman of Defendant Auerbach and a member of Auerbach's Board of Directors with offices in Stamford, CT.

## JURISDICTION

11.     This court has jurisdiction of this action pursuant to 29 U.S.C. §1132(e) and 28 U.S.C. §1331.  This court has venue of this action pursuant to 29 U.S.C. §1132(e)(2).  Moreover, this Court has supplemental jurisdiction under 28 U.S.C. 1367 and the Plaintiff has exhausted all available remedies under his medical benefit plan supplied by his employer at the time, Defendant Auerbach.

## FACTS

12.     During approximately August of 1999, the Plaintiff, William Scovin began his employment with Defendant Auerbach and received, among other things, family medical and insurance benefits in the form of a Point of Service ("POS") or a Primary Care Provider ("PCP") Plan  provided by Oxford Healthcare as part of his employment package with Auerbach.

13.     Subsequently, Auerbach acquired certain assets from eVision USA.COM and changed to or otherwise adopted eVision's healthcare plan which was a self funded plan administered and provided by Great West (the "Plan").

14.     Commencing approximately in April 2001, Auerbach provided health care coverage to Scovin under COBRA and enrolled Scovin and his family in the Great West health care plan, but at all relevant times, the Defendants did not provide William Scovin with a copy of the Summary Plan Description ("SPD") and provided no relevant information concerning the type or status of the Plan.

15.     Auerbach is the sponsor of the Plan and it is also a Plan fiduciary under ERISA.

16.     At all relevant times, Defendants Hugh Regan, ("Regan"), Louis Cohen, ("Cohen"), Robert Drake ("Drake"), and A. Jones Yorke ("Yorke") were officers, directors, employees, and/or agents of Defendant Auerbach and controlled the funding and operation of Auerbach's healthcare Plan.

17.     As a result of the facts set forth herein and in furtherance of their acts, omissions, responsibilities, and conduct, Defendants Regan, Cohen, Drake, and Yorke are Plan fiduciaries under ERISA.

18.     Defendants Great West and Health One are, among other things, administrators of the Plan, fiduciaries under the Plan pursuant to ERISA, and were agents and servants of

Auerbach.

19.     At all times set forth herein, the Plaintiff, William Scovin and his family were participants under the Plan.  As a result and at all times relevant, each of the Defendants had a fiduciary relationship, obligations, and/or contractual obligations with respect to the Plaintiff.

20.     At approximately the end of January 2001, the Plaintiff left his employment at Auerbach and Auerbach, acting through Regan, agreed to pay his family health care benefits for February and March of 2001 to the then provider, Oxford Health Service.  Regan also confirmed and stated that, thereafter, Scovin could continue coverage under COBRA.  Sometime during approximately April of 2001 and unbeknownst to the Plaintiff, Defendant Auerbach switched providers from Oxford to Defendants Great West and One Health.

21.     As the insurance providers, fiduciaries, and/or as acting on behalf of Defendant Auerbach, the Defendants are subject to and governed by ERISA and/or the common law.

22.     Commencing approximately in April of 2001, Plaintiff William Scovin was advised of the existence of the Great West Plan, continued to maintain his family medical benefit package/coverage and in consideration of Auerbach / Regan's statements, paid monthly premiums of $729.79 under COBRA through approximately August 2001 for healthcare coverage under the Plan provided by the Defendants, Auerbach, Great West, and One Health.

23.     The Defendants, their agents and/or servants, accepted each of the Plaintiff's

monthly premiums, cashed or negotiated the Plaintiff's COBRA payment checks during the

pertinent time period(s), acted in concert with the Plan fiduciaries in failing to provide the

benefit(s), and/or used the Plaintiff's payments for their own or Auerbach's purposes instead of

their ERISA and/or contractual obligations and promises to the Plaintiff. In so doing, among

other things, Defendants induced the Plaintiff into believing that he had insurance coverage and

that it was in full force and effect, and into not obtaining alternative insurance..

       24.    At no time did the Defendants, their agents or servants, return or otherwise

reimburse the Plaintiff his COBRA payments which he paid to them to secure the benefits and

cover his contribution towards the promised medical benefits which benefits he never received.

       25.    At no time did the Defendants advise Scovin that, unlike the prior Oxford

healthcare plan, the Great West healthcare plan with Auerbach was a "self funded plan" that was

dependent upon Auerbach making periodic/monthly payments to Great West to fund the medical

cost incurred by Auerbach's employees.

       26.    In early 2001 and into June 2001, Auerbach experienced a significant capital short

fall(s) and as a result stopped its day to day trading activity and/or sent out regulatory notices in

connection therewith.

       27.    In addition, Auerbach, its agents and servants, lost an arbitration litigation which

also contributed towards the capital shortfall or otherwise caused an adverse affect on the

company and its capitalization status.

28.    During approximately June and into July 2001, Auerbach stopped paying many of its employees, and began laying off its employees.

29.    As a result of these financial problems and during that time, Auerbach at the direction of and/or with the knowledge or consent of Defendants Regan, Yorke, Cohen and Drake ceased funding the Plan.

30.    During the early part of 2001 including June/July, the Plan administrator advised and otherwise warned the Defendants, including Regan, of the financial concerns and adverse status of the Plan and what needed to be done as a result thereof.

31.    In late June or early July 2001, the Plan administrator appointed by Auerbach resigned, but the Defendants Auerbach, Regan, Yorke, Cohen and Drake failed to appoint a replacement Plan administrator or otherwise address the funding problems with the Plan.

32.    On or about July 12, 2001, Plaintiff William Scovin underwent a medically necessary surgical procedure involving a bilateral hip replacement at the Danbury Hospital.

33.    As a result of the medical treatment, therapy, and hospitalization, Plaintiff's medical bills and expenses exceeded $90,000.00.

34.    In accordance with the procedures set forth in the Plan, the Plaintiff William Scovin before incurring the aforesaid medical care and hospitalization, sought express approval

for his course of treatment.

35.     Defendants Great West and One Health at all relevant times were authorized under the Plan and/or held themselves out to have the authority to pre-approve/ pre-certify the subject medical treatments set forth herein.

36.     As a result, prior to the aforesaid surgery and related medical treatment(s), the Danbury Hospital, the other medical providers, and/or Plaintiff William Scovin received pre-approval/pre-certification for the treatments and surgery from the Defendants Great West and One Health.

37.     Throughout the relevant time period, the Defendants, their agents and representatives, omitted telling Plaintiff the true status of the Plan, and repeatedly represented to and assured William Scovin that his medical benefits were continuing, that the Plan was in effect, and that his procedures were approved and that therefore his bills would be paid.

38.     The Plaintiff relied upon the above representations, omissions, and conduct of the Defendants, their agents and servants to his financial detriment.

39.     At times during this time period, the Defendants, including Regan, Yorke, Cohen, and/or Drake met and discussed that Auerbach was financially failing and should be wound up; knew or should have known of Auerbach's adverse financial status, knew or should have known that its bills and expenses were not being paid, that the Plan was not being funded or adequately

funded, that the Plan or its benefits had been placed on hold, that the Plan was otherwise in

jeopardy, and/or they were advised to fund the Plan or, in the alternative, to advise the

beneficiaries under the Plan of the situation and that the coverage may not be available or would

otherwise be on hold or cease.

40.    Prior to July 12, 2001 and despite their knowledge that Auerbach's finances were

precarious and/or that Auerbach could not fund the Plan and that Defendants Regan, Yorke,

Cohen and Drake had decided not to fund the Plan, the Defendants failed to advise the Plaintiff

of these facts when they knew or should have known it was their obligation to inform him, and

that it would be unreasonable not to do so.

41.    Notwithstanding a decision to stop funding the Plan, the defendants Auerbach,

Regan, Yorke, Cohen and Drake took no steps to close down or terminate the Plan or to notify

beneficiaries of the Plan, including COBRA beneficiaries like the Plaintiff, that the Plan could no

longer meet all its financial obligations to pay for the medical costs incurred by such

beneficiaries.

42.    The Defendants, their agents, servants, or representatives, failed to timely and/or

properly notify the Plaintiff of any financial or funding concerns about the Plan, administrative

holds, or other similar issues adversely affecting his benefits when they knew or should have

known that it would be unreasonable not to do so and that such conduct would financially harm

William Scovin and would violate their fiduciary obligations to him.

43.    In approximately September 2001, well after the completion of the surgery, Plaintiff learned from Danbury Hospital and other providers that his medical bills remained unpaid and/or outstanding.

44.    Despite their pre-approval of his course of treatment, their representations, and their acceptance of his COBRA payments, the Defendants refused to pay and/or otherwise cover the medical bills and costs incurred by Plaintiff William Scovin claiming that the Plan was not being funded by Auerbach, but at no time did the Plan ever determine that Scovin's bills and costs were not eligible for payment under the Plan.

45.    William Scovin also learned that Defendant Auerbach has not and/or has refused to cover the outstanding medical expenses incurred by other beneficiaries of the Plan during the relevant time period(s) and upon information and belief, Plaintiff has learned that the Plan was on administrative hold by Great West during part of the relevant time period of his treatment and subsequently Great West terminated its relationship with Auerbach as a result of Auerbach's failure to fund the Plan.

46.    At this time, Plaintiff's medical expenses and bills remain outstanding and he has been placed into collections by his medical providers thereby causing him damages.

47.    As a result of, among other things, the Defendants' delay, their acceptance of his

monthly payments, their representations, pre-approvals and conduct, their failure to inform him

of the status of his coverage or of the status of the Plan, and the Defendants' retroactive refusal to

pay for pre-approved medical treatments, the Plaintiff incurred medical expenses and costs to his

financial detriment and which he would not have otherwise incurred.

      48.    Additionally, the Defendants' failure to timely notify the Plaintiff William Scovin

of any concerns or other problems with the Plan or its funding precluded him from timely

obtaining alternative insurance coverage before undertaking the aforesaid medical treatment.

      49.    As a further result of the above, the Plaintiff has suffered mental anguish and

emotional distress.

## FIRST CAUSE OF ACTION

### (Denial of Benefits by Defendant s Great West and One Health under the Plan)

50.    Paragraphs 1 through 49 are replead as if fully set forth herein.

      51.    The Defendants Great West and Health One have breached their contractual and

fiduciary obligations by failing to pay Plaintiff's medical expenses and benefits to which he is

entitled.

      52.    29 U.S.C. §§1001 et seq. entitles Plaintiff to enforce his rights to benefits under

the Plan.

## II. SECOND CAUSE OF ACTION

### (Denial of Benefits by Defendants Auerbach, Regan, Yorke, Cohen, and Drake

### Under the Plan)

53.     Paragraphs 1 through 49 are replead as if fully set forth herein.

54.     The Defendants Auerbach, Regan, Yorke, Cohen, and Drake have breached their contractual and fiduciary obligations under the Plan by failing to pay Plaintiff's medical expenses and benefits to which he is entitled.

55.     29 U.S.C. §§1001 et seq. entitles Plaintiff to enforce his rights to benefits under the Plan.

## III.  THIRD CAUSE OF ACTION

### (Breach of Fiduciary Duty Against Great West and One Health)

56.     Paragraphs 1 through 55 are replead as if fully set forth herein.

57.     Plaintiff reasonably relied to his detriment on the Defendants Great West and One Health's pre-approval of his treatment as well as the Defendants' omissions and representations set forth herein as well as the fact that he was covered under the Plan both before and after seeking medical treatment.

58.     Defendants Great West and One Health had a duty to inform Plaintiff of the status

of the Plan, that it was on administrative hold, and the conditions under which his coverage existed at the time and that it could end so that he could act accordingly.

59.    By pre-approving his care and treatment, by failing to inform him that the Plan was on administrative hold, that it was not being funded, that it was otherwise at risk, or that his coverage could end or lapse under the circumstances, Defendants Great West and One Health breached their fiduciary duty and as a result Mr. Scovin proceeded with medical treatment to his detriment and/or was deprived of the opportunity to apply for alternative medical benefits and/or seek replacement coverage.

60.    In addition, Defendants' failure to provide plaintiff a copy of the Plan deprived plaintiff of his right to know the extent of his coverage and any rights or appeals relating thereto.

61.    As a result, Plaintiff has suffered economic and consequential losses and Defendants should be estopped from now denying coverage.

## IV.  FOURTH CAUSE OF ACTION

### (Breach of Fiduciary Duty Against Auerbach)

62.    Paragraphs 1 through 61 are replead as if fully set forth herein.

63.    Plaintiff reasonably relied to his detriment on the Defendant Auerbach, its agents, servants, and representatives' pre-approval of his treatment and Defendants' omissions and

representations that he was covered under the Plan before seeking medical treatment and after.

64.    Defendant Auerbach, its agents servants, and representatives, had a duty to inform Plaintiff of the status of the Plan and the conditions under which his coverage could end so that he could conduct his personal/medical affairs and act accordingly. By pre-approving his treatment, by omitting or failing to inform him that the Plan was on administrative hold, that it was not being funded, or that it was otherwise at risk, or that his coverage could end or lapse under the circumstances, Defendant Auerbach breached its fiduciary duties and as a result Mr. Scovin proceeded with medical treatment to his detriment and/or was deprived of the opportunity to apply immediately for alternative medical benefits and/or seek replacement coverage.

65.    In addition, Defendant's failure to provide Plaintiff a copy of the Plan deprived plaintiff of his right to know the extent of his coverage and any rights or appeals relating thereto.

## V. FIFTH CAUSE OF ACTION

### (Negligent Misrepresentation Against All Defendants

66.    Paragraphs 1 through 656 are replead as if fully set forth herein.

67.    At all relevant times, the Defendants, Great West,  Health One, Auerbach, Regan, Yorke, Cohen and Drake their agents and servants, knew or should have known that the Plaintiff needed and believed that he had coverage, and/or would use it or otherwise rely upon it and/or that, in fact, he was scheduled for non-emergency medical treatment and surgery.