68. At all relevant times, the Defendants, their agents or servants, had a duty to advice or otherwise inform William Scovin of the status of the Plan and in particular, that coverage was on hold or did not or might not exist.

69. At all times relevant, the Defendants, and their agents, servants, and representatives, had a duty to disclose adverse information concerning the status of the Plan, including its financial status and if it was on administrative hold, whether it was being adequately funded, and/or similar concerns, as well as the status of Plaintiffs' coverage there under to the Plaintiff.

70. At no time before William Scovin underwent the medical treatment and/or surgery as described herein did the Defendants, their agents or servants, orally or in writing advise him that the Plan was on administrative hold, or that problems and/or concerns existed with the financial status of the Plan.

71. The Defendants, their agents or servants, negligently omitted telling William Scovin that the Plan was on administrative hold, or that problems and/or concerns existed with the financial status of the Plan.

72. At all times relevant, the Defendants knew or should have known that William Scovin would rely upon the Plan's existence, their omissions and representations that he was to be covered under the Plan and that he was pre-approved for the aforesaid treatments.

73. The Defendants, their agents or representatives, pre-approved medical treatment, failed to advise participants including William Scovin, and permitted the Plan to continue under the circumstances when they knew or should have known for some time that it was not being properly funded by Auerbach and/or otherwise was at financial risk and would possibly be terminated.

74. The Defendants failed to disclose any information to the Plaintiff regarding his status or exposure under the Plan or that of the Plan itself under the circumstances, and pre-approved him despite their knowledge that the Plan was in financial jeopardy and/or that the Plaintiff was at risk of losing coverage.

75. As a result of their negligent omissions, conduct, and/or representations, the Defendants are liable to the Plaintiff.

## VI. SIXTH CAUSE OF ACTION

### (Negligent Management of the Plan By All Defendants Under State Law)

76. Paragraphs 1 through 75 are replead as if fully set forth herein.

77. At all times relevant, the Defendants, Great West, Health One, Auerbach, Regan, Yorke, Cohen and Drake their agents and servants, were required to exercise due care in connection with the handling of and the processing of claims, including William Scovin's, and in the management of the Plan.

78.     The Defendants omissions and acts concerning the handling and processing of William Scovin's claim, and/or permitting the Plan to continue under the circumstances, constitute mismanagement of the Plan.

### VII.    SEVENTH CAUSE OF ACTION

**(Violation of CUTPA Against All Defendants Under State Law)**

79.     Paragraphs 1 through 78 are replead as if fully set forth herein.

80.     The aforesaid conduct, representations, and/or actions of the Defendants Great West, Health One, Auerbach, Regan, Yorke, Cohen and Drake constitute the engagement by the defendants of unlawful unfair methods of competition and/or deceptive acts or practices in the conduct of trade and commerce within the meaning of Connecticut's Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110b, *et seq.* and some or all of which were a substantial factor in causing the Plaintiff's injuries and damages.

81.     The conduct of the Defendants alleged herein constitutes a violation of CUTPA in that said conduct violates established concepts of fairness and public policy, including in particular that Defendants misled Plaintiff about the nature and existence of his healthcare coverage, accepted COBRA payments from him when they knew or should have known the Plan was on administrative hold or would not be funded by Auerbach, and allowed the Plaintiff to

proceed with expensive medical treatments when they knew or should have known they had decided to cease funding the Plan.

82. The conduct of the Defendants alleged herein constitutes a violation of CUTPA in that said conduct constitutes unfair and deceptive practices and/or practices which are immoral, unethical, oppressive and/or unscrupulous.

83. Plaintiff has suffered an ascertainable loss as a result of the Defendants conduct as alleged herein.

84. A copy of this Amended complaint has been forwarded to the Attorney General of the State of Connecticut and to the Commissioner of Consumer Protection.

85. As a result, the Defendants are liable to the Plaintiff William Scovin.

## VIII. EIGHTH CAUSE OF ACTION

### (Common Law Deceit and Fraud Against All Defendants Under State Law

86. Paragraphs 1 through 85 are replead as if fully set forth herein

87. The aforesaid conduct, omissions, and unfair and deceptive trade practices were undertaken by Defendants Great West, Health One, Auerbach, Regan, Yorke, Cohen and Drake recklessly, deliberately, and/or willfully and mislead the Plaintiff into believing that his benefits under the Plan were intact and financially sound, that he was a covered person under the Plan, and that his multiple medical expenses would be paid in that at the time, he was without steady

employment.

88. Plaintiff had no reasonable way to determine that the Defendants were withholding information from him concerning the Plan and its viability, that they were accepting his payments and using them for their own financial purposes, that the Plan was on administrative hold and/or not paying any of his claims, or any other information regarding his available medical benefits there under, or that he needed other medical insurance to cover his treatment, expenses, and family.

89. By reason of the foregoing extreme conduct, the Plaintiff has suffered damages and Defendants are liable to the Plaintiff under the common law doctrine of fraudulent omission, fraud, and deceit for the monetary damages sustained.

## IX. NINTH CAUSE OF ACTION

### (Negligent Infliction of Emotional Distress Against All Defendants)

90. Paragraphs 1 through 89 are replead as if fully set forth herein.

91. As a result of the negligent, careless, and / or reckless, representations and omissions of the Defendants Great West, Health One, Auerbach, Regan, Yorke, Cohen and Drake, William Scovin's financial status and that of his family has been severely compromised.

92. As a further result, William Scovin has experienced mental anguish and distress as a result of the Defendants' acts and omissions as set forth herein.

## X.  TENTH CAUSE OF ACTION

### (Breach of ERISA Fiduciary Duty Against Regan, Yorke, Cohen and Drake)

93.    Paragraphs 1 through 92 are replead as if fully set forth herein.

94.    Defendants Regan, Yorke, Cohen and Drake, controlled the funding of the Plan and the decision not replace the named administrator of the Plan when she resigned in late June or early July 2001.

95.    Plaintiff reasonably relied to his detriment on the Defendants Regan, Yorke, Cohen and Drake, acting as Plan fiduciaries, and the conduct of their agents, servants, and representatives in pre-approving his proposed treatment and their omissions about and representations that he was covered under the Plan before he sought medical treatment and after.

96.    Defendants Regan, Yorke, Cohen and Drake, as fiduciaries of the Plan and/or in concert with Auerbach, had a duty to inform Plaintiff of the status of the Plan and the conditions under which his coverage could end so that he could conduct his personal/medical affairs and act accordingly.  By allowing the Plan and Great West to pre-approve his treatment, by accepting his payments, by failing to inform him that the Plan was on administrative hold, that it was not being funded, that it was otherwise at risk, or that his coverage could end or lapse under the circumstances, these Defendants breached their fiduciary duty to the Plan and it beneficiaries and

as a result Mr. Scovin proceeded with medical treatment to his detriment and/or was deprived of the opportunity to apply immediately for alternative medical benefits and/or seek replacement coverage.

## XI. ELEVENTH CAUSE OF ACTION

### (Piercing the Corporate Veil as to Regan, Yorke, Cohen and Drake)

97. Paragraphs 1 through 96 are replead as if fully set forth herein.

98. Defendants Regan, Yorke, Cohen, and Drake completely dominated and controlled the activities of Defendant Auerbach with regards to all of its operations and including, in particular, the financial position and status of the company which included, among other things, employee benefits, the funding and operation of the Plan, the financial payments made by Plaintiff, and the provision of healthcare benefits to the Plan beneficiaries including the Plaintiff.

99. At the times relevant to Plaintiff's claims and before his pre-approvals and subsequent surgery, Auerbach was experiencing financial problems and capital shortfalls, was not adequately capitalized, and these facts and others were known to Defendants Regan, Yorke, Cohen, and Drake.

100. At the times relevant to Plaintiff's claims and as a result of the conduct of

Defendants Regan, Yorke, Cohen and Drake, Auerbach, its agents and servants failed to follow appropriate corporate formalities including the making and keeping of appropriate corporate records, appropriate filings, and/or the making and keeping of records of the meetings and decisions of its officers and board of directors.

101. Defendants Regan, Yorke, Cohen and Drake chose to close down the operations of Auerbach without conducting an appropriate liquidation or wind down of Auerbach's assets and operations.

102. Defendants Regan, Yorke, Cohen and Drake chose to close down the operations of Auerbach without terminating the Plan or notifying beneficiaries that the Plan was in jeopardy, and / or that Defendants Regan, Yorke, Cohen and Drake had decided to cease funding the Plan.

103. At all times relevant here to Auerbach was run as the alter ego of Regan, Yorke, Cohen, and Drake.

104. Defendants Regan, Yorke, Cohen and Drake are liable for all of the conduct of Auerbach alleged in this action and are jointly and severally liable for Auerbach's conduct that has damaged the Plaintiff.

### XII.  TWELVTH CAUSE OF ACTION

### (Breach of Contract as to Auerbach, Regan, Yorke, Cohen and Drake)

105. Paragraphs 1-49 are replead as if fully set forth herein.

106. The Defendants had the obligation and duty of good faith and fair dealing with respect to the employment relationship with William Scovin and were obligated to comply with their agreement to provide COBRA and with the terms of COBRA and the Plan.

107. The aforesaid conduct, including their acceptance of his COBRA payment(s) was undertaken by the Defendant without providing the reciprocal expected benefit.

108. The Defendants accepted and negotiated Plaintiff's check payments after June 2001 and failed to make any payments to fund the Plan but used Plaintiff' payments elsewhere.

109. As a result, the Defendants have breached their contractual obligations and violated the covenant of good faith and fair dealing.

## **CLAIM FOR RELIEF**

WHEREFORE, Plaintiff requests that this Court :

1.  Assume Jurisdiction over this matter;

2.  Enjoin the Defendants from denying Plaintiff's claims and enjoin the Defendants to fund the Plan fully and have the Plan pay all of the outstanding medical claims previously presented to the Plan by beneficiaries, including the medical costs incurred by the Plaintiff;

3.  Enjoin the Defendants to settle or pay each of Plaintiff's outstanding medical bills which such bills should have been paid by the Plan;

4.  Award Plaintiff the medical expenses and coverage owed him under the Plan, plus prejudgment interest, and any other remedies available under ERISA;

5.  Award Plaintiff attorneys fees and costs, under ERISA;

6.  Award monetary damages under state law;

7.  Award punitive damages under the common law or under CUTPA;

8.  Award attorneys under CUTPA or the common law;

9.  Award such other legal or equitable relief to which the Plaintiff may be entitled.

THE PLAINTIFF, WILLIAM SCOVIN

By /s/ *signature*
Kevin M. Greco (ct 13195)
Peter M. Nolin (ct 06223)
**SANDAK HENNESSEY & GRECO LLP**
707 Summer Street
Stamford, CT 06901-1026
(203) 425-4200
FAX (203) 325-8608
kgreco@shglaw.com
pnolin@shglaw.com

Case 3:02-cv-01161-AWT    Document 153-7    Filed 01/13/2006    Page 12 of 12

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was mailed, postage prepaid to the following counsel and pro se parties on November 1, 2005:

Christopher G. Barnes, Esq.
Jeffrey L. Williams, Esq.
Jorden Burt
175 Powder Forest Drive, Suite 201
Simsbury, CT 06089

James M. Moriarty, Esq.
Mark S. Gregory, Esq.
Kelley Drye & Warren LLP
Two Stamford Plaza
281 Tresser Boulevard
Stamford, CT 06901

Robert G. Cushing, Esq.
Cushing Law Firm
420 East 54th Street
New York, NY 10178

Robert Drake
558 Lime Rock Road
Lakeville, CT 06039

Kevin M. Greco