# Exhibit 11

# Award
## NASD Dispute Resolution, Inc.

In the Matter of the Arbitration Between

Name of Claimant

Eileen Woodley

Case No. 98-04806

Names of Respondents

Auerbach, Pollak & Richardson, Inc.
Robert Pierce Onthank
SBC Warburg Dillon Read, Inc.
n/k/a UBS Warburg, LLC

## REPRESENTATION OF PARTIES

For Eileen Woodley, hereinafter referred to as "Claimant": Robert E. Gordon, Esq. and Lonnie K. Martens, Esq., Davis, Gordon & Doner, P.A. On or about May 24, 1999, Lonnie K. Martens, Esq., Kelly & Warren, P.A., West Palm Beach, Florida, substituted as counsel for Claimant.

For Auerbach, Pollak & Richardson, Inc. ("Auerbach"): Jan Douglas Atlas, Esq., Wayne H. Schwartz, Esq. and April I. Halle, Esq., Atlas Pearlman, P.A., Fort Lauderdale, Florida. On or about November 1, 2000, Ruthann G. Niosi, Esq., Law Offices of Ruthann G. Niosi, Esq., P.C., New York, New York, substituted as counsel for Respondent Auerbach.

For Robert Pierce Onthank ("Onthank"): Calvert D. Crary, Esq., Crary, Onthank & O'Neil, LLC, Westport, Connecticut.

For SBC Warburg Dillon Read, Inc. n/k/a UBS Warburg, LLC ("Warburg"): Kevin J. O'Grady, Esq., Ruden, McClosky, Smith, Schuster & Russell, P.A., Fort Lauderdale, Florida.

## CASE INFORMATION

Statement of Claim filed on or about: December 15, 1998.
Claimant signed the Uniform Submission Agreement on: December 10, 1998.
Statement of Answer to Statement of Claim filed by Respondent Auerbach on or about: March 22, 1999.
Respondent Auerbach signed the Uniform Submission Agreement on: March 30, 1999.
Statement of Answer to Statement of Claim filed by Respondent Onthank on or about: March 22, 1999.
Respondent Onthank signed the Uniform Submission Agreement on: June 15, 2000.
Statement of Answer to Statement of Claim, Affirmative Defenses and Crossclaim filed by

NASD Dispute Resolution, Inc.
Arbitration No. 98-04806
Award   Page 2

Respondent Warburg on or about: March 22, 1999.
Respondent Warburg signed but did not date the Uniform Submission Agreement.
Statement of Answer to Crossclaim filed by Respondent Auerbach on or about: April 20, 1999.
Statement of Answer to Crossclaim filed by Respondent Onthank on or about: April 22, 1999.

## CASE SUMMARY

Claimant asserted the following causes of action: 1) negligence and gross negligence; 2) violations of federal and Florida securities laws; 3) negligent supervision; and 4) breach of fiduciary duty. The causes of action relate to the unsuitable trading of Claimant's high quality equity and money fund portfolio into low-price, low quality shares, and the unsuitable purchase of shares of stock through private placements in Community Medical Transport, Inc. and Docunet, Inc.

Unless specifically admitted in its Answer, Respondent Auerbach denied the allegations made in the Statement of Claim and asserted the following defenses: 1) Claimant is a knowledgeable and sophisticated investor who was familiar with all transactions effectuated in her accounts; 2) Claimant accepted the risks and rewards of her investments; 3) Claimant's losses, if any, were caused by her own actions or inactions; 4) Claimant is barred from recovery by the doctrines of waiver, ratification and estoppel; 5) Respondent Auerbach acted in accordance with Claimant's instructions; 6) Claimant confirmed all purchases and sales; 7) Claimant's accounts were handled in compliance with applicable brokerage industry standards and guidelines and all regulatory requirements; 8) Respondent Auerbach acted with due diligence, in good faith and with the appropriate degree of care required under the circumstances; 9) Claimant's damages, if any, were contributed to or caused by conditions or events beyond the control of Respondent Auerbach, and therefore, Respondent Auerbach is not liable for said damages; 10) Claimant failed to state a claim upon which relief may be granted; 11) Claimant failed to state a claim for the recovery of attorneys' fees, as said claim for attorneys' fees is not supported by facts or permitted by applicable law; 12) Claimant failed to state a claim for the recovery of punitive damages, as said claim for punitive damages is neither supported by facts or permitted by applicable law; 13) Claimant is barred from recovery by the economic loss doctrine; 14) Respondent Auerbach made no statements of material facts that were false or misleading in connection with the securities purchased or sold in Claimant's accounts, and Respondent Auerbach did not omit any facts necessary to make the statements made, in light of the circumstances in which they were made, misleading in connection with the purchase or sale of securities in Claimant's accounts; 15) any decline in value of the securities in Claimant's accounts was caused, in whole or in part, by market conditions and events outside the control of Respondent Auerbach; 16) Claimant failed to act promptly and with due diligence to mitigate her damages, if any, after she knew or should have known of the alleged acts and omissions of which she complained; 17) Respondent Auerbach acted in good faith, exercised reasonable diligence and maintained a reasonable system of supervision and control over its employees; 18) any alleged misrepresentations or omissions were made without the knowledge of Respondent Auerbach

NASD Dispute Resolution, Inc.
Arbitration No. 98-04806
Award   Page 3

and in contravention of its express policies; and 19) each transaction in Claimant's accounts was suitable in light of Claimant's reported financial status and statement of investment objectives.

Unless specifically admitted in his Answer, Respondent Onthank denied the allegations made in the Statement of Claim and asserted the following defenses: 1) Claimant failed to state a claim upon which relief may be granted; 2) all purchases and sales effected by Respondent Onthank were made either on Claimant's express instructions or with Claimant's prior knowledge and consent; 3) all purchases and sales effected by Respondent Onthank were confirmed to Claimant and Claimant's accountant; 4) Claimant is barred from recovery by the doctrines of waiver, estoppel and ratification; 5) Respondent Onthank acted in good faith and in accordance with appropriate industry standards; 6) Respondent Onthank rendered highly professional advice to Claimant; 7) Claimant failed to prevent her alleged losses by not following Respondent Onthank's professional advice; 8) Respondent Onthank satisfied his duty of care and duty of loyalty owed to Claimant; 9) Claimant was a knowledgeable investor; 10) Claimant failed to mitigate her damages; 11) Claimant's alleged losses were caused by market conditions and Claimant's disregard of Respondent Onthank's recommendations to sell certain investments; 12) Claimant's alleged losses were caused by her own conduct; 13) the elements of a securities law violation under Rule 10b-5 of the Securities and Exchange Commission and under Section 517.01, Florida Statutes, et seq. are not satisfied by the facts as alleged in the Statement of Claim or as to be proven at trial; 14) Claimant's losses, if any, were the result of advice rendered by third parties; 15) Claimant failed to state a claim for punitive damages; and 16) Claimant failed to state a claim for recovery of attorneys' fees.

Unless specifically admitted in its Answer, Respondent Warburg denied the allegations made in the Statement of Claim and asserted the following defenses: 1) Respondent Warburg had no privity with Claimant; 2) Respondent Warburg provided no advice or counseling to Claimant, and therefore, Respondent Warburg is not responsible for trading decisions made by or on behalf of Claimant; 3) Respondent Warburg performed ministerial and administrative duties of a clearing broker and has no duty or liability to Claimant; 4) Claimant is barred from recovery by the economic loss rule to the extent Claimant seeks tort damages where a contractual relationship exists between the parties; 5) Claimant's claim for punitive damages is barred as a matter of law by Section 768.72, Florida Statutes; 6) punitive damages are unconstitutional under the Constitutions of the United States of America and the State of Florida; 7) Respondent Warburg, as a clearing broker, owed no fiduciary duty, duty to determine suitability of investments, or other duty to Claimant as a matter of law; 8) Respondent Warburg had no duty to supervise the introducing broker, as a matter of law; 9) Claimant's claim is made in bad faith as to Respondent Warburg as a clearing broker; 10) Claimant failed to state a claim upon which relief may be granted in that Claimant failed to allege facts establishing any duty that Respondent Warburg owed Claimant; failed to allege causation between Respondent Warburg's alleged conduct in any transaction entered into by Claimant; failed to allege harm suffered by Claimant; and failed to allege any actionable misrepresentation or omission; 11) Claimant failed to plead fraud with the particularity required to assert a securities law violation against Respondent

NASD Dispute Resolution, Inc.
Arbitration No. 98-04806
Award Page 4

Warburg; 12) Respondent Warburg, in the conduct of its affairs with respect to the allegations contained in the Statement of Claim, did not know, and in the exercise of reasonable care could not have known, of any of the acts, misstatements or omissions by Respondent Auerbach, its employees or any other person or entity referenced in the Statement of Claim; 13) Respondent Warburg acted in good faith at all times relevant to the allegations of the Statement of Claim; 14) any damages alleged in the Statement of Claim were not caused by, and instead resulted from, factors other than Respondent Warburg's alleged conduct; 15) Claimant does not have standing to sue Respondent Warburg to the extent that her deceased spouse or she purchased securities which are the subject of the Statement of Claim and prior to the time that Respondent Auerbach became Claimant's broker, or prior to the time that Respondent Warburg engaged in any conduct alleged to be wrongful; 16) Respondent Warburg was defrauded by those persons or entities referenced in the Statement of Claim to the extent said allegations are true; and 17) Claimant suffered no damages as a result of Respondent Warburg's actions or inactions.

Respondent Warburg asserted the following causes of action in its Crossclaim against Respondents Auerbach and Onthank: 1) common law indemnification; and 2) contribution.

Respondent Warburg asserted the following causes of action in its Crossclaim against Respondent Auerbach: 1) contractual indemnification; and 2) breach of contract.

Unless specifically admitted in its Answer, Respondent Auerbach denied the allegations made in the Crossclaim and asserted the following defenses: 1) Respondent Warburg failed to state a claim upon which relief may be granted; 2) Respondent Warburg is not entitled to recovery of damages if Claimant's losses, if any, arose out of the gross negligence or bad faith of Respondent Warburg; 3) any award against Respondent Auerbach should be entered only in accordance with Respondent Auerbach's proportionate share of fault, if any, pursuant to Section 768.81, Florida Statutes; 4) Respondent Warburg is barred from recovery by its failure to mitigate damages; 5) any right to contribution is premature as common liability, if any, has not been determined; 6) Respondent Auerbach cannot be held liable for contribution as Respondent Auerbach is not a joint tortfeasor; 7) Respondent Warburg's damages, if any, were contributed to or caused by conditions or events beyond the control of Respondent Auerbach; 8) Respondent Warburg is not entitled to recovery as it breached its obligations under paragraph 16 of the Clearing Agreement; 9) Claimant failed to perform all conditions precedent to the institution of the Crossclaim; and 10) Respondent Auerbach re-incorporates its affirmative defenses to the Statement of Claim.

Unless specifically admitted in his Answer, Respondent Onthank denied the allegations made in the Crossclaim and asserted the following defenses: 1) Claimant failed to state a claim upon which relief may be granted; 2) Respondent Onthank has no contractual relationship with Respondent Warburg; 3) Respondent Onthank was a retail broker at Respondent Auerbach, and in that capacity he did not undertake to indemnify Respondent Warburg or any other clearing firm; 4) Respondent Onthank justifiably relied upon Respondent Warburg, as clearing broker, to provide customary services as contracted for by Respondent Auerbach; and 5) Respondent Onthank re-incorporates his affirmative defenses to the Statement of

NASD Dispute Resolution, Inc.
Arbitration No. 98-04806
Award Page 5

Claim.

## RELIEF REQUESTED

Claimant requested: 1) compensatory damages for out-of-pocket losses in the amount of $1,338,596.13; 2) compensatory damages under well-managed portfolio theories in the amount ranging from $2,292,789.39 to $2,985,566.53; 3) punitive damages; 4) interest; 5) costs; 6) attorneys' fees; and 7) such other relief the undersigned arbitrators (the "Panel") deemed just and proper.

Respondent Auerbach requested: 1) dismissal of the Statement of Claim; 2) dismissal of the Crossclaim; 3) costs; 4) attorneys' fees; and 5) such other relief the Panel deemed just and proper.

Respondent Onthank requested: 1) dismissal of the Statement of Claim; and 2) dismissal of the Crossclaim.

Respondent Warburg requested: 1) dismissal of the Statement of Claim; 2) damages; 3) costs; 4) attorneys' fees; and 5) such other relief the Panel deemed just and proper.

## OTHER ISSUES CONSIDERED AND DECIDED

On or about November 3, 1999, the Panel denied Respondent Warburg's motion to dismiss.

At the evidentiary hearing and upon the conclusion of Claimant's case-in-chief, the Panel denied Respondent Warburg's motion for involuntary dismissal.

At the conclusion of the evidentiary hearing, Respondent Auerbach stated that it did not have a full and fair opportunity to be heard. On April 24, 2001, the Panel ordered Respondent Auerbach to file a written statement as to the reasons why Respondent Auerbach contended that it did not have a full and fair opportunity to be heard. On May 9, 2001, Respondent Auerbach filed its written statement wherein Respondent Auerbach contended that it was not fully aware of the events that transpired in the above-captioned arbitration proceeding during its representation by former legal counsel, and therefore, Respondent Auerbach was unable to definitively represent whether or not it had a full and fair opportunity to be heard. Respondent Onthank stated that he did not have a full and fair opportunity to be heard for the sole reason that the Panel declined to hear his rebuttal evidence on the issue of whether or not he had a sexual relationship with the Claimant, which she alleged and he denied during the evidentiary hearing. All other parties affirmatively stated that they had a full and fair opportunity to be heard.

The Panel finds that the disputed existence of any sexual relationship between Claimant and Respondent Onthank was not relevant to the Panel's determination of liability or damages.

The parties have agreed that the Award in this matter may be executed in counterpart copies

NASD Dispute Resolution, Inc.
Arbitration No. 98-04806
Award    Page 6

or that a handwritten, signed Award may be entered.

## AWARD

After considering the pleadings, the testimony and evidence presented at the hearing, and the post-hearing submissions (if any), the Panel has decided in full and final resolution of the issues submitted for determination as follows:

1.  All claims asserted by Claimant against Respondent Warburg are dismissed, with prejudice.

2.  Respondents Auerbach and Onthank are liable, jointly and severally, and shall pay to Claimant damages plus pre-judgment interest in the amount of $1,767,340.00 for unsuitable investments, excluding investments in Community Medical Transport, Inc. and Docunet, Inc. Post-judgment interest shall begin to accrue as of April 21, 2001 at the statutory rate under Florida law, and shall continue to accrue until the Award is paid or satisfied. The basis for this award includes unsuitable trading in violation of Chapter 517, Florida Statutes, and negligent supervision on the part of Auerbach.

3.  Respondents Auerbach and Onthank are liable, jointly and severally, for rescission and shall pay to Claimant damages plus pre-judgment interest in the amount of $1,085,500.00 for unsuitable investments in Community Medical Transport, Inc. and Docunet, Inc. Post-judgment interest shall begin to accrue as of April 21, 2001 at the statutory rate under Florida law, and shall continue to accrue until the Award is paid or satisfied. The basis for this award includes unsuitable trading in violation of Chapter 517, Florida Statutes, and negligent supervision on the part of Auerbach.

4.  Claimant's claim for punitive damages is denied.

5.  Respondents Auerbach and Onthank are liable, jointly and severally, and shall pay to Claimant reasonable attorneys' fees in an amount to be determined by a court of competent jurisdiction. Claimant's entitlement to attorneys' fees is based upon Section 517.211(6), Florida Statutes.

6.  Respondents Auerbach and Onthank are liable, jointly and severally, and shall pay to Claimant costs in the amount of $73,700.00.

7.  All other claims asserted by Claimant against Respondents Auerbach and Onthank are dismissed, with prejudice.

8.  Respondent Warburg is entitled to indemnification from Respondent Auerbach, pursuant to the Clearing Agreement dated December 4, 1995 between said parties, for costs and attorneys' fees in defending the Statement of Claim. However, Respondent Warburg is not entitled to be indemnified for costs incurred in connection with discovery in this matter of the arbitration proceeding before the New York Stock Exchange between Respondent

NASD Dispute Resolution, Inc.
Arbitration No. 98-04806
Award Page 7

Auerbach and Respondent Warburg. Based upon the foregoing, Respondent Auerbach is liable and shall pay to Respondent Warburg costs in the amount of $34,500.00 and reasonable attorneys' fees in an amount to be determined by a court of competent jurisdiction.

9. All other claims asserted by Respondent Warburg against Respondent Auerbach are dismissed, with prejudice.

10. All claims asserted by Respondent Warburg against Respondent Onthank are dismissed, with prejudice.

11. Respondent Warburg's claim for attorneys' fees against Respondent Onthank is denied.

12. All other requests for relief not specifically addressed herein are denied.

## FEES

Pursuant to the NASD Code of Arbitration Procedure (the "Code"), the following fees are assessed:

### Filing Fees
NASD Dispute Resolution, Inc. will retain or collect the non-refundable filing fees for each claim:

| | |
|---|---|
| Initial claim filing fee | = $250.00 |
| Crossclaim filing fee | = $500.00 |

### Member Fees
Member fees are assessed to each member firm that is a party in these proceedings or to the member firm that employed the associated person at the time of the events giving rise to the dispute. In this matter, the member firms are parties.

| | |
|---|---|
| Member surcharge | = $2,500.00 |
| Pre-hearing process fee | = $ 600.00 |
| Hearing process fee | = $4,500.00 |

### Adjournment Fees
Adjournments requested during these proceedings:

| | |
|---|---|
| January 24 through 28, 2000, adjournment request by Respondent Auerbach (adjournment fee assessed to Respondent Auerbach) | = $1,000.00 |
| June 12, 13 and 14, 2000, adjournment request by Respondent Auerbach (adjournment fee waived by Panel) | = $ 0.00 |
| November 6 and 7, 2000, adjournment request by Respondent Auerbach | = $1,000.00 |

NASD Dispute Resolution, Inc.
Arbitration No. 98-04806
Award  Page 8

---

(adjournment fee assessed to Respondent Auerbach)

November 20, 21 and 22, 2000, adjournment request by    = $1,000.00
Respondent Auerbach
(adjournment fee assessed to Respondent Auerbach)

### Forum Fees and Assessments

The Panel assesses forum fees for each hearing session conducted. A hearing session is any meeting between the parties and the arbitrator(s), including a pre-hearing conference with the arbitrator(s), that lasts four (4) hours or less. Fees associated with these proceedings are:

Four (4) Pre-hearing sessions with a single arbitrator x $300.00    = $ 1,200.00
Pre-hearing conferences:   September 24, 1999   2 sessions
                           January 4, 2000      1 session
                           November 1, 2000     1 session

Four (4) Pre-hearing sessions with Panel x $1,000.00    = $ 4,000.00
Pre-hearing conferences:   June 28, 1999        1 session
                           November 3, 1999     1 session
                           January 26, 2000     1 session
                           November 15, 2000    1 session

Thirty Five (35) Hearing sessions x $1,000.00    = $35,000.00
Hearing Dates:   June 15, 2000       2 sessions
                 June 16, 2000       2 sessions
                 June 26, 2000       2 sessions
                 June 27, 2000       2 sessions
                 June 28, 2000       2 sessions
                 June 29, 2000       2 sessions
                 June 30, 2000       2 sessions
                 October 4, 2000     2 sessions
                 October 5, 2000     2 sessions
                 October 6, 2000     2 sessions
                 October 26, 2000    2 sessions
                 October 27, 2000    2 sessions
                 December 18, 2000   1 session
                 December 19, 2000   2 sessions
                 April 17, 2001      2 sessions
                 April 18, 2001      2 sessions
                 April 19, 2001      2 sessions
                 April 20, 2001      2 sessions

Total Forum Fees    = $40,200.00

The Panel has assessed $10,000.00 of the forum fees jointly and severally to Respondents

NASD Dispute Resolution, Inc.
Arbitration No. 98-04806
Award   Page 9

Auerbach and Onthank.

The Panel has assessed $30,200.00 of the forum fees to Respondent Auerbach.

### Administrative Costs

Administrative costs are expenses incurred due to a request by a party for special services including, but not limited to, additional copies of arbitrator awards beyond those provided without charge, copies of audio transcripts, retrieval of documents from archives, interpreters, and security.

There were no administrative costs incurred during these proceedings.

### FEE SUMMARY

Claimant be and hereby is solely liable for:
| | |
|---|---|
| Initial Filing Fee | = $250.00 |
| Total Fees | = $250.00 |
| Less payments | = $250.00 |
| Balance Due NASD Dispute Resolution, Inc. | = $0.00 |

Respondent Auerbach be and hereby is solely liable for:
| | |
|---|---|
| Member Fees | = $ 7,600.00 |
| Adjournment Fees | = $ 3,000.00 |
| Forum Fees | = $30,200.00 |
| Total Fees | = $40,800.00 |
| Less payments | = $10,100.00 |
| Balance Due NASD Dispute Resolution, Inc. | = $30,700.00 |

Respondent Warburg be and hereby is solely liable for:
| | |
|---|---|
| Crossclaim Filing Fee | = $ 500.00 |
| Member Fees | = $7,600.00 |
| Total Fees | = $8,100.00 |
| Less payments | = $8,100.00 |
| Balance Due NASD Dispute Resolution, Inc. | = $0.00 |

Respondents Auerbach and Onthank be and hereby are jointly and severally liable for:
| | |
|---|---|
| Forum Fees | = $10,000.00 |
| Total Fees | = $10,000.00 |
| Less payments | = $ 0.00 |
| Balance Due NASD Dispute Resolution, Inc. | = $10,000.00 |

All balances are payable to NASD Dispute Resolution, Inc. and are due immediately upon receipt of the Award by the parties.

NASD Dispute Resolution, Inc.
Arbitration No. 98-04806
Award Page 10

## ARBITRATION PANEL

| | | |
|---|---|---|
| Nancy J. Cliff, Esq. | - | Public Arbitrator, Presiding Chair |
| James A. Porter, Esq. | - | Public Arbitrator |
| Daniel B. Daugherty | - | Non-Public Arbitrator |

### Concurring Arbitrators' Signatures

_____/s/_____
Nancy J. Cliff, Esq.                                          Signature Date
Public Arbitrator, Presiding Chair


_____/s/_____
James A. Porter, Esq.                                         Signature Date
Public Arbitrator


_____/s/_____
Daniel B. Daugherty                                           Signature Date
Industry Arbitrator


May 29, 2001
Date of Service (For NASD-DR office use only)

NASD Dispute Resolution, Inc.
Arbitration No. 98 04806
Award Page 10

## ARBITRATION PANEL

| | |
|---|---|
| Nancy J. Cliff, Esq. | Public Arbitrator, Presiding Chair |
| James A. Porter, Esq. | Public Arbitrator |
| Daniel B. Daugherty | Non-Public Arbitrator |

**Concurring Arbitrators' Signatures**

_____
Nancy J. Cliff, Esq.
Public Arbitrator, Presiding Chair

May 29, 2001
Signature Date

_____
James A. Porter, Esq.
Public Arbitrator

_____
Signature Date

_____
Daniel B. Daugherty
Industry Arbitrator

_____
Signature Date

_____
Date of Service (For NASD-DR office use only)

NASD Dispute Resolution, Inc.
Arbitration No. 98-04806
Award Page 10

## ARBITRATION PANEL

Nancy J. Cliff, Esq.      -    Public Arbitrator, Presiding Chair
James A. Porter, Esq.     -    Public Arbitrator
Daniel B. Daugherty       -    Non-Public Arbitrator

Concurring Arbitrators' Signatures

_____              _____
Nancy J. Cliff, Esq.                          Signature Date
Public Arbitrator, Presiding Chair

/s/ James A. Porter                           May 29, 2001
_____              _____
James A. Porter, Esq.                         Signature Date
Public Arbitrator

_____              _____
Daniel B. Daugherty                           Signature Date
Industry Arbitrator

_____
Date of Service (For NASD-DR office use only)

05/29/2001  11:42    5614177994                    NASDDR                          PAGE   11/11

NASD Dispute Resolution, Inc.
Arbitration No. 98-C4806
Award  Page 10

## ARBITRATION PANEL

| | | |
|---|---|---|
| Nancy J. Cliff, Esq. | - | Public Arbitrator, Presiding Chair |
| James A. Porter, Esq. | - | Public Arbitrator |
| Daniel B. Daugherty | - | Non-Public Arbitrator |

Concurring Arbitrators' Signatures

_____           _____
Nancy J. Cliff, Esq.                     Signature Date
Public Arbitrator, Presiding Chair


_____           _____
James A. Porter, Esq.                    Signature Date
Public Arbitrator:

[signature]                              5/29/01
Daniel B. Daugherty                      Signature Date
Industry Arbitrator


_____
Date of Service (For NASD-DR office use only)