UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| WILLIAM SCOVIN<br><br>        **Plaintiff,**<br><br>v.<br><br>GREAT-WEST LIFE & ANNUITY INS. CO.,<br>ONE HEALTH PLAN, INC., AUERBACH, POLLAK<br>& RICHARDSON, INC., HUGH REGAN,<br>LEWIS COHEN, ROBERT DRAKE, A. JONES<br>YORKE<br>        **Defendants.** | CIVIL ACTION NO.<br>3:02CV01161(AWT)<br><br><br><br><br><br><br><br><br>January 25, 2006 |

**MOTION FOR EXTENSION OF TIME TO RESPOND TO
DEFENDANTS REGAN, COHEN & YORKE'S
<u>MOTION FOR SUMMARY JUDGMENT</u>**

      The plaintiff, William Scovin, pursuant to Federal Rule of Civil Procedure 7(b)(1) and 56 (e) and (f), respectfully moves for a 45 day extension of time until March 20, 2006 to respond to Defendants Regan, Cohen & Yorke's Motion For Summary Judgment and Memorandum of Law in Support thereof.

**ORAL ARGUMENT NOT REQUESTED**

In support of this motion, the undersigned represents:

1. The above Defendants have filed a lengthy summary judgment motion seeking judgment on all Counts against them as set forth in Plaintiff's Amended Complaint.

2. Plaintiff, William Scovin brings this action under both ERISA and the common law seeking equitable relief and damages based upon the Defendants' conduct and failure to, among other things, pay his medical expenses for bi-lateral hip surgery in excess of $90,000.00.

3. By way of background, Defendants had refused to produce documents pursuant to discovery requests and deposition production requests.

4. On July 5, 2005, Plaintiff moved the Court to Compel Defendants' discovery.

5. On August 5th and 9th, the Defendants produced a total of approximately 163 pages of bates stamped documents consisting of background and other redacted information.

6. The production contained missing and incomplete pages, and an alternative Bates stamp number bearing letters "APR" which did not match the Bates # provided to Plaintiff.

7. Rather than continue waiting for the Defendants to produce the complete set of documents, the Plaintiff deposed the President of Defendant Auerbach, Defendant Hugh Regan on August 16, 2005 and the Chief Financial Officer, Defendant Yorke on August 16, 2005.

8. On September 1, 2005, Plaintiff deposed another Auerbach officer, Defendant Cohen.

9. During their depositions, these Defendants continued to assert, among other things, no knowledge as to any of the requested relevant and necessary corporate or personal records, of the facts and circumstances surrounding the subject claims, or as to documents of any kind.

10. On September 16, 2005, *after* the Defendants' depositions and in response to the September 13th oral argument before the Court on Plaintiff's July 5th Motion to Compel, the Defendants produced what appeared to be the unredacted and missing pages from prior discovery, along with additional documents bearing bates stamp #0164.1-0217. (Exh. A. September 16, 2005 letter).

11. On September 16, 2005, the Honorable Donna F. Martinez ordered the Defendants to produce the requested documents to Plaintiff and to provide affidavits detailing precisely what efforts were made to obtain the documents. (Exh. B).

12. On October 12, 2005, Defendants responded to the Court's order by producing documents bearing bates # 169-217. Defendants had previously produced other documents bearing these same bates numbers thus confusing the discovery further. The affidavits of Defendants Cohen and Yorke were included which outlined their alleged search efforts for responsive documents. They did not indicate that they inquired with Auerbach's secretary, Marc Koplik, Esq. or Attorney Cushing who represented Auerbach as a business.

13. On October 24, 2005, the Defendants produced an additional 40 pages consisting of Defendant Regan's tax returns for 2000 and 2001 without any affidavit as to his search efforts as per the Court's order. Plaintiff's counsel requested Regan's affidavit from Defense counsel but such has not been received by the undersigned.

14. During this period, the parties agreed to conduct the deposition of a key Colorado witness, Ms. Terri Spahn, via telephone.

15. On November 3, 2005, Defendants disclosed approximately 1000 additional pages of documents bearing Bates stamp # 293 – 1121. These documents purported to be the complete production of documents in the same form as received by Defendants from the Department of Labor. ( Exh. C., Letter dated November 3, 2005).

16. Based on the history of the case and a desire to resolve the case without additional litigation, the parties began active settlement.

17. In furtherance thereof, the Defendants' requested and Plaintiff agreed to an extension of time to respond to the Amended Complaint so that the parties could continue with meaningful discussions. In addition, the parties agreed to hold off Ms. Spahn's deposition.

18. On January 9, 2005, totally to Plaintiff's surprise, the Defendants' forwarded Plaintiff with another 432 pages of documents bearing bates # 1122-1554 allegedly from the Department of Labor. (Exh. D., letter dated January 9, 2006).

19. A review of Defendants' January 2006 production reveals that the Defendants' had the materials back in October 2005 and should have disclosed them with the other disclosed documents from the Dept. of Labor. Instead, Defendants withheld the documents in defiance of the Court order, their duty to disclose, and to gain advantage.

20. More troubling, the Defendants' hand picked omissions consist of the Department of Labor's conclusions and findings that Defendants Regan and Cohen *were fiduciaries* under the subject Plan, were responsible for Plaintiff's medical bills, and had violated ERISA. (Exh. E., Bates #1185-1190). These significant agency conclusions were sent *directly* to the Defendants who now maintain that they possess *no* responsive documents. The Defendants received these weighty documents in July 2003, *after* this action was commenced.

21. Defendants' calculated omissions further consist of the Dept. of Labor investigator's notes of interviews with the instant Defendants and other witnesses in the case. (Exh. F., Bates # 1195-1225). They are the backbone to the July 2003 conclusions that the Defendants are fiduciaries. The reports and interviews contain many references to the Defendants' control over the subject plan and its financing, as well their decisions not to terminate the Plan, and not to advise the employees. ( See, e.g., Exh. F., Bates # 1221).

22. Also contained in the documents are references that the Auerbach attorney(s), handled the business matters, that the Defendants' attorney(s) had documents and responded to

the Dept of Labor questions. The files of these attorneys in connection with winding up Defendant Auerbach's financials, business, and benefits are germane to this litigation and have not been produced.

23. These documents were withheld by the Defendants with full knowledge that Plaintiff was filing an Amended Complaint which, was to be done after the production of documents.

24. Defendants withheld these documents with the knowledge that they would be filing a Motion for Summary Judgment as to all counts on Plaintiff's Amended Complaint.

25. Defendants withheld these documents while conducting "settlement" discussions.

26. Defendants' conduct has prejudiced the Plaintiff from presenting his case and opposing the instant Motion for Summary Judgment. In fact, it appears that the Defendants have been engaged in a cat and mouse game all along.

27. These documents were released to the Plaintiff just 2 days before the Defendants filed their Summary Judgment motion.

28. Due to the Defendants' intentional conduct, Plaintiff has been prejudiced.

29. In addition, counsel for Plaintiff have immediate trial conflicts. Peter Nolin, Esq. and the undersigned represent Plaintiff. Attorney Nolin has been on trial for some time and will continue through at least February 10, 2006 and possibly longer, in the United States District Court before The Honorable Janet B. Arterton. The undersigned has a multi-party 2 day hearing

at the State Labor Board beginning January 30, 2006.  Simultaneously, the undersigned is preparing for and commencing a trial on February 1, 2006 which is expected to last about 6 days in the Stamford Superior Court, Judicial District of Stamford/Norwalk.  Wherefore, the additional time is needed in order to finish counsel's pending trials, contact the witnesses and obtain discovery on the newly disclosed information, and respond to Defendants' Motion.

    30.  Plaintiff's counsel has contacted Defendants' counsel, Mark Gregory, who indicated that he has no objection to this request for an additional 45 days.

    31.  Attorney Christopher G. Barnes, counsel for the co defendant Great-West Life & Annuity Insurance Co., also has no objection to the granting of this motion.

    32.  This is the Plaintiff's first request for an extension of time to respond. WHEREFORE, based on the above, the Plaintiff requests that this request for an extension of time be granted until March 20, 2006.

    THE PLAINTIFF, William Scovin

By_____/s/_____
Kevin M. Greco (ct13195)
Peter M. Nolin (ct06223)
**SANDAK HENNESSEY & GRECO LLP**
707 Summer Street
Stamford, CT  06901
Telephone (203) 425-4200
Facsimile (203) 325-8608
kgreco@sghlaw.com
pnolin@shglaw.com

**CERTIFICATE OF SERVICE**

  I hereby certify that a copy of the foregoing was mailed, postage prepaid to the following counsel and pro se parties on this 25th day of January, 2006.

Christopher G. Barnes, Esq.
Jeffrey L. Williams, Esq.
Jorden Burt
175 Powder Forest Drive, Suite 201
Simsbury, CT  06089

James M. Moriarty, Esq.
Mark S. Gregory, Esq.
Tracy Ellis Williams, Esq.
Kelley Drye & Warren LLP
Two Stamford Plaza
281 Tresser Boulevard
Stamford, CT  06901

Robert G. Cushing, Esq.
Cushing Law Firm
420 East 54th Street
New York, NY  10178

Robert Drake
558 Lime Rock Road
Lakeville, CT  06039

           _____/s/_____
           Kevin M. Greco