**Exhibit A**

A LIMITED LIABILITY PARTNERSHIP LLP

NEW YORK, NY
WASHINGTON, DC
TYSONS CORNER, VA
CHICAGO, IL
PARSIPPANY, NJ

BRUSSELS, BELGIUM

AFFILIATE OFFICES
JAKARTA, INDONESIA
MUMBAI, INDIA

TWO STAMFORD PLAZA
281 TRESSER BOULEVARD
STAMFORD, CONNECTICUT 06901-3229

(203) 324-1400

FACSIMILE
(203) 327-2669
www.kelleydrye.com

DIRECT LINE: (203) 351-8034
EMAIL: jmoriarty@kelleydrye.com

September 16, 2005

**VIA FIRST CLASS MAIL**
Kevin M. Greco, Esq.
Sandak Hennessey & Greco LLP
707 Summer Street
Stamford, Connecticut 06901

Re: <u>Scovin v. Great-West Life & Annuity Inc. Co., et al</u>

Dear Kevin:

Pursuant to my agreement to produce complete versions of documents that were previously produced in redacted format, I enclose documents Bate stamped 0032A, 0033A, 0105A, 0106A, 0107A, 0112A, 0115A, 0116A and 0123A. The "A" following the Bates number corresponds to the Bates number of the previously produced redacted document. I have also enclosed additional documents with the APR Bates numbers -- which I have Bates stamped 0164.1-0217 -- even though I continue to believe that these documents are non-responsive to your document requests and are wholly irrelevant to your client's purported causes of action. To the best of my knowledge, with this production I have produced all documents that I agreed to produce during oral argument on September 13, 2005.

Please provide me with your availability during the week of September 26, 2005 for your client's deposition. I have agreed to put the deposition off twice and have yet to be provided with a firm alternative date.

Very truly yours,

James M. Moriarty

cc:  Christopher G. Barnes, Esq. (*w/enclosures*)
Mr. Robert Drake (*w/enclosures*)
Richard G. Cushing, Esq.
Mark S. Gregory, Esq.

CT01/MORIJA/216046.3

**Exhibit B**

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| WILLIAM SCOVIN, | : |
| Plaintiff, | : |
| v. | : CASE NO. 3:02CV1161 (AWT) |
| GREAT WEST LIFE & ANNUITY INS. CO, et al., | : |
| Defendants. | : |

<u>RULING ON MOTION TO COMPEL</u>

Pending before the court is the plaintiff's Motion to Compel (doc. #135). After hearing oral argument on September 13, 2005, the court grants in part and denies in part the motion as follows:

Request for Production Nos. 1-3: Granted with the exception of written communications between the defendants Regan, Cohen and A. Jones Yorke and their trial counsel after the commencement of this action, which documents are not sought by the plaintiff. All other documents responsive to these requests shall be produced.

Request for Production No. 4: Granted to the extent there exist any documents and/or communications among the defendants concerning the subject matter of this litigation.

Request for Production No. 5: Granted.

Request for Production No. 6: Granted as modified by plaintiff's counsel in open court. During oral argument plaintiff's counsel limited the request to exclude documents reflecting payments from Auerbach, Pollack & Richardson, Inc.

during 1999.

Request for Production No. 7: Granted in part. Defendants Regan, Cohen and A. Jones Yorke shall produce personal tax returns for the fiscal years ending 2000 and 2001. Generally, "tax returns and other information regarding income are discoverable if relevant to the issues in a lawsuit." Yancey v. Hooten, 180 F.R.D. 203, 215 (D. Conn. 1998) (quoting Scott v. Arex, 124 F.R.D. 39, 41 (D. Conn. 1989) (other citations omitted)). However, the defendants' "income tax returns, even if containing some relevant financial information, are protectable from discovery as confidential documents if the party seeking protection demonstrates good cause to uphold its expectation of confidentiality, as well as the availability of reliable financial information from other sources." Id. (citation omitted). The tax returns for 2000 and 2001 are likely to lead to discoverable evidence regarding the plaintiff's allegations that the individual defendants may have been accepting monies while simultaneously not funding the Plan in violation of the defendants' alleged fiduciary duties to the Plan members. Defendants Regan, Cohen and A. Jones Yorke have not demonstrated good cause to show that their personal tax returns are protectable from discovery.

Request for Production No. 8: Denied as overbroad without prejudice to reformulating a more specific request. Although the request is improperly overbroad, some documents falling within the

2

scope of this request are clearly relevant. Counsel are encouraged to meet and confer in a good faith attempt to narrow the request and facilitate discovery of relevant documents.

Request for Production No. 9: Granted in part. Defendants Regan, Cohen and A. Jones Yorke shall produce all documents reflecting any ownership share each have had in Auerbach from 2000 to date.

Request for Production No. 10: Granted in part. Defendants Regan, Cohen and A. Jones Yorke shall produce all documents relating to any health care plan provided to Auerbach employees during 2000 or 2001.

Request for Production No. 11: Granted.

Request for Production No. 12: Granted.

Request for Production No. 13: Granted in part. Defendants Regan, Cohen and A. Jones Yorke shall produce all Minutes of Auerbach Board of Directors meetings during 2000 and 2001.

Request for Production No. 14: Granted in part. Defendants Regan, Cohen and A. Jones Yorke shall produce all financial records of Auerbach's health care plan for its employees during 2000 and 2001.

Request for Production No. 15: Granted.

Request for Production No. 16: Granted.

In producing documents in response to this order, Regan, Cohen and A. Jones Yorke are obligated to produce all documents in their

possession, custody or control. See Fed. R. Civ. P. 34. In opposition to nearly all of these requests, defendants Regan, Cohen and A. Jones Yorke have argued that they are not obligated to produce the requested documents because corporate documents of Auerbach, Pollak & Richardson are no longer in their possession. Rule 34(a) of the Federal Rules of Civil Procedure provides that a party may serve a request for production of documents which are "in the possession, custody or control of the party upon whom the request is served." The term "control" has been broadly construed by the federal courts, in keeping with liberal standards of discovery in the Federal Rules of Civil Procedure. See, e.g., M.L.C., Inc. v. North American Philips Corp., 109 F.R.D. 134 (S.D.N.Y. 1986). A party may not object to a request to produce on the ground that it does not possess the documents if the documents remain in its "control" such that the party has the right, authority, or ability to obtain the documents upon demand. Scott v. Arex, 124 F.R.D. 39, 41 (D. Conn. 1989) ("[a] party to a lawsuit cannot escape the obligation to produce documents by incanting . . . 'not in my possession'"). Regan, Cohen and A. Jones Yorke are directed to produce responsive documents within their possession, custody or control, or provide plaintiff with an affidavit detailing precisely what attempts each individual has made to obtain those documents, when those attempts were made, and to whom those attempts were addressed.

4

The parties are reminded of their meet and confer obligations under both the federal and local rules of procedure to resolve any differences and present to the court only those issues of discovery that are necessary for the full weight of judicial authority. The meet-and-confer requirement mandates that:

> [Parties must] meet, in person or by telephone, and make a genuine effort to resolve the dispute by determining . . . what the requested party is actually seeking; what the discovering party is reasonably capable of producing that is responsive to the request; and what specific genuine issues, if any, cannot be resolved without judicial intervention. . . .

Messier v. Southbury Training School, No. 3:94-CV-1706 (EBB), 1998 WL 841641, at *3 (D. Conn. Dec. 2, 1998) (citations omitted).

SO ORDERED at Hartford, Connecticut this 16th day of September, 2005.

_____/s/_____
Donna F. Martinez
United States Magistrate Judge

5

**Exhibit C**

## KELLEY DRYE & WARREN LLP

A LIMITED LIABILITY PARTNERSHIP

TWO STAMFORD PLAZA
281 TRESSER BOULEVARD
STAMFORD, CONNECTICUT 06901-3229

(203) 324-1400

NEW YORK, NY
WASHINGTON, DC
TYSONS CORNER, VA
CHICAGO, IL
PARSIPPANY, NJ

BRUSSELS, BELGIUM

AFFILIATE OFFICES
JAKARTA, INDONESIA
MUMBAI, INDIA

FACSIMILE
(203) 327-2669
www.kelleydrye.com

DIRECT LINE: (203) 351-8034
EMAIL: jmoriarty@kelleydrye.com

November 3, 2005

Kevin M. Greco, Esq.
Sandak Hennessey & Greco LLP
707 Summer Street
Stamford, Connecticut 06901

Re: Scovin v. Great-West Life & Annuity Ins. Co., et al.

Dear Kevin:

Enclosed are documents responsive to plaintiff's requests for production Bate stamped 0293 through 1121. These documents were obtained late last month from the United States Department of Labor pursuant to a FOIA request. The documents are produced in the same form they were received.

Sincerely,

James M. Moriarty

Enclosures

CT01/MORIJA/220300.3

**Exhibit D**

rec'd 1/10/06

# KELLEY DRYE & WARREN LLP

A LIMITED LIABILITY PARTNERSHIP

TWO STAMFORD PLAZA
281 TRESSER BOULEVARD
STAMFORD, CONNECTICUT 06901-3229

(203) 324-1400

NEW YORK, NY
WASHINGTON, DC
TYSONS CORNER, VA
CHICAGO, IL
PARSIPPANY, NJ

BRUSSELS, BELGIUM

AFFILIATE OFFICES
JAKARTA, INDONESIA
MUMBAI, INDIA

FACSIMILE
(203) 327-2669
www.kelleydrye.com

DIRECT LINE: (203) 351-8034
EMAIL: jmoriarty@kelleydrye.com

January 9, 2006

**VIA OVERNIGHT COURIER**

Kevin M. Greco, Esq.
Sandak Hennessey & Greco LLP
707 Summer Street
Stamford, Connecticut 06901

Re:   Scovin v. Great-West Life & Annuity Inc. Co., et al.

Dear Kevin:

Upon a further re-examination of your client's requests for production as we prepare a motion for summary judgment, we determined that the enclosed documents, Bate stamped 1122 through 1554 are arguably responsive to Request No. 1. These documents were obtained from the U.S. Department of Labor ("DOL") and we assume you already have them and/or could obtain them, as we did, via a FOIA request. That said, we are producing these arguably responsive documents to avoid any question that our clients have been less than forthcoming with respect to their discovery obligations.

Please note that a substantial portion of this production may be duplicative of our previous productions and that the documents are being produced in the same form that we received them, i.e., the documents were redacted prior to the DOL providing them to us.

Very truly yours,

James M. Moriarty

Enclosures
cc:   Richard G. Cushing, Esq. (*w/o enclosures*)
      Mark S. Gregory, Esq. (*w/o enclosures*)

CT01/MORIJA/220218.2

**Exhibit E**

**U.S. Department of Labor**   Employee Benefits Security Administration
33 Whitehall Street, Suite 1200
New York, New York 10004
Phone: (212) 607-8600
Fax: (212) 607-8681



**CERTIFIED MAIL – RETURN RECEIPT REQUESTED**

July 11, 2003

Mr. Hugh Regan
269 West 72nd Street
New York, N.Y. 10023

                              Re: Auerbach Pollak & Richardson Health Plan
                                Case No. 30–099386 (48)

Dear Mr. Regan:

The Department of Labor (the Department) has responsibility for administration and enforcement of Title I of the Employee Retirement Income Security Act of 1974 (ERISA). Title I establishes standards governing the operation of employee benefit plans such as the Auerbach Pollak & Richardson Health Plan (the Plan).

This office is continuing its investigation of the Plan and the activities of the Plan's fiduciaries. Based on the facts gathered in this investigation, and subject to the possibility that additional information may lead us to revise our views, it appears that, as a fiduciary to the Plan, you may have violated several provisions of ERISA. The purpose of this letter is to advise you of our findings and to give you an opportunity to correct the violations and restore any losses.

As we understand the facts, many of which were provided by you to this office during the course of our investigation, from the period of January 1, 2001 to the present, approximately $164,000 in participant health claims were not paid in accordance with the plan's provisions. In addition, employee and COBRA contributions to the Plan were retained by Plan fiduciary and sponsor Auerbach, Pollak & Richardson, Inc. and therefore not used to provide benefits. As the President and Chief Executive Officer of Auerbach Pollak & Richardson, Inc. you exercised discretionary control over the Plan therefore are a fiduciary as defined by ERISA Section 3(21) as well as a party-in-interest as defined in ERISA section 3(14)(A) and (H).

It is our view that by failing to ensure that these claims were paid and that by retaining contributions to the Plan you violated ERISA Sections 404(a)(1)(A), (B) and (D) and ERISA Sections 406(a)(1)(B), (D) and 406(b)(1) which provide:

1185

**Act Section 404(a)(1)** ... a fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and-

>   (A) for the exclusive purpose of:
>       (i) providing benefits to participants and their beneficiaries;
>
>   (B) with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims;
>
>   (D) in accordance with the documents and instruments governing the plan...

**Act Section 406(a)(1)** A fiduciary with respect to a plan shall not cause the plan to engage in a transaction, if he knows or should know that such transaction constitutes a direct or indirect-

>   (B) lending of money or other extension of credit between the plan and a party in interest;
>
>   (D) transfer to, or use by or for the benefit of, a party-in-interest, of any assets of the plan;

**Act Section 406(b)** A fiduciary with respect to a plan shall not
    (1) deal with the assets of the plan in his own interest or for his own account.

In our view, for the reasons cited above, you are in violation of ERISA and will remain so until the contributions and the claims in question are paid and all employee contributions have used to provide benefits.

We have provided the foregoing statement of our views to help you evaluate your obligations as a fiduciary within the meaning of ERISA. Should you fail to take corrective action, this matter may be referred to the Office of the Solicitor of Labor for possible legal action. In addition to any possible legal action by the Department, you should also be aware that the Secretary, pursuant to section 504(a) of ERISA, is authorized to furnish information to "any person... actually affected by any matter which is the subject" of an ERISA investigation. Further, even if the Secretary decided not to take any legal action in this matter, you would nonetheless remain subject to suit by other parties including plan fiduciaries and plan participants or their beneficiaries.

If you take proper corrective action the Department will not bring a lawsuit with regard to these issues. However, ERISA Section 502(l) requires the Secretary of Labor to assess a civil penalty against a fiduciary who breaches a fiduciary responsibility under, or commits any other violation

of, part 4 of Title I of ERISA or any other person who knowingly participates in such breach or violation. The penalty under Section 502(l) is equal to 20 percent of the "applicable recovery amount", a term which means any amount recovered from a fiduciary or other person with respect to a breach or violation either pursuant to a settlement agreement with the Secretary or ordered by a court to be paid in a judicial proceeding instituted by the Secretary.[a] Further, you should understand that the Department is speaking only for itself and only with regard to the issues discussed above; the Department has no authority to restrain any third party or any other governmental agency from taking any action it may deem appropriate.

We hope this letter will be helpful to you in the execution of your fiduciary duties, and that, with respect to the specific matters outlined, you will promptly discuss with us how these violations may be corrected. Please advise Senior Investigator George Maul, in writing, within ten (10) days of your receipt of this letter what action you propose to take with respect to the specific matters discussed.

Sincerely,

Francis C. Clisham by JK
Francis C. Clisham
Regional Director

FCC/gm

CC: Dennis Stein, Esq.

---

[a] The Department may, in its sole discretion, waive or reduce the penalty if it determines in writing that the fiduciary or knowing participant in the breach acted reasonably and in good faith, or it is reasonable to expect that the fiduciary or knowing participant will not be able to restore all losses to the plan without severe financial hardship unless such waiver or reduction is granted. The Department may, in its sole discretion, agree to such a waiver or reduction in conjunction with entering into a settlement agreement. The procedure for applying for a waiver or reduction of the civil penalty is set forth in an interim regulation promulgated by the Department at 29 C.F.R. 2570.80 to 2570.88. A petition for a waiver or reduction of the civil penalty should be directed to New York Regional Office.

**U.S. Department of Labor**  Employee Benefits Security Administration
33 Whitehall Street, Suite 1200
New York, New York 10004
Phone: (212) 607-8600
Fax:   (212) 607-8681



**CERTIFIED MAIL – RETURN RECEIPT REQUESTED**

July 11, 2003

Mr. Lewis H. Cohen
62 Devonshire Drive
Somerset, NJ 08873

        Re: Auerbach Pollak & Richardson Health Plan
          Case No. 30–099386 (48)

Dear Mr. Cohen:

The Department of Labor (the Department) has responsibility for administration and enforcement of Title I of the Employee Retirement Income Security Act of 1974 (ERISA). Title I establishes standards governing the operation of employee benefit plans such as the Auerbach Pollak & Richardson Health Plan (the Plan).

This office is continuing its investigation of the Plan and the activities of the Plan's fiduciaries. Based on the facts gathered in this investigation, and subject to the possibility that additional information may lead us to revise our views, it appears that, as a fiduciary to the Plan, you may have violated several provisions of ERISA. The purpose of this letter is to advise you of our findings and to give you an opportunity to correct the violations and restore any losses.

As we understand the facts, many of which were provided by you to this office during the course of our investigation, from the period of January 1, 2001 to the present, approximately $164,000 in participant health claims were not paid in accordance with the plan's provisions. In addition employee and COBRA contributions to the Plan were retained by Plan fiduciary and sponsor Auerbach, Pollak & Richardson, Inc. and therefore not used to provide benefits. As the Senior Vice President - Comptroller of Auerbach Pollak & Richardson, Inc. you exercised discretionary control over the Plan therefore are a fiduciary as defined by ERISA Section 3(21) as well as a party-in-interest as defined in ERISA section 3(14)(A) and (H).

It is our view that by failing to ensure that these claims were paid and that by retaining contributions to the Plan you violated ERISA Sections 404(a)(1)(A), (B) and (D) and ERISA Sections 406(a)(1)(B), (D) and 406(b)(1) which provide:

1188

**Act Section 404(a)(1)** ... a fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and-

    (A) for the exclusive purpose of:
        (i) providing benefits to participants and their beneficiaries;

    (B) with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims;

    (D) in accordance with the documents and instruments governing the plan...

**Act Section 406(a)(1)** A fiduciary with respect to a plan shall not cause the plan to engage in a transaction, if he knows or should know that such transaction constitutes a direct or indirect-

    (B) lending of money or other extension of credit between the plan and a party in interest;

    (D) transfer to, or use by or for the benefit of, a party-in-interest, of any assets of the plan;

**Act Section 406(b)** A fiduciary with respect to a plan shall not
    (1) deal with the assets of the plan in his own interest or for his own account.

In our view, for the reasons cited above, you are in violation of ERISA and will remain so until the contributions and the claims in question are paid and all employee contributions have used to provide benefits.

We have provided the foregoing statement of our views to help you evaluate your obligations as a fiduciary within the meaning of ERISA. Should you fail to take corrective action, this matter may be referred to the Office of the Solicitor of Labor for possible legal action. In addition to any possible legal action by the Department, you should also be aware that the Secretary, pursuant to section 504(a) of ERISA, is authorized to furnish information to "any person... actually affected by any matter which is the subject" of an ERISA investigation. Further, even if the Secretary decided not to take any legal action in this matter, you would nonetheless remain subject to suit by other parties including plan fiduciaries and plan participants or their beneficiaries.

If you take proper corrective action the Department will not bring a lawsuit with regard to these issues. However, ERISA Section 502(l) requires the Secretary of Labor to assess a civil penalty against a fiduciary who breaches a fiduciary responsibility under, or commits any other violation

1189

of, part 4 of Title I of ERISA or any other person who knowingly participates in such breach or violation. The penalty under Section 502(l) is equal to 20 percent of the "applicable recovery amount", a term which means any amount recovered from a fiduciary or other person with respect to a breach or violation either pursuant to a settlement agreement with the Secretary or ordered by a court to be paid in a judicial proceeding instituted by the Secretary.[a] Further, you should understand that the Department is speaking only for itself and only with regard to the issues discussed above; the Department has no authority to restrain any third party or any other governmental agency from taking any action it may deem appropriate.

We hope this letter will be helpful to you in the execution of your fiduciary duties, and that, with respect to the specific matters outlined, you will promptly discuss with us how these violations may be corrected. Please advise Senior Investigator George Maul, in writing, within ten (10) days of your receipt of this letter what action you propose to take with respect to the specific matters discussed.

Sincerely,

*Francis C. Clisham by JIC*

Francis C. Clisham
Regional Director

FCC/gm

CC: Dennis Stein, Esq.

---

[a] The Department may, in its sole discretion, waive or reduce the penalty if it determines in writing that the fiduciary or knowing participant in the breach acted reasonably and in good faith, or it is reasonable to expect that the fiduciary or knowing participant will not be able to restore all losses to the plan without severe financial hardship unless such waiver or reduction is granted. The Department may, in its sole discretion, agree to such a waiver or reduction in conjunction with entering into a settlement agreement. The procedure for applying for a waiver or reduction of the civil penalty is set forth in an interim regulation promulgated by the Department at 29 C.F.R. 2570.80 to 2570.88. A petition for a waiver or reduction of the civil penalty should be directed to New York Regional Office.