UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| WILLIAM SCOVIN ) | |
| ) | |
| **Plaintiff** ) | |
| v. ) | CIVIL ACTION NO. |
| ) | 3:02CV01161(AWT) |
| GREAT-WEST LIFE & ANNUITY INS. CO., ) | |
| ONE HEALTH PLAN, INC., AUERBACH, ) | |
| POLLAK & RICHARDSON, INC., HUGH ) | |
| REGAN, LEWIS COHEN, ROBERT DRAKE, ) | |
| A. JONES YORKE ) | |
| ) | |
| **Defendants.** ) | FEBRUARY 10, 2006 |

**MOTION FOR SANCTIONS**

The Plaintiff, William Scovin, pursuant to the Local Rule 37, moves the Court for sanctions against the Defendants Hugh Regan, Lewis Cohen, and A. Jones Yorke in connection with their failures to comply with the Court's Order regarding discovery and failures to produce all documents.  In support of this motion, the undersigned represents as follows:

1. Plaintiff, William Scovin brings this action under both ERISA and common law seeking equitable relief and damages based upon the Defendants' conduct and failure to, among other things, pay his medical expenses for a July 2001 bi-lateral hip surgery in excess of $90,000.00.

2. Having received no discovery from the Defendants, Plaintiff noticed the depositions of the Defendants for the last few days in June 2005 and included production requests.

**ORAL ARGUMENT NOT REQUESTED**

3. Within hours before Defendant Cohen's deposition was set to begin on June 30th, some 20 days after the notice was sent, and after Co-Defendant Regan's deposition was cancelled by defense counsel, Plaintiff's counsel received a faxed objection in letter form from defense counsel. In said letter, Defendants objected to the production of any and all documents requested in Defendants' deposition notice. The grounds were that the requested Auerbach information was irrelevant, over broad, and protected by privilege. In addition, Defendants objected to the production of the officers' financial information on the grounds that such request was "solely designed to harass and annoy" the Defendants and was irrelevant.

4. The Defendants' depositions did not proceed and on July 5, 2005, Plaintiff moved the Court to compel the Defendants to produce documents.

5. On August 5th and 9th, the Defendants produced a total of approximately 163 pages of Bates stamped documents consisting of background and other redacted information.

6. The production contained missing and incomplete pages, and an alternative Bates stamp number bearing letters "APR" which did not match the Bates # provided to Plaintiff.

7. In reliance on defense counsel's representations that no documents existed, Plaintiff deposed the President of Defendant Auerbach, Defendant Hugh Regan on August 16, 2005, the Chief Financial Officer, Defendant Yorke on August 16, 2005, and Defendant Lewis Cohen on September 1, 2005.

8. During their depositions, these Defendants continued to assert, among other things, no knowledge as to any of the requested relevant and necessary corporate or personal

records, of the facts and circumstances surrounding the subject claims, or as to documents relating to this matter of any kind.

9. On September 16, 2005, *after* the Defendants' depositions and in response to the September 13th oral argument before the Court on Plaintiff's July 5th Motion to Compel, the Defendants produced what appeared to be the unredacted and missing pages from prior discovery, along with additional documents bearing Bates stamp #0164.1-0217. (Exh. A. September 16, 2005 letter).

10. On September 16, 2005, the Honorable Donna F. Martinez ordered the Defendants to produce the requested documents to Plaintiff and to provide affidavits detailing precisely what efforts were made to obtain the documents. (Exh. B Order).

11. On October 12, 2005, Defendants responded to the Court's Order by producing documents bearing Bates #169-217. (Exh. C, letter).

12. Defendants previously produced a limited set of documents duplicating these same Bates numbers and created confusion in the discovery.

13. Per the Court's September 16th order, two of the three Defendants, Cohen and Yorke, produced copies of affidavits outlining their alleged search efforts for responsive documents. These affidavits were not Bates stamped. (Exh. D, Affidavits).

14. The two Defendants' affidavits are insufficient as the Defendants' subsequent untimely disclosures bear this out. These two Defendants made no effort or inquiry for documents from Defendant Auerbach's secretary, Marc Koplik, Esq,. or Attorney Cushing who represented Auerbach as a business in 2001.

15. For example, Attorney Cushing had direct dealings with Ms. Terri Spahn of Auerbach back in June of 2001, prior to the Plaintiff's surgery at issue in this case. Attorney Cushing was cc'd on faxes and directly sent faxes concerning the financial status of Auerbach as well as of the viability of the subject health plan. (Exh. E, Bates #1502, 1503, 1510, 1511).

16. On October 24, 2005, the Defendants produced an additional 40 pages consisting of Defendant Regan's tax returns for 2000 and 2001 pursuant to the Court's Order. (Exh. F, letter).

17. Defendant Regan produced no affidavit as to his search efforts as per the Court's September 16th Order. Plaintiff's counsel requested Regan's affidavit from defense counsel but such has not been received by the undersigned. Counsel again, however, stated that they had no responsive documents.

18. All along and as discussed with the Court and Defendants' counsel, Plaintiff had been waiting for the Defendants' production in order to amend the Complaint.

19. With no additional documents forthcoming, Plaintiff filed his Motion to Amend the Complaint dated November 1, 2005.

20. On November 3, 2005, Defendants disclosed approximately 1000 additional pages of documents bearing Bates stamp #293–1121. These documents were purported to be the "complete" set of documents in the same form as received by Defendants from the Department of Labor. (Exh. G, letter dated November 3, 2005).

21. Based on the history of the case and a desire to resolve the case without additional litigation, the parties began active settlement discussions.

22. The Defendants requested and Plaintiff agreed to an extension of time to respond to the Amended Complaint so that the parties could continue with meaningful discussions.

23. On January 9, 2006, Defendants' forwarded Plaintiff another 432 pages of documents bearing Bates #1122-1554 allegedly from the Department of Labor with a cover letter alerting that Defendants were filing a Motion for Summary Judgment. (Exh. H, letter dated January 9, 2006).

24. Three days later, Defendants filed a Motion for Summary Judgment as to all counts dated January 12, 2006.

25. A review of Defendants' January 9, 2006 production reveals a letter from the Department of Labor dated October 20, 2005 to the Defendants. (Exh. I).

26. Thus, Defendants were in possession of the Department of Labor documents in October, prior to their partial disclosure in November 2005. The Department of Labor's cover letter was not contained in the Defendants' November 3, 2005 disclosure.

27. More troubling, it is clear that the Defendants hand picked what they disclosed on November 3rd in an effort to gain advantage over the Plaintiff and in an effort to prejudice the Plaintiff in responding to Defendants' 11th hour Motion for Summary Judgment dated January 12, 2006. Existing in the January 9th disclosure, dated just days before Defendants' Motion for Summary Judgment, are the Department of Labor's conclusions and findings that Defendants Regan and Cohen *were fiduciaries* under the subject Plan, *were responsible* for Plaintiff's medical bills, and *had violated* ERISA. (Exh. J, Bates #1185-1190). These significant agency conclusions were sent *directly* to Defendant Regan and Cohen back in July 2003. These are the

same Defendants who maintained in their depositions that they possess *no* responsive documents. The Defendants individually received these weighty documents in July 2003, *after* this action was commenced and defense counsel purposefully withheld them from Plaintiff as well.

28. Defendants withheld these in violation of the Court's September 16, 2005 Order.

29. Defendants' calculated omissions in the November 2005 disclosure further consist of the Department of Labor investigator's notes of interviews with the instant Defendants and other witnesses in the case. (Exh. K, Bates #1195-1225). These interview notes are the backbone to the Department of Labor investigator's July 2003 conclusions that the Defendants are fiduciaries.

30. The reports and interviews contain many references to the Defendants' control over the subject plan and its financing, as well as their decisions not to terminate the Plan, and not to advise individuals, including the Plaintiff, of the problems. (Exh. K., Bates #1221).

31. As noted above, also contained in the documents are references that the Auerbach attorney(s), handled the business matters and had direct dealings with an employee of the Human Resources Department of the Defendant Auerbach, Ms. Terri Spahn, about the subject issues. (See, Exh. E). The company dealings necessarily included, among other things, information regarding the winding up of Defendant Auerbach's financials, business, and benefits which are germane to this litigation. The files from these Auerbach attorneys, however, have not been referenced in affidavits or produced.

32. Defendants withheld these documents with full knowledge that Plaintiff was filing an Amended Complaint which was to be done after the completion of the outstanding discovery.

33. Defendants withheld these documents while conducting "settlement" discussions.

34. Defendants withheld these documents with the knowledge that they would be filing a Motion for Summary Judgment as to all counts of Plaintiff's Amended Complaint.

35. Defendants withheld these documents up until the eve of the filing of their summary judgment motion.[a]

36. Due to the Defendants' intentional conduct, Plaintiff has been prejudiced.

WHEREFORE, the Plaintiff prays that this Motion for Sanctions be granted. Plaintiff further requests such other appropriate relief as the Court may deem appropriate including, attorneys fees, the denial of the Defendants' Motion for Summary Judgment, and that the Defendants be compelled to produce all documents and affidavits as to their search efforts.

THE PLAINTIFF,
William Scovin

By_____/s/_____
Kevin M. Greco (ct13195)
Peter M. Nolin (ct06223)
**SANDAK HENNESSEY & GRECO LLP**
707 Summer Street
Stamford, CT  06901
Telephone (203) 425-4200
Facsimile (203) 325-8608
kgreco@sghlaw.com
pnolin@shglaw.com

---

[a] The existence of the Department of Labor findings alone raise issues of material fact sufficient to defeat the Defendants' Motion for Summary Judgment and also raise issues with respect to Defendants' candor with the Court as no reference to same is made in Defendants' Motion.

**CERTIFICATE OF SERVICE**

       I hereby certify that a copy of the foregoing was mailed, postage prepaid to the following counsel and pro se parties on this 10th day of February, 2006.

Christopher G. Barnes, Esq.
Jeffrey L. Williams, Esq.
Jorden Burt
175 Powder Forest Drive, Suite 201
Simsbury, CT  06089

James M. Moriarty, Esq.
Mark S. Gregory, Esq.
Kelley Drye & Warren LLP
Two Stamford Plaza
281 Tresser Boulevard
Stamford, CT  06901

Robert G. Cushing, Esq.
Cushing Law Firm
420 East 54th Street
New York, NY  10178

Robert Drake
558 Lime Rock Road
Lakeville, CT  06039

                                                                                 /s/
                                                                               Kevin M. Greco