**Exhibit A**

**KELLEY DRYE & WARREN** LLP

A LIMITED LIABILITY PARTNERSHIP

TWO STAMFORD PLAZA

281 TRESSER BOULEVARD

STAMFORD, CONNECTICUT 06901-3229

(203) 324-1400

NEW YORK, NY
WASHINGTON, DC
TYSONS CORNER, VA
CHICAGO, IL
PARSIPPANY, NJ

BRUSSELS, BELGIUM

AFFILIATE OFFICES
JAKARTA, INDONESIA
MUMBAI, INDIA

FACSIMILE
(203) 327-2669
www.kelleydrye.com

DIRECT LINE: (203) 351-8034

EMAIL: jmoriarty@kelleydrye.com

September 16, 2005

**VIA FIRST CLASS MAIL**
Kevin M. Greco, Esq.
Sandak Hennessey & Greco LLP
707 Summer Street
Stamford, Connecticut 06901

Re:   <u>Scovin v. Great-West Life & Annuity Inc. Co., et al.</u>

Dear Kevin:

      Pursuant to my agreement to produce complete versions of documents that were previously produced in redacted format, I enclose documents Bate stamped 0032A, 0033A, 0105A, 0106A, 0107A, 0112A, 0115A, 0116A and 0123A. The "A" following the Bates number corresponds to the Bates number of the previously produced redacted document. I have also enclosed additional documents with the APR Bates numbers -- which I have Bates stamped 0164.1-0217 -- even though I continue to believe that these documents are non-responsive to your document requests and are wholly irrelevant to your client's purported causes of action. To the best of my knowledge, with this production I have produced all documents that I agreed to produce during oral argument on September 13, 2005.

      Please provide me with your availability during the week of September 26, 2005 for your client's deposition. I have agreed to put the deposition off twice and have yet to be provided with a firm alternative date.

Very truly yours,

*James T. Moriarty*

James M. Moriarty

cc:   Christopher G. Barnes, Esq. (*w/enclosures*)
      Mr. Robert Drake (*w/enclosures*)
      Richard G. Cushing, Esq.
      Mark S. Gregory, Esq.

CT01/MORIJA/216046.3

**Exhibit B**

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

WILLIAM SCOVIN,                   :
                                  :
     Plaintiff,                   :
                                  :
     v.                           :   CASE NO. 3:02CV1161 (AWT)
                                  :
GREAT WEST LIFE & ANNUITY         :
INS. CO, et al.,                  :
                                  :
     Defendants.                  :

RULING ON MOTION TO COMPEL

Pending before the court is the plaintiff's Motion to Compel (doc. #135). After hearing oral argument on September 13, 2005, the court grants in part and denies in part the motion as follows:

Request for Production Nos. 1-3: Granted with the exception of written communications between the defendants Regan, Cohen and A. Jones Yorke and their trial counsel after the commencement of this action, which documents are not sought by the plaintiff. All other documents responsive to these requests shall be produced.

Request for Production No. 4: Granted to the extent there exist any documents and/or communications among the defendants concerning the subject matter of this litigation.

Request for Production No. 5: Granted.

Request for Production No. 6: Granted as modified by plaintiff's counsel in open court. During oral argument plaintiff's counsel limited the request to exclude documents reflecting payments from Auerbach, Pollack & Richardson, Inc.

during 1999.

Request for Production No. 7: Granted in part.  Defendants Regan, Cohen and A. Jones Yorke shall produce personal tax returns for the fiscal years ending 2000 and 2001. Generally, "tax returns and other information regarding income are discoverable if relevant to the issues in a lawsuit." Yancey v. Hooten, 180 F.R.D. 203, 215 (D. Conn. 1998) (quoting Scott v. Arex, 124 F.R.D. 39, 41 (D. Conn. 1989) (other citations omitted)). However, the defendants' "income tax returns, even if containing some relevant financial information, are protectable from discovery as confidential documents if the party seeking protection demonstrates good cause to uphold its expectation of confidentiality, as well as the availability of reliable financial information from other sources." Id. (citation omitted). The tax returns for 2000 and 2001 are likely to lead to discoverable evidence regarding the plaintiff's allegations that the individual defendants may have been accepting monies while simultaneously not funding the Plan in violation of the defendants' alleged fiduciary duties to the Plan members. Defendants Regan, Cohen and A. Jones Yorke have not demonstrated good cause to show that their personal tax returns are protectable from discovery.

Request for Production No. 8: Denied as overbroad without prejudice to reformulating a more specific request. Although the request is improperly overbroad, some documents falling within the

2

scope of this request are clearly relevant. Counsel are encouraged to meet and confer in a good faith attempt to narrow the request and facilitate discovery of relevant documents.

Request for Production No. 9: Granted in part. Defendants Regan, Cohen and A. Jones Yorke shall produce all documents reflecting any ownership share each have had in Auerbach from 2000 to date.

Request for Production No. 10: Granted in part. Defendants Regan, Cohen and A. Jones Yorke shall produce all documents relating to any health care plan provided to Auerbach employees during 2000 or 2001.

Request for Production No. 11: Granted.

Request for Production No. 12: Granted.

Request for Production No. 13: Granted in part. Defendants Regan, Cohen and A. Jones Yorke shall produce all Minutes of Auerbach Board of Directors meetings during 2000 and 2001.

Request for Production No. 14: Granted in part. Defendants Regan, Cohen and A. Jones Yorke shall produce all financial records of Auerbach's health care plan for its employees during 2000 and 2001.

Request for Production No. 15: Granted.

Request for Production No. 16: Granted.

In producing documents in response to this order, Regan, Cohen and A. Jones Yorke are obligated to produce all documents in their

3

possession, custody or control. See Fed. R. Civ. P. 34. In opposition to nearly all of these requests, defendants Regan, Cohen and A. Jones Yorke have argued that they are not obligated to produce the requested documents because corporate documents of Auerbach, Pollak & Richardson are no longer in their possession. Rule 34(a) of the Federal Rules of Civil Procedure provides that a party may serve a request for production of documents which are "in the possession, custody or control of the party upon whom the request is served." The term "control" has been broadly construed by the federal courts, in keeping with liberal standards of discovery in the Federal Rules of Civil Procedure. See, e.g., M.L.C., Inc. v. North American Philips Corp., 109 F.R.D. 134 (S.D.N.Y. 1986). A party may not object to a request to produce on the ground that it does not possess the documents if the documents remain in its "control" such that the party has the right, authority, or ability to obtain the documents upon demand. Scott v. Arex, 124 F.R.D. 39, 41 (D. Conn. 1989) ("[a] party to a lawsuit cannot escape the obligation to produce documents by incanting . . . 'not in my possession'"). Regan, Cohen and A. Jones Yorke are directed to produce responsive documents within their possession, custody or control, or provide plaintiff with an affidavit detailing precisely what attempts each individual has made to obtain those documents, when those attempts were made, and to whom those attempts were addressed.

4

The parties are reminded of their meet and confer obligations under both the federal and local rules of procedure to resolve any differences and present to the court only those issues of discovery that are necessary for the full weight of judicial authority. The meet-and-confer requirement mandates that:

> [Parties must] meet, in person or by telephone, and make a genuine effort to resolve the dispute by determining . . . what the requested party is actually seeking; what the discovering party is reasonably capable of producing that is responsive to the request; and what specific genuine issues, if any, cannot be resolved without judicial intervention. . . .

<u>Messier v. Southbury Training School</u>, No. 3:94-CV-1706 (EBB), 1998 WL 841641, at *3 (D. Conn. Dec. 2, 1998) (citations omitted).

SO ORDERED at Hartford, Connecticut this 16th day of September, 2005.

_____/s/_____<br>
Donna F. Martinez<br>
United States Magistrate Judge

5

**Exhibit C**

**KELLEY DRYE & WARREN LLP**

A LIMITED LIABILITY PARTNERSHIP

TWO STAMFORD PLAZA

281 TRESSER BOULEVARD

STAMFORD, CONNECTICUT 06901-3229

(203) 324-1400

NEW YORK, NY
WASHINGTON, DC
TYSONS CORNER, VA
CHICAGO, IL
PARSIPPANY, NJ

BRUSSELS, BELGIUM

AFFILIATE OFFICES
JAKARTA, INDONESIA
MUMBAI, INDIA

FACSIMILE
(203) 327-2669
www.kelleydrye.com

DIRECT LINE: (203) 351-8034

EMAIL: jmoriarty@kelleydrye.com

October 12, 2005

**VIA HAND DELIVERY**

Kevin M. Greco, Esq.
Sandak Hennessey & Greco LLP
707 Summer Street
Stamford, Connecticut 06901

Re:   Scovin v. Great-West Life & Annuity Inc. Co., et al.

Dear Kevin:

In accordance with Magistrate Martinez' recent Ruling on plaintiff's Motion to Compel, I enclose documents Bate stamped 0165-0256 consisting of personal tax returns and an APR Focus Report (the Focus Report was obtained from a publicly available source). I also enclose declarations from Messrs. Cohen and Yorke. This production will be supplemented upon my receipt of additional materials.

Very truly yours,

James M. Moriarty

cc:   Richard G. Cushing, Esq.
      Mark S. Gregory, Esq.

CT01/MORIJA/220218.1

**Exhibit D**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| WILLIAM SCOVIN<br><br>Plaintiff,<br><br>v.<br><br>GREAT-WEST LIFE & ANNUITY INS. CO., ONE HEATH PLAN, INC., AUERBACH, POLLAK & RICHARDSON, INC., HUGH REGAN, LEWIS COHEN, ROBERT DRAKE and A. JONES YORKE,<br><br>Defendants. | CIVIL ACTION NO.: 02CV01161(AWT)<br><br><br><br><br><br>OCTOBER 10, 2005 |

## DECLARATION OF A. JONES YORKE

A. Jones Yorke declares as follows:

1.   I am a defendant in the above captioned action and submit this Declaration in accordance with Magistrate Martinez' September 16, 2005 Ruling ("Ruling") on Plaintiff's Motion to Compel.

2.   As I testified during my August 16, 2005 deposition, I searched for documents responsive to Plaintiff's Request for Production and do not have any responsive documents in my possession. In addition, I do not believe that any responsive documents are within my custody or control. Nevertheless, in an effort to comply in every possible respect with the Ruling, I conducted an additional search for documents in an attempt to ascertain the location of responsive documents.

3. As I testified during my deposition, I did not receive a salary for my service as a Director on the Auerbach, Pollack and Richardson, Inc. ("APR") Board of Directors. That said, and in order to comply with the Ruling, I contacted my tax preparer to obtain my federal income tax returns for the years 2000 and 2001. These documents have been obtained and produced.

4. As I also testified during my deposition, I believe my letter of resignation from the APR Bboard was forwarded to Robert Drake, who was the compliance officer of APR and is a defendant in this matter. I had previously contacted Mr. Drake to determine if he was aware of the location of my resignation letter or any other responsive documents. Mr. Drake indicated that he did not have any responsive documents in his possession.

5. Subsequent to my conversation with Mr. Drake, I learned that it was his recollection that he placed any APR documents that he had into storage at Kaster Moving and Storage ("Kaster") in Stamford, Connecticut prior to the time APR ceased conducting business operations. My counsel was instructed to contact Kaster in an effort to ascertain whether any APR documents remained there. We were informed by the President of Kaster, Mr. Kevin Kaster, that Kaster had provided business document storage services to APR. Mr. Kaster further stated that all APR documents stored at Kaster were destroyed within nine (9) to 12 months of APR ceasing operations because APR had failed to pay storage charges.

6. Mr. Scovin filed a complaint with the United States Department of Labor in connection with his unpaid medical bills. APR was represented in that matter by

Attorney Dennis Stein. My counsel contacted Attorney Stein to ascertain whether he had any documents responsive to Plaintiff's document requests. Upon information and belief, all of the documents retained by Attorney Stein in connection with his representation of APR have already been produced to Plaintiff.

I declare under penalty of perjury pursuant to 28 U.S.C. §1746 that the foregoing is true and correct to the best of my knowledge, information and belief.

Executed this 10th day of October 2005 at New York, New York.

*/s/ A. Jones Yorke*
A. Jones Yorke

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing was served via hand delivery this 11th day of October, 2005 on the following counsel of record:

>Kevin M. Greco, Esq.
>Stephanie A. McLaughlin, Esq.
>Peter M. Nolin, Esq.
>Sandak Hennessey & Greco
>707 Summer Street
>Stamford, Connecticut 06901
>(203) 425-4200
>(203) 325-8608 (facsimile)
>***Attorneys for William Scovin***

*/s/ James M. Moriarty*
James M. Moriarty

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| WILLIAM SCOVIN<br><br>Plaintiff,<br><br>v.<br><br>GREAT-WEST LIFE & ANNUITY INS. CO., ONE HEATH PLAN, INC., AUERBACH, POLLAK & RICHARDSON, INC., HUGH REGAN, LEWIS COHEN, ROBERT DRAKE and A. JONES YORKE,<br><br>Defendants. | CIVIL ACTION NO.: 02CV01161(AWT)<br><br><br><br><br><br><br><br><br><br>OCTOBER 10, 2005 |

### DECLARATION OF LEWIS COHEN

Lewis Cohen declares as follows:

1. I am a defendant in the above captioned action and submit this Declaration in accordance with Magistrate Martinez' September 16, 2005 Ruling ("Ruling") on Plaintiff's Motion to Compel.

2. As I testified during my September 1, 2005 deposition, I do not have any documents responsive to Plaintiff's Request for Production in my possession nor I do believe that any are within my custody or control. Moreover, as I testified during my deposition, I was not a member of the Auerbach, Pollack and Richardson, Inc. ("APR") Board of Directors nor did I have any ownership interest in APR. In any event, and in an effort to

comply in every possible respect with the Ruling, I have attempted to ascertain the whereabouts of responsive documents.

3.  I have contacted my tax preparers to obtain my federal income tax returns for the years 2000 and 2001. I was successful in obtaining my federal return for 2001 but was unable to obtain my federal return for 2000. I do have my 2000 New York State return in my possession and will produce both my 2001 federal return and 2000 New York State return in an effort to fully comply with the Ruling.

4.  Based upon my recollection, knowledge and belief, Robert Drake, who is also a defendant in this matter, was the keeper of records for APR at the time my employment with APR terminated.

5.  I contacted Mr. Drake in an effort to ascertain if he had any knowledge as to where responsive documents may be located. Mr. Drake informed me that he did not have any responsive documents in his possession but that it was his recollection that he placed any APR documents that he had into storage at Kaster Moving and Storage ("Kaster") in Stamford, Connecticut prior to the time APR ceased conducting business operations.

6.  At my request, my counsel contacted Kaster in an effort to ascertain whether any APR documents remained there. We were informed by the President of Kaster, Mr. Kevin Kaster, that Kaster had provided business document storage services to APR. Mr. Kaster further stated that all APR documents stored at Kaster were destroyed within nine (9) to twelve (12) months of APR ceasing operations because APR had failed to pay storage charges.

-3-

7. Based upon information and belief, Mr. Scovin filed a complaint with the United States Department of Labor in connection with his unpaid medical bills. APR was represented in that matter by Attorney Dennis Stein. At my request, my counsel contacted Attorney Stein to ascertain whether he had any documents responsive to Plaintiff's document requests. Upon information and belief, all of the documents retained by Attorney Stein in connection with his representation of APR have already been produced to Plaintiff.

I declare under penalty of perjury pursuant to 28 U.S.C. §1746 that the foregoing is true and correct to the best of my knowledge, information and belief.

Executed this 10th day of October 2005 at New York, New York.

*/s/ Lewis Cohen*
Lewis Cohen

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing was served via hand delivery this 11th day of October, 2005 on the following counsel of record:

> Kevin M. Greco, Esq.
> Stephanie A. McLaughlin, Esq.
> Peter M. Nolin, Esq.
> Sandak Hennessey & Greco
> 707 Summer Street
> Stamford, Connecticut 06901
> (203) 425-4200
> (203) 325-8608 (facsimile)
> ***Attorneys for William Scovin***

_____
James M. Moriarty

CT01/MORIJA/220010.1                    -4-