UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| WILLIAM SCOVIN ) | |
| ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | CIVIL ACTION NO. |
| v. ) | 3:02CV01161(AWT) |
| ) | |
| GREAT-WEST LIFE & ANNUITY INS. CO., ) | |
| ONE HEALTH PLAN, INC., AUERBACH, POLLAK ) | |
| & RICHARDSON, INC., HUGH REGAN, ) | |
| LEWIS COHEN, ROBERT DRAKE, A. JONES ) | |
| YORKE ) | |
| **Defendants.** ) | |
| ) | MARCH 9, 2006 |

**MOTION FOR EXTENSION OF TIME TO RESPOND TO
DEFENDANTS REGAN, COHEN & YORKE'S
<u>MOTION FOR SUMMARY JUDGMENT</u>**

The plaintiff, William Scovin, pursuant to Federal Rule of Civil Procedure 7(b)(1) and 56 (e) and (f), respectfully moves for a 14 day extension of time until April 4, 2006 to respond to Defendants Regan, Cohen & Yorke's Motion For Summary Judgment and Memorandum of Law in Support thereof.

In support of this motion, the undersigned represents:

1.  Plaintiff William Scovin brings this action under ERISA and common law seeking equitable relief and damages based upon the Defendants failure to pay his medical expenses for bi-lateral hip surgery in excess of $90,000.00.

2.  After Plaintiff's November 2005 Amended Complaint, Defendants opened settlement discussions.  In connection therewith, the parties agreed to postpone taking the telephonic deposition of Ms. Spahn, Auerbach's former human resources employee who resides in Colorado.  Her deposition is key to this case as she was involved in the Auerbach Health Plan at issue in the case and had dealings with all of the Defendants.

3.  Mid January 2006, Defendants filed a Summary Judgment Motion as to all counts of the Amended Complaint.

4.  Defendants are aware that Spahn's deposition did not proceed per their agreement and are well aware that Spahn's deposition is needed to respond to Defendants' Motion.

5.  Ms. Spahn's deposition presented some difficult scheduling conflicts and was noticed for Friday, March 10, 2005 at 3 PM.

6.  After it was noticed, Counsel for Great West, Chris Barnes, informed the parties that he is in Chicago on business through Friday March 10th and cannot attend the deposition.  He asked that it be put over and it was reset for next Friday, March 17th.

7. Defendants Regan, Cohen, and Yorke have reversed their position and now voice objection to a telephonic deposition of Ms. Spahn. This reversal has occurred after their prior requests and agreement to postpone same and spend efforts on settling the case. Clearly, this reversal is designed to obtain an unfair advantage and prejudice the Plaintiff's ability to respond to Defendants' Summary Judgment.

8. As a result, Plaintiff has been forced to move the Court, and has filed separately herewith, for emergency permission to take a telephonic deposition of Ms. Spahn in Colorado on March 17, 2006.

9. Ms. Spahn's deposition has been rescheduled for Friday, March 17, 2006 to accommodate the parties and the deponent.

10. Plaintiff had previously moved for an extension of time to respond to Defendants Motion for Summary Judgment to obtain the necessary discovery and deposition(s) which was just granted by the Court.

11. Upon the completion of her deposition, and obtaining of the transcript, Plaintiff will add her testimony and complete Plaintiff's Objection to Defendants' Motion for Summary Judgment.

12. This is the Plaintiff's second request for an extension of time.

13. Attorney Christopher G. Barnes, counsel for the co defendant Great-West Life & Annuity Insurance Co., has no objection to the granting of this motion to extend time.

14. Plaintiff's counsel contacted Defendants Regan, Cohen and Yorke's counsel, Mark Gregory, who initially indicated that he would agree to the Plaintiff's request *if* the Plaintiff agreed to withdraw his Motion for Sanctions based on Defendants' failure to respond to discovery. Plaintiff's Motion for Sanctions against Defendants Regan, Cohen, and Yorke is pending before The Honorable Donna F. Martinez.

15. In response to counsel's statement, the undersigned indicated that the two issues were separate. As a result, Defendants' counsel stated that he would not agree or consent to the granting of this motion. As a further result, Defense counsel now refuses to take a telephonic deposition as agreed. Plaintiff's counsel again called Attorney Gregory in an attempt to further discuss and has not received a return call.

WHEREFORE, based on the above, the Plaintiff requests that this request for an extension of 15 days be granted from March 20, 2006 until April 5, 2006 or until such a reasonable date as the Court deems fit based after the ruling on Plaintiff's Emergency Motion to Take Deposition By Telephone dated March 9, 2006.

THE PLAINTIFF, William Scovin

By_____/s/_____
    Kevin M. Greco (ct13195)
    Peter M. Nolin (ct06223)
    **SANDAK HENNESSEY & GRECO LLP**
    707 Summer Street
    Stamford, CT  06901
    Telephone (203) 425-4200
    Facsimile (203) 325-8608
    kgreco@sghlaw.com
    pnolin@shglaw.com

**CERTIFICATE OF SERVICE**

  I hereby certify that a copy of the foregoing was mailed, postage prepaid to the following counsel and pro se parties on this 9th day of March, 2006.

Christopher G. Barnes, Esq.
Jeffrey L. Williams, Esq.
Jorden Burt
175 Powder Forest Drive, Suite 201
Simsbury, CT  06089

James M. Moriarty, Esq.
Mark S. Gregory, Esq.
Tracy Ellis Williams, Esq.
Kelley Drye & Warren LLP
Two Stamford Plaza
281 Tresser Boulevard
Stamford, CT  06901

Robert G. Cushing, Esq.
Cushing Law Firm
420 East 54th Street
New York, NY  10178

Robert Drake
558 Lime Rock Road
Lakeville, CT  06039

            _____/s/_____
            Kevin M. Greco