IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| WILLIAM SCOVIN<br><br>Plaintiff,<br><br>v.<br><br>GREAT-WEST LIFE & ANNUITY INS. CO., ONE HEATH PLAN, INC., AUERBACH, POLLAK & RICHARDSON, INC., HUGH REGAN, LEWIS COHEN, ROBERT DRAKE and A. JONES YORKE,<br><br>Defendants. | CIVIL ACTION NO.: 02CV01161(AWT)<br><br><br><br><br><br><br><br><br><br>MARCH 10, 2006 |

**MEMORANDUM IN OPPOSITION TO PLAINTIFF'S
EMERGENCY MOTION TO TAKE DEPOSITION BY TELEPHONE**

Defendants Hugh Regan, Lewis Cohen and A. Jones Yorke (collectively, "Individual Defendants") respectfully submit this memorandum in opposition to the Emergency Motion to Take Deposition by Telephone filed by plaintiff William Scovin ("Scovin"). The grounds Scovin asserts in support of his motion are, for the most part, false and they omit critical facts. Those omissions make the motion materially misleading and reveal that to the extent Scovin finds himself in an "emergency" position, it is entirely a result of his own doing. The motion should be denied.

The objection the Individual Defendants have is not with the proposed telephonic nature of the deposition per se but with the untimely request that it be taken at all.[1]

---

[1] Scovin's initial attempts to arrange the telephone deposition failed to comply with Rule 30(b)(7). The Individual Defendants noted Scovin's mistakes in letters to him because their fundamental objection rests on

Scovin initiated this lawsuit in July 2002. He knew *at that time* of Ms. Spahn's identity and her involvement in the underlying events as the Plan Administrator of the subject health care plan. Indeed, documents produced by Scovin demonstrate that he had conversations with Ms. Spahn about his unpaid medical bills in February 2002, months before this litigation was even commenced. If Scovin believed that Ms. Spahn's deposition were important enough to take, he had ample time to take it prior to the discovery cut-off date.

Notably absent from Scovin's "emergency" motion is any reference to the discovery deadline. At his request last year, the Court re-set the discovery cut-off date to August 31, 2005. The existence of that Order of the Court has meaning and cannot be ignored. For Scovin to pursue discovery more than six months after the deadline, and then to disregard the Order's impact in his motion, represents nothing short of contempt. Scovin knew full well at the time he made his motion that the fundamental objection the Individual Defendants have is with the untimeliness of the Notice of Deposition. A copy of a March 9, 2005 letter to Scovin's counsel is attached hereto as Exhibit A.

While it is true that there were some sporadic settlement discussions between Scovin and the Individual Defendants, those discussions were not successful. It was clear by late December that a settlement was not possible in the near-term. During the period of settlement discussions, work on the litigation did not stop. Among other things, the Individual Defendants produced additional documents that they received from the United States Department of Labor after the discovery cut-off date. The additional documents did

---

more than the technicalities in the procedures Scovin intended to follow. Likewise, the Individual Defendants stressed that their objection was not with the particular date Scovin picked for the deposition because they could get deposition coverage for any date if it was necessary for them to do so.

2

not change the importance of Ms. Spahn in respect of the underlying events. Scovin knew ***before*** he commenced this action that Ms. Spahn had spoken to the Department of Labor investigator who was investigating Scovin's claim for unpaid medical bills; he cannot claim to be surprised that Ms. Spahn was interviewed by the Department of Labor.[2]

Certainly, though he should have realized it earlier, Scovin must have realized on January 9, 2006, when the Individual Defendants informed him of their intent to file a motion for summary judgment, that he needed to litigate. Rather than make any effort to schedule the deposition then, Scovin did nothing. He made a motion for a 45 day extension of time to respond to the summary judgment motion and, now that most of the extra 45 days has passed, Scovin apparently realizes that he does not have evidence sufficient to create a genuine issue of material fact. It is that realization which is causing his untimely attempt to re-open the discovery.[3]

In short, Scovin has had well over three years to depose Ms. Spahn but for reasons known to him alone, chose not to do so. His attempt to disregard the Court Order regarding discovery should not be permitted. All he is doing now is causing the other parties to the litigation to incur considerable additional expense.

---

[2] The only thing that is surprising is that Scovin did not make his own FOIA request to the Department of Labor.

[3] In addition to serving the Notice of Deposition for Ms. Spahn's deposition, Scovin recently propounded lengthy Requests for Admission and served a Notice of Deposition (but not a subpoena) for Richard Cushing, one of the Individual Defendants' attorneys.

## CONCLUSION

For all the foregoing reasons, Scovin's "emergency" motion should be denied in all respects.

                                        LEWIS COHEN, HUGH REGAN AND
                                        A. JONES YORKE

                                        By: /s/ Mark A. Gregory
                                            Mark S. Gregory (ct12232)
                                            James M. Moriarty (ct 21876)
                                            Kelley Drye & Warren LLP
                                            Two Stamford Plaza
                                            281 Tresser Boulevard
                                            Stamford, Connecticut 06901-3229
                                            Telephone: (203) 324-1400
                                            Facsimile: (203) 327-2669
                                            E-mail: mgregory@kelleydrye.com
                                                             jmoriarty@kelleydrye.com

                                        and

                                        Richard G. Cushing (ct15997)
                                        Cushing Law Firm, P.C.
                                        420 East 54th Street
                                        New York, New York 10022
                                        Telephone: (212) 371-8880
                                        Facsimile: (212) 704-6288
                                        E-mail: richard.cushing@trautman.com.

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing was served via overnight mail, this 10th day of March, 2006 on all counsel of record as follows:

Kevin M. Greco, Esq.
Stephanie A. McLaughlin, Esq.
Peter M. Nolin, Esq.
Sandak Hennessey & Greco
707 Summer Street
Stamford, Connecticut 06901
(203) 425-4200
(203) 325-8608 (facsimile)
***Attorneys for William Scovin***

Christopher G. Barnes, Esq.
Jeffrey L. Williams, Esq.
Jorden Burt
175 Powder Forest Drive,
Suite 201
Simsbury, Connecticut 06089
(860) 392-5018
(860) 392-5058 (facsimile)
***Attorneys for Great West Life & Annuity Insurance. Co.
and One Health Plan, Inc.***

Mr. Robert Drake
558 Lime Rock Road
Lakeville, Connecticut 06039
***(Pro se)***

_____
James M. Moriarty