# Exhibit A

Case 3:02-cv-01161-AWT    Document 162-2    Filed 03/13/2006    Page 1 of 3

# KELLEY DRYE & WARREN LLP
A LIMITED LIABILITY PARTNERSHIP

TWO STAMFORD PLAZA
281 TRESSER BOULEVARD
STAMFORD, CONNECTICUT 06901-3229

(203) 324-1400

NEW YORK, NY
WASHINGTON, DC
TYSONS CORNER, VA
CHICAGO, IL
PARSIPPANY, NJ

BRUSSELS, BELGIUM

AFFILIATE OFFICES
JAKARTA, INDONESIA
MUMBAI, INDIA

FACSIMILE
(203) 327-2669
www.kelleydrye.com

MARK S. GREGORY
DIRECT LINE: (203) 351-8057
EMAIL: mgregory@kelleydrye.com

March 9, 2006

**VIA FACSIMILE**
Kevin M. Greco, Esq.
Sandak Hennessey & Greco LLP
707 Summer Street
Stamford, Connecticut 06901

Re:    Scovin v. Great-West Life & Annuity Inc. Co., et al.

Dear Kevin:

I write to follow-up on our conversations and voicemails regarding your request to take Terri Spahn's deposition by telephone tomorrow or next Friday and for an extension of time to respond to the pending summary judgment motion.

The proposed deposition suffers from flaws under Rule 30(b)(7). In addition to the lack of authorization issues we previously noted, we now understand that you intend to have the "testimony" transcribed by a Connecticut stenographer. Lest you make another baseless accusation that we are sandbagging you, I am letting you know that we believe the intended procedure does not work. The person administering the oath and transcribing the testimony must be at the same location as the witness or the product cannot be considered testimony at all.

More fundamentally, our objection rests on the untimeliness of the deposition. The discovery cut-off date in this case was extended to August 31, 2005 at your request. When we told you on August 12, 2005 that we would stipulate to Ms. Spahn's deposition by phone, we assumed that it would take place before the discovery cut-off date, not some six months later. This is not a situation where the identity of the witness just became known. Based on the documents produced by your client, Ms. Spahn's identity and role with respect to the APR healthcare plan had to have been known to you prior to the commencement of this lawsuit in July, 2002. If Ms. Spahn's deposition were deemed important enough to take, it certainly could have been scheduled and completed in the three (3) years between the commencement of the lawsuit and the discovery cut-off date. Raising the claimed need to take the deposition now,

CT01/GREGM/225532.1

**KELLEY DRYE & WARREN LLP**

Kevin M. Greco, Esq.
March 9, 2006
Page Two

more than two months after we moved for summary judgment, is too late in our view. If the Court Order setting the deadline has any meaning, as we believe it does, it must mean that you cannot continue to seek new discovery. We have the same view of the Requests for Admission you recently served.

      We filed our summary judgment motion on January 12, 2006. As a result of the Court granting your motion for extension of time (to which we readily consented), your response is due on March 20, some seventy five (75) days after the motion was filed. We are generally amenable to reasonable requests for extensions of time and exchanging courtesies. That said, given the circumstances of this case, we believe that seventy five (75) days constitutes an extremely generous period of time and affords a more than sufficient opportunity to respond. This case has been pending for nearly four (4) years and we have an obligation to both our clients and the Court to bring it to a close.

Very truly yours,

Mark S. Gregory

cc:    Christopher G. Barnes, Esq. (via facsimile)
        Mr. Robert Drake

CT01/GREGM/225532.1