```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

WILLIAM SCOVIN,                    :
                                   :
     Plaintiff,                    :
                                   :
v.                                 :
                                   :       CASE NO. 3:02CV1161 (AWT)
GREAT WEST LIFE & ANNUITY          :
INS. CO, et al.,                   :
                                   :
     Defendants.                   :
                                   :
```

### RULING ON MOTION FOR SANCTIONS

Pending before the court is the plaintiff's Motion for Sanctions (doc. #156). The court heard oral argument on this motion on September 18, 2006.

**A.   Factual Background**

The plaintiff's complaint alleges the following facts. Plaintiff was formerly employed by the defendant Auerbach, Pollack & Richardson ("Auerbach"). (Am. Compl., ¶ 12.) The individual defendants, Hugh Regan, Robert Drake, Lewis Cohen and A. Jones Yorke were Auerbach employees or officers. (Id., ¶ 16.) Regan was the Chairman/President and Chief Executive Officer of Auerbach, Cohen was its Controller and Yorke was its Vice Chairman and a member of the Board of Directors. (Id, ¶ 7.)

As part of his employee benefits, Auerbach provided the plaintiff with medical insurance. (Id., ¶ 12, 14.) Auerbach is a plan sponsor. (Id., ¶ 15.) Auerbach and the individual defendants

are plan fiduciaries under ERISA.[1] (Id., ¶ 19, 21.)

In January, 2001, plaintiff left his employment with Auerbach but was told by Auerbach, acting through Regan, that he would continue to have medical coverage. (Id., ¶ 20.) Plaintiff paid COBRA premiums of $729.79 a month from April to August of 2001 to continue his health coverage. (Id., ¶ 20.)

On July 12, 2001, Scovin underwent a medically necessary hip replacement surgery. (Id., ¶ 32.) He obtained express approval for the surgery from Great West and One Health in advance. (Id., ¶¶ 34-36.) They repeatedly assured him that his procedure would be covered under his health insurance. (Id., ¶ 37.)

After the July 12, 2001 surgery, insurance coverage for his expenses was denied because Auerbach had not funded the health plan. (Id., ¶ 40-44.) His medical bills of over $90,000 were not paid. (Id., ¶ 33, 46.) He brought this lawsuit alleging violations of ERISA, breach of contract, breach of fiduciary duties, and other claims.

**B.   Procedural Background**

In June, 2005, the plaintiff noticed the depositions of three of the individual defendants, Regan, Yorke and Cohen. The deposition notices included a series of document production

---

[1] The plaintiff also alleges that Great West and One Health are administrators of the plan and fiduciaries under the Plan. However, the plaintiff has withdrawn his claims against these two defendants. (Id., ¶ 18.)

requests. As to each of these defendants, the plaintiff sought the following categories of documents:

1. The witness' entire file relating to this litigation;

2. All documents relied upon by the witness in developing any opinions the witness intends to testify to in this litigation;

3. All drafts of any documents relating to this litigation;

4. All documents and/or communications between the witness, the Defendant(s) and any party to this litigation;

5. Any and all manuals, procedures, protocols or documents outlining the administration and handling of claims in the Auerbach health care plan from January 1, 2000 to date;

6. All documents reflecting all payments the witness has received from Auerbach, Pollack & Richardson, Inc. ("Auerbach") from 1999 to date;

7. Personal tax returns from 1999 to date;

8. All communications to or from Auerbach from 1999 to date;

9. All documents reflecting any ownership share the deponent has or had in Auerbach from 1999 to date;

10. All documents relating to any health care plan provided to Auerbach employees from 1999 to date;

11. All documents listing officers, directors and shareholders of Auerbach from January 1, 2000 to date;

12. All documents the defendants intend to rely upon in defense of this matter;

13. All minutes of Auerbach Board of Directors Meetings from 1999 to date;

14. All financial records of Auerbach's health care plan for its employees from 1999 to date;

> 15. All documents related to any COBRA payments Auerbach received from William Scovin; and
>
> 16. Any resignation documents the deponent has provided to Auerbach.

Pl's Motion to Compel, doc. #135, Ex. A. The defendants objected to these requests and refused to produce responsive documents.

The plaintiff filed a Motion to Compel (doc. #135). After hearing oral argument on the Motion to Compel on September 13, 2005, the court issued an order on September 16, 2005 (doc. #143) (the "9/16/05 Order") granting in part the Motion to Compel. The court ordered the defendants to respond to all but one of the plaintiff's document requests.[2] With regard to Requests for Production Nos. 1-3, the court granted the motion "with the exception of written communications between the defendants Regan, Cohen and A. Jones Yorke and their trial counsel after the commencement of this action, which documents are not sought by the plaintiff." (9/16/05 Order at 1.)

In the briefing and arguments on the motion to compel, the defendants argued that they had no obligation to respond to the production requests because the requested documents were no longer

---

[2] In some instances, the court narrowed the scope of the document requests somewhat. As to Requests for Production No. 6, 7, 9, 10, 13 and 14, the court narrowed the time period for which documents had to be produced. Request for Production No. 4 was granted "to the extent there exist any documents and/or communications among the defendants concerning the subject matter of this litigation." The court held that Request for Production No. 8 was overbroad and encouraged the parties to meet and confer in a good faith attempt to narrow the request.

in their possession.³ (Id. at 4.)  In the 9/16/05 Order, the court noted that a party "may not object to a request to produce on the ground that it does not possess the documents if the documents remain in its 'control' such that the party has the right, authority, or ability to obtain the documents upon demand." (9/16/05 Order at 4, citing Scott v. Arex, Inc., 124 F.R.D. 39, 41 (D.Conn. 1989).)

The defendants were therefore ordered "to produce responsive documents within their possession, custody or control, or provide plaintiff with an affidavit detailing precisely what attempts each individual has made to obtain those documents, when those attempts were made, and to whom those attempts were addressed." (9/16/05 Order at 4.)

### C.  Motion for Sanctions

Pending before the court is the plaintiff's Motion for Sanctions.  Plaintiff alleges that the defendants failed to comply in full with the court's 9/16/05 Order.  Although they produced additional documentation after the court's 9/16/05 Order, and have provided affidavits detailing their search efforts, the plaintiff contends that their compliance was insufficient.  Specifically, defendants did not seek documents from the former corporate

---

³There have been discussions regarding some twelve bankers' boxes of Auerbach corporate documents that apparently went "missing" in 2001.  (See Pl's Opp. to Defs' M. for Summary Judgment, doc. # 170 at 38; see also Transcript of 9/18/06 oral argument on Motion for Sanctions ("9/18/06 Tr.") at 67.)

secretary of Auerbach, Mark Koplik, or from Auerbach's corporate counsel, Richard Cushing. In addition, plaintiff claims that the defendants violated the 9/16/05 Order by delaying the production of certain documents they received from the U.S. Department of Labor.

Plaintiff first argues that the defendants' compliance was insufficient because they did not seek records from Auerbach's former corporate Secretary, Mark Koplik. As the company's Secretary, Mr. Koplik likely was responsible for certain corporate documents, such as minutes of board meetings. The defendants' affidavits do not indicate that they have made any efforts to obtain responsive documents from Mr. Koplik. The defendants maintain that, before the plaintiff may seek sanctions for failure to produce documents in Koplik's possession, the plaintiff has the burden to prove that the defendants have control over the documents sought. They also object that they do not in fact have control over Koplik, because he has not worked for Auerbach in five years and plaintiff has not shown that the defendants have a legal right to require Koplik to provide the documents.

The defendants interpret the concept of control too narrowly. As the 9/16/05 Order explained, a party has control of documents if the party "has the right, authority, or *ability* to obtain the documents upon demand." (9/16/05 Order at 4, citing <u>Scott v. Arex</u>, 124 F.R.D. 39, 41 (D. Conn. 1989))(emphasis added). "The concept

6

of "control" has been construed broadly.  If the producing party has the legal right or the *practical ability* to obtain the documents, then it is deemed to have 'control,' even if the documents are actually in the possession of a non-party."  <u>In re Flag Telecom Holdings, Ltd. Sec. Litig.</u>, 236 F.R.D. 177, 180 (S.D.N.Y. 2006) (internal citations and quotation marks omitted)(emphasis added).

The defendants apparently have not even asked Mr. Koplik, their former corporate secretary, for the documents.  Plaintiff's undisputed representation that Koplik is Auerbach's former Secretary is sufficient to meet his burden of showing that the defendants, as former corporate officers and/or directors, have control over documents in Koplik's possession.  The defendants have not fully complied with the court's order to produce all responsive documents in their possession, custody or control.

They shall obtain and produce to plaintiff all responsive documents in Koplik's possession within thirty days.  Each of the defendants shall also submit to the plaintiff an affidavit detailing his efforts in this regard within thirty days.

The plaintiff next argues that the defendants' compliance with the court's 9/16/05 Order was insufficient because the defendants failed to state in their affidavits whether they made efforts to obtain any documents in the possession of Richard Cushing, Esq.  Mr. Cushing is now counsel of record for defendants

7

Regan, Yorke and Cohen in this matter[4], but he was also Auerbach's corporate counsel in 2001, before this litigation commenced. The defendants object that "Scovin does not identify his professed basis for requiring the Individual Defendants to identify communications that they have had with their trial counsel regarding document production." (Defs' Mem. At 16.) Based on some of the documents that have been produced to date, the plaintiff believes that Mr. Cushing might have received copies of certain intra-company correspondence created prior to the commencement of this litigation. (See Pl's Mem, Ex. E.)

The plaintiff has made it clear that he does not seek production of any privileged communications between the defendants and their attorney in this matter. Rather, he seeks responsive, non-privileged documents which are not in the defendants' personal possession, but which are in the possession of Mr. Cushing. The 9/16/05 Order expressly stated that the defendants were not required to produce "written communications between the defendants Regan, Cohen and A. Jones Yorke and their trial counsel after the commencement of this action, which documents are not sought by the plaintiff."

---

[4] Mr. Cushing appeared on behalf of the defendants by a motion for *pro hac vice* admission filed on April 28, 2005, doc. #118. Mr. Cushing suggested at oral argument on this motion that he only represents defendants Yorke and Regan (9/18/06 Tr. at 52), but the motion for *pro hac vice* admission clearly sought his admission on behalf of Yorke, Regan and Cohen. These three defendants are also represented by James Moriarty and other attorneys from Kelley, Drye & Warren LLP.

8

Documents that are in the possession of a party's attorney of record are within the party's possession, custody and control for discovery purposes. See Hanson v. Gartland Steamship Co., 34 F.R.D. 493, 496 (N.D. Ohio); M.L.C. v. N. American Philips Corp., 109 F.R.D. 134, 136, 138 (S.D.N.Y. 1986). The purpose of this rule is, in part, to avoid the situation where an attorney must be subpoenaed and deposed to obtain non-privileged documents, thereby making him a witness in the case. Hanson, 34 F.R.D. at 496 (noting that such depositions "contradict[] the general policy of avoiding situations where an attorney becomes a witness"). The court's 9/16/05 order therefore required the defendants to produce any responsive documents in Mr. Cushing's file.

Within ten days after the date of this order, the defendants shall produce to the plaintiff any responsive documents in Attorney Cushing's files, as required by the 9/16/05 Order.

Finally, the plaintiff argues that the defendants failed to comply with the 9/16/05 Order by failing to disclose promptly certain documents from a United States Department of Labor investigation into matters related to this case. After the Department of Labor investigation, the defendants filed a request with that agency pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. The defendants apparently received responsive FOIA documents in late October, 2005. On November 3, 2005, the defendants produced to plaintiff approximately 1000 pages of documents received from the Department of Labor.

9

Defendants did not indicate that any Department of Labor documents had been withheld, so plaintiff's counsel was left with the impression that the production included all the documents the defendants had received from the Department of Labor. In reality the defendants had withheld certain items they received from the Department of Labor. They explain that these items were withheld because the defendants believed them to be "unresponsive" or "duplicative."

On January 9, 2006, the defendants produced 432 pages of Department of Labor documents that had previously been withheld, accompanied by a cover letter alerting plaintiff of their intent to file a motion for summary judgment. Three days later, on January 12, 2006, the defendants filed their Motion for Summary Judgment. The defendants say that, in preparing their motion for summary judgment, they reviewed the FOIA production and decided to err on the side of caution by producing the documents.

Included in the second production of Department of Labor documents were Department of Labor notes of interviews that the agency conducted during its investigation, as well as the agency's letters, addressed to Regan and Cohen, setting forth the agency's conclusion that Regan and Cohen were fiduciaries under ERISA.

There is no question that the issue of whether the defendants were fiduciaries under ERISA is a central issue in this case. The defendants' motion for summary judgment is based on an argument that Yorke, Regan and Cohen are not fiduciaries, and the

10

plaintiff's objection to that motion relies on the argument that they were fiduciaries. The Department of Labor documents, produced to the plaintiff three days before that motion was filed, indicate that the Department of Labor found that defendants Regan and Cohen were in fact fiduciaries.[5]

There is also no question that the Department of Labor documents are responsive to one or more of the defendants' previous discovery requests. Document Request #10, as narrowed by the court in the 9/16/05 Order, seeks all documents relating to any health care plan provided to Auerbach employees during 2000 or 2001. According to the Department of Labor's letters, the Department was involved in investigating "the Auerbach Pollack & Richardson Health Plan . . . and the activities of the Plan's fiduciaries" in relation to nonpayment of claims beginning in January, 2001. (Pl's Mem., Ex. J at 1.) The Department of Labor letters therefore relate to the health care plan provided to Auerbach employees during 2000 or 2001. Because these letters were addressed to the defendants, they may also be responsive to Production Request #1 as documents that were part of the

---

[5]The defendants dispute the significance or effect of the letters that the Department of Labor sent to the defendants, arguing that they were merely "preliminary" form letters rather than the conclusions of an investigation. The plaintiff disagrees. The court does not express any opinion at this juncture on the significance of the letters, but merely notes that they are relevant to a key issue in the case and are responsive to the plaintiff's discovery responses.

defendants' files.[6]  They are also "documents relating to this litigation," as requested by Production Request #3, and they might also be responsive to Production Requests #4 and 12.

The defendants claim that they had no duty to produce the records to the plaintiff at all, because they were publicly available documents that plaintiff could have obtained himself. Defendants' argument, even if correct, is unpersuasive in light of the defendants' decision to produce some of the documents without informing plaintiff that they had withheld others.  At that point, the plaintiff reasonably believed that he had all of the Department of Labor documents and had no reason to expend time and money duplicating the defendants' efforts.

The defendants also claim that there is no prejudice because the Department of Labor documents are not admissible.  There has been no ruling on the admissibility of the documents, but even if the defendants are correct, the plaintiff was nonetheless entitled to them.  Under the Federal Rules of Civil Procedure, parties are entitled to discovery of relevant matters. "Relevant information need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.'"  Fed. R. Civ. P. 26(b)(1).  "This obviously broad rule is liberally construed."  Daval Steel Products, Div. of Francosteel Corp. v. M/V Fakredine, 951 F.2d 1357, 1367 (2d Cir.

---

[6]The defendants admitted at oral argument that defendant Regan, at least, did receive a letter from the Department of Labor and cooperated with the Department. (9/18/06 Tr. at 53.)

1991).

The failure to disclose key Department of Labor documents until January, 2006, just days before the motion for summary judgment was filed, was a violation of the 9/16/05 Order.[7]

If a party fails to comply with a court's discovery orders, Rule 37(b) of the Federal Rules of Civil Procedure provide for the entry of such orders "as are just," including any of several sanctions enumerated in Rule 37(b).  Among these are an order that designated facts shall be taken to be established for purposes of the action, see Rule 37(b)(2)(A); an order preventing the disobedient party from introducing certain documents, or supporting or opposing designated claims or defenses, see Rule 37(b)(2)(B); the entry of dismissal or default, see Rule 37(b)(2)(C); the striking of the pleadings of the offending party, see Rule 37(b)(2)(C); and the award of reasonable expenses, including attorney's fees, see Rule 37(b)(2).  There is no indication in Rule 37 that this list of sanctions was intended to be exhaustive.

The plaintiff has requested an award of attorney's fees, the denial of the defendants' Motion for Summary Judgment, and that the defendants be compelled to produce all documents and

---

[7]The defendants argue that the plaintiff's motion for sanctions should be denied because he has failed to comply with the requirements of L. Civ. R. D. Conn. 37(a)(2). However, as to this failure of compliance, there was nothing about which counsel could confer.  Plaintiff did not know that anything had been withheld until the day he received the full compliance, at which point there was nothing more to discuss with defense counsel.

13

affidavits as to their search efforts.

Plaintiff was granted an extension of time to object to the defendants' motion for summary judgment, so that he had time to review the defendants' Department of Labor documents before filing his objection. However, since learning that the defendants initially withheld Department of Labor documents, the plaintiff has filed his own FOIA request and has appealed to the Department of Labor for the release of additional items, but he cannot predict what he will receive and whether it too will lead to a need for additional discovery. The plaintiff has not, of course, ever seen any responsive documents that might be in the hands of Mr. Koplik or Mr. Cushing.

The defendants shall comply with the 9/16/05 Order as set forth herein. Plaintiff may make further inquiries into any issues arising out of: (1) the Department of Labor documents produced by the defendants, (2) any additional documents he receives directly from the Department of Labor, and (3) any additional documents produced by the defendants in compliance with this order. The defendants' motion for summary judgment should be denied without prejudice to refiling after the completion of discovery. Plaintiff is awarded the costs of this motion.

**D. Conclusion**

For the reasons set forth above, the plaintiff's motion for sanctions is granted in part and denied in part. The defendants' motion for summary judgment (doc. #153) should be denied without

prejudice to refiling at a future date.  The plaintiff is awarded the reasonable costs of this motion.

    SO ORDERED at Hartford, Connecticut this 29th day of September, 2006.

                                                                           _____
                                                                           Donna F. Martinez
                                                                           United States Magistrate Judge