UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| WILLIAM SCOVIN | ) |
| | ) |
| Plaintiff | ) |
| v. | ) CIVIL ACTION NO. |
| | ) 3:02CV01161(AWT) |
| GREAT-WEST LIFE & ANNUITY INS. CO., | ) |
| ONE HEALTH PLAN, INC., AUERBACH, | ) |
| POLLAK & RICHARDSON, INC., HUGH | ) |
| REGAN, LEWIS COHEN, ROBERT DRAKE, | ) |
| A. JONES YORKE | ) |
| | ) |
| Defendants. | ) FEBRUARY 13, 2007 |

## MOTION FOR SANCTIONS

The Plaintiff, William Scovin, pursuant to the Local Rule 37, moves the Court for sanctions against the Defendants Hugh Regan, Lewis Cohen, and A. Jones Yorke in connection with their failures to comply with the Court's Order(s) regarding discovery and failures to produce all documents and/or affidavits. In support of this motion, the undersigned represents as follows:

1. Plaintiff, William Scovin brings this action under both ERISA and common law seeking equitable relief and damages based upon the Defendants' conduct and failure to, among other things, pay his medical expenses for a July 2001 bi-lateral hip surgery in excess of $90,000.00.

2. Based on deficiencies in the Defendants' production, Plaintiff previously moved to Compel the Defendants to produce documents and for Sanctions based on the failure to comply with the September 16, 2005 Order of the Honorable Donna F. Martinez. (Exh. A.).

3.     This order required, among other things, that the Defendants produce the requested documents to Plaintiff and to provide affidavits detailing precisely what efforts were made to obtain the documents.

4.     At the time, the Defendants' affidavits were insufficient as the Defendants' made no effort or inquiry for documents from Defendant Auerbach's secretary, Marc Koplik, Esq,. or Richard Cushing, Esq. who represented Auerbach and its officers during the relevant time periods in matters other than the instant case.

5.     The Court entered an Order dated September 29, 2006 compelling the Defendants to produce documents and affidavits. (Exh. B.).

6.     Thereafter, the Defendants produced 67 pages from Auerbach's secretary, Marc Koplik, Esq.'s file bearing bates stamp numbers MK 000001-000067.

7.     Contained therein were minutes from Board Meetings and references to resignation letters and attachments, however, no attachments were produced.

8.     Also contained therein were additional references to Attorney Cushing's relationship as counsel to the Defendants.

9.     Some of the references contained in Koplick's production, for example, included the fact that Attorney Cushing provided advice to Auerbach and Hugh Regan to settle a case called "Woodly" during the June 2001 time period. (Exh. C., Bates Stamp #000055-000056). The minutes are dated June 20, 2001, a time period directly in the middle of the pertinent time, decisions, and financial issues in this case.

10. Additionally, Attorney Cushing was regularly cc'd in late February and early March 2001 in connection with a Share Purchase Agreement. (Exh. D., Bates # MK 000058-000063).

11. In further response to the Court's Order, neither Defendants nor Attorney Cushing produced any document from Attorney Cushing's files. Instead, Attorney Cushing supplied an Affidavit indicating without specificity that he has "represented Auerbach in certain discrete matters" but not in connection with the health care plan or its employee benefits plans. (Exh. E., Affidavit para. 3).

12. In that Attorney Cushing has clearly been involved in correspondence by way of cc's directly in this case-namely-the memo from Terri Spahn about the Health Care issues with Auerbach employees -and he was having direct dealings with Auerbach and its officers / directors during early 2001 on financial deals and the settlement of at least one other case called "Woodly" in June 2001, the undersigned requested additional information of Defense counsel at Kelly Drye as to, for example, a listing of the "discrete" matters and production.

13. Defense counsel stated that despite the fact that Attorney Cushing was counsel to Auerbach before the commencement of the case, defense counsel had no control over Attorney Cushing or the production of documents from his files.

14. The undersigned was unsuccessful in explaining that the situation was akin to having control over the corporate documents from Attorney Koplick, Auerbach Secretary, and such were contemplated in the Court's Order.

15. The undersigned also spoke unsuccessfully with attorney Cushing requesting specificity as to the "certain discrete matters" referenced in his Affidavit and in connection with producing documents. producing

16. Counsel has followed up since then with Attorney Cushing but received no response.

WHEREFORE, the Plaintiff requests that this Motion for Sanctions be granted. Plaintiff further requests such other appropriate relief as the Court may deem appropriate including, attorneys fees and that the Defendants be compelled to produce all documents and fully respond in affidavits or otherwise, including privileged logs, as to their efforts.

THE PLAINTIFF,
William Scovin

By _____
Kevin M. Greco (ct13195)
Peter M. Nolin (ct06223)
**SANDAK HENNESSEY & GRECO LLP**
707 Summer Street
Stamford, CT 06901
Telephone (203) 425-4200
Facsimile (203) 325-8608
kgreco@sghlaw.com
pnolin@shglaw.com

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing was mailed, postage prepaid to the following counsel and pro se parties on this 13th day of February, 2007.

James M. Moriarty, Esq.
Mark S. Gregory, Esq.
Kelley Drye & Warren LLP
400 Atlantic Street
Stamford, CT 06901

Richard G. Cushing, Esq.
Cushing Law Firm
420 East 54th Street
New York, NY 10022

Robert Drake
558 Lime Rock Road
Lakeville, CT 06039

                                                                                _____
                                                                                 Kevin M. Greco