UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| WILLIAM SCOVIN<br><br>Plaintiff,<br><br>v.<br><br>GREAT-WEST LIFE & ANNUITY INS. CO., ONE HEATH PLAN, INC., AUERBACH, POLLAK & RICHARDSON, INC., HUGH REGAN, LEWIS COHEN, ROBERT DRAKE and A. JONES YORKE,<br><br>Defendants. | CIVIL ACTION NO.: 02CV01161(AWT)<br><br><br><br><br><br><br><br><br><br>MARCH 7, 2006 |

**DEFENDANTS HUGH REGAN'S, LEWIS COHEN'S AND A. JONES YORKE'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS**

Pursuant to Fed.R.Civ.P. 37 and D.Conn.L.Civ.R. 7(a) and 37, Defendants Hugh Regan ("Regan"), Lewis Cohen ("Cohen") and A. Jones Yorke ("Yorke") (collectively, "the Individual Defendants") respectfully submit this Memorandum in Opposition to Plaintiff William Scovin's ("Scovin") February 13, 2007 Motion for Sanctions ("Motion").

**I.
PRELIMINARY STATEMENT**

In his Motion, Scovin once again seeks sanctions against the Individual Defendants for their supposed failure to: 1) comply with this Court's discovery orders and 2) produce all documents and affidavits. The accusation is false. In fact, the

Individual Defendants have complied with this Court's orders: they have produced documents, submitted declarations and paid Scovin's attorneys' fees, all in accordance with the Court's orders. They have done everything they could and should have done. There is a fundamental aspect of this Motion that Scovin fails to address; the discovery forming the basis of the Motion does not fit within a category of items that represented a valid discovery demand. The material that is the subject of this misplaced Motion is new and was not sought by any demands addressed to the Individual Defendants. Indeed, Scovin's counsel was specifically requested to articulate which document request or requests the documents he seeks are responsive to and to date he has not respond to that request.

Scovin commenced this litigation nearly five years ago to recover less than $100,000 in unpaid medical bills and he has already recovered $70,000 from Great-West Life & Annuity Insurance, Co. This litigation is no longer about Scovin's unpaid medical bills. Instead, it is about the recovery of attorney's fees and this latest motion for sanctions is nothing more than an effort by Scovin to falsely paint the Individual Defendants in a bad light by alleging that they are thumbing their collective noses at the Court. Nothing could be further from the truth. Indeed, the Individual Defendants have not engaged in any sanctionable conduct, but instead, have gone to great lengths to avoid this very exercise. If any party deserves to be sanctioned, it is Scovin.

## II.
## ARGUMENT

On September 29, 2006, this Court issued its Ruling on Plaintiff's February 2006 Motion for Sanctions ("Ruling"). In the Ruling, the Court ordered the Individual Defendants to produce <u>responsive</u> documents in the files of Mark Koplik (the former secretary of Auerbach, Pollak & Richardson, Inc. ("Auerbach")), within thirty days of the Ruling and Richard Cushing, within ten days of the Ruling. (Ruling, pp. 7 & 9). The Court also ordered the Individual Defendants to submit affidavits detailing their efforts to obtain responsive documents from Koplik and to pay the costs of the February, 2006 Motion for Sanctions.

On October 11, 2006, in compliance with the Ruling, Mr. Cushing, counsel of record for the Individual Defendants, submitted a declaration to Scovin's counsel indicating that he had never represented Auerbach with respect to any healthcare or employee benefits related issues and that he did not have any documents <u>responsive</u> to the document requests that had been served on the Individual Defendants and subsequently narrowed by the Court's September 16, 2005 Ruling on Plaintiff's Motion to Compel. (A copy of Mr. Cushing's October 11, 2006 Declaration is attached hereto as Exhibit A). On October 30, 2006, in further compliance with the Ruling, each of the Individual Defendants submitted a declaration to Scovin's counsel indicating that documents had been obtained from Koplik and were being produced. The Individual Defendants also provided a copy of an October 20, 2006 letter from their counsel to

Koplik explaining the need for Koplik to search for documents and detailing the categories of documents that would be responsive to Scovin's requests for production. (A copy of Cohen's October 30, 2006 Declaration with the letter to Kopkik is attached hereto as Exhibit B).

Also on October 30, the Individual Defendants produced to Scovin 67 pages of documents that had been obtained from Koplik. (See October 30, 2006 letter from James Moriarty, Esq. to Kevin Greco, Esq, attached hereto as Exhibit C). On November 9, 2006, the Individual Defendants paid Scovin the costs of the February Motion for Sanctions as they were required to do pursuant to the Ruling. At that point, the Individual Defendants had fully complied with the Ruling.

After receiving Mr. Cushing's October 11, 2006 Declaration, Scovin's counsel contacted the Individual Defendants' Connecticut counsel to discuss the declaration. Connecticut counsel requested that Scovin's counsel contact Mr. Cushing directly to discuss his declaration since he is counsel of record in this case. (See October 19, 2006 letter from James Moriarty, Esq. to Kevin Greco, Esq. attached hereto as Exhibit D). In response to this letter, Scovin's counsel sent a letter essentially demanding production of *every* document from *any* matter in which Mr. Cushing represented Auerbach or the Individual Defendants. (See October 19, 2006 letter from Kevin Greco, Esq. to James Moriarty, Esq., attached hereto as Exhibit E). In response to that letter, counsel for the Individual Defendants requested that Scovin's counsel articulate which document request served on them called for every document from every matter in which

Mr. Cushing acted as counsel for Auerbach or one or more of the Individual Defendants. (See October 20, 2006 letter from James Moriarty, Esq. to Kevin Greco, Esq., attached hereto as Exhibit F). Scovin has refused to answer that basic question.

On November 8, 2006, Judge Thompson conducted a telephonic status conference in this case. During that conference, Judge Thompson specifically asked Scovin's counsel what discovery remained outstanding. Scovin's counsel responded by stating that the *only* discovery left to be completed was Mr. Cushing's deposition. In response, Mr. Cushing stated that he would require a subpoena and would move to quash. Judge Thompson then directed Scovin's counsel to get the subpoena out, directed Mr. Cushing to get his motion on file and stated that once that was done, the Court would hold another telephonic conference, to decide the motion to quash. There was no mention whatsoever during this call of Scovin's need for additional documents from any source or of the Individual Defendants' purported failure to comply with the Ruling.[1]

Rather than proceed as Judge Thompson directed, Scovin's counsel continued to demand the production of numerous documents from Mr. Cushing, but refused to speak directly with him regarding documents or any other topic. At the same time, Connecticut counsel for the Individual Defendants continued to reiterate that the documents Scovin sought from Mr. Cushing were not responsive to any of the document

---

[1] During a subsequent conversation, counsel for the Individual Defendants agreed that compliance with the Ruling and Cushing's deposition are different matters. That does not, however, change the facts that (1) Scovin's counsel represented to the Court that the only discovery outstanding was Cushing's deposition and (2) the documents sought by Scovin's counsel are not responsive to any document requests served on the Individual Defendants.

requests previously served on the Individual Defendants. (See email string between James Moriarty, Esq. and Kevin Greco, Esq., dated December 11, 2006 through December 21, 2006, attached hereto as Exhibit G). To date, Scovin's counsel has not identified to which document requests the documents he seeks from Mr. Cushing are responsive; in a December 1, 2006 Notice of Deposition directed to Mr. Cushing, Scovin included document requests that had never been served on the Individual Defendants. (See December 1, 2006 Notice of Deposition attached hereto as Exhibit H). These new and different document requests (served long after the close of discovery) seek the very same documents that Scovin claims the Individual Defendants should be sanctioned for failing to produce.

In January, 2007, Scovin's counsel finally discussed the documents he seeks from Mr. Cushing with Mr. Cushing. During that one discussion, Mr. Cushing indicated that he would have been willing to accept service of a subpoena if he had been asked and if Scovin's counsel would agree to set a briefing schedule to allow him to get his motion to quash filed. Instead of proceeding on that basis, and as previously directed by Judge Thompson, Scovin choose to file this Motion.

The Individual Defendants have fully complied with the Ruling. They have obtained and produced documents from Koplik, submitted declarations to that effect, paid the costs of the sanctions motion and Mr. Cushing has submitted a declaration with a point-by-point response to each of Scovin's requests for production previously served on the Individual Defendants. Scovin may incorrectly believe that he is entitled to

all of Richard Cushing's files on unrelated matters, but the Individual Defendants are only required to produce documents <u>responsive</u> to the demands served on them and Mr. Cushing has stated in his declaration that he does not have any responsive documents. If Scovin did not like the way the Declaration read or wished to question its veracity, he could have simply done what Judge Thompson told him to do: serve a subpoena on Mr. Cushing. In light of the significant time that has passed since the November 8 conference with Judge Thompson, the service of a subpoena and taking of Mr. Cushing's deposition should no longer be an option and no further discovery should be permitted. Moreover, the Individual Defendants cannot be sanctioned for failing to produce non-responsive documents and the Motion should be denied with costs assessed against Scovin.

## III.
## CONCLUSION

The Individual Defendants have complied with the Ruling and with their discovery obligations. Scovin's Motion for Sanctions must be denied in all respects.

THE DEFENDANTS
LEWIS COHEN, HUGH REGAN AND
A. JONES YORKE

By: /s/ James M. Moriarty
Mark S. Gregory (ct01252)
James M. Moriarty (ct 21876)
Kelley Drye & Warren LLP
   Their Attorneys
400 Atlantic Street
Stamford, Connecticut 06901-3229
Telephone: (203) 324-1400
Facsimile: (203) 327-2669
E-mail: mgregory@kelleydrye.com
            jmoriarty@kelleydrye.com

and

Richard G. Cushing (ct15997)
Cushing Law Firm, P.C.
420 East 54th Street
New York, New York 10022
Telephone: (212) 371-8880
Facsimile: (212) 704-6288
E-mail: richard.cushing@trautman.com

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing was served via overnight mail, postage prepaid, this 7th day of March, 2006 on all counsel of record as follows:

        Kevin M. Greco, Esq.
        Stephanie A. McLaughlin, Esq.
        Peter M. Nolin, Esq.
        Sandak Hennessey & Greco
        707 Summer Street
        Stamford, Connecticut 06901
        (203) 425-4200
        (203) 325-8608 (facsimile)
        ***Attorneys for William Scovin***

        Christopher G. Barnes, Esq.
        Jeffrey L. Williams, Esq.
        Jorden Burt
        175 Powder Forest Drive,
        Suite 201
        Simsbury, Connecticut 06089
        (860) 392-5018
        (860) 392-5058 (facsimile)
        ***Attorneys for Great West Life & Annuity Insurance. Co.***
        ***and One Health Plan, Inc.***

        Mr. Robert Drake
        558 Lime Rock Road
        Lakeville, Connecticut 06039
        ***(Pro se)***

                              _____
                              James M. Moriarty