# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| WILLIAM SCOVIN<br><br>Plaintiff,<br><br>v.<br><br>GREAT-WEST LIFE & ANNUITY INS. CO., ONE HEATH PLAN, INC., AUERBACH, POLLAK & RICHARDSON, INC., HUGH REGAN, LEWIS COHEN, ROBERT DRAKE and A. JONES YORKE,<br><br>Defendants. | CIVIL ACTION NO.: 02CV01161(AWT)<br><br><br><br><br><br><br><br><br><br>OCTOBER 11, 2006 |

## DECLARATION OF RICHARD G. CUSHING

Richard G. Cushing declares as follows:

1.  I am an attorney admitted to the Bar of the State of New York. I have appeared in this case as a Visiting Attorney on behalf of Defendants Hugh Regan, A. Jones Yorke and Lewis Cohen (collectively the "Individual Defendants"). I make this Declaration in accordance with the Court's September 29, 2006 Ruling on Plaintiff's Motion for Sanctions which requires the Individual Defendants to produce any documents in my files that are responsive to the Plaintiff's document requests as modified by the Court's September 16, 2005 Ruling on Plaintiff's Motion to Compel. The statements set forth in this Declaration are made on the basis of my personal knowledge. As set forth in greater detail below, I do not possess any responsive documents.

NY01/MORIJA/1138971.1



2.  I understand from the documents that have been produced in this case that Terri Spahn, a former Auerbach, Pollak & Richardson, Inc. ("Auerbach") employee and the named Administrator of Auerbach's health care plan, purported to have copied me on a memorandum on or about June 29, 2001. I do not recall receiving this memorandum from Ms. Spahn nor did I ask Ms. Spahn to copy me on any memoranda or correspondence.

3.  I have represented Auerbach in certain discrete matters. I never was Auerbach's corporate counsel. At no time did I provide any representation or advice to it with respect to its health care plan or any of its employee benefits plans.

4.  I have searched my files for documents responsive to Plaintiff's requests for production and I do not have any such documents in my custody, possession or control. More particularly, with respect to the first request for production which seeks "the witness' entire file relating to this litigation," I do not possess any documents other than correspondence with the Individual Defendants and my co-counsel which was created after the commencement of this case and goes directly to my representation of the Individual Defendants. The Court's September 16, 2005 Ruling on Plaintiff's Motion to Compel specifically exempts those types of communications from the Order granting the Motion to Compel with respect to request number one.

5.  With respect to the second request, which seeks "all documents relied upon by the witness in developing any opinions the witness intends to testify to in this litigation," I do not have any responsive documents in my custody, possession or control.

6. With respect to the third request, which "seeks all drafts of any documents related to this litigation," I do not have any responsive documents in my custody, possession or control, other than drafts of pleadings prepared in this litigation.

7. With respect to the fourth request, which seeks "all documents and/or communications between the witness, the Defendants and any party to this litigation" I do not have any responsive documents in my custody, possession or control.

8. With respect to the fifth request, which seeks "any and all manuals, procedures, protocols or documents outlining the administration and handling of claims in the Auerbach health care plan from January 1, 2000 to date," I was never an employee of Auerbach, never received health care coverage from Auerbach and never represented Auerbach in any matters related to its health care plan. I do not have any responsive documents in my custody, possession or control.

9. With respect to the sixth request, which seeks "all documents reflecting all payments the witness has received from Auerbach, Pollack & Richardson, Inc. ("Auerbach") from 2000 to date," as modified by the Court, I do not have any documents in my custody, possession or control reflecting any monies paid to any of the Individual Defendants by Auerbach.

10. With respect to the seventh request for production, which seeks "personal tax returns from 1999 to date," I have never had nor do I presently have in my custody, possession or control the personal tax returns of the Individual Defendants.

11. With respect to the eighth request for production, which seeks "all communications to or from Auerbach from 1999 to date," it is my understanding that the Court denied Plaintiff's Motion to Compel the production of documents responsive to this request because it is overbroad. That said, I do not have any Auerbach communications related to its health plan in my possession, custody or control.

12. With respect to the ninth request for production, which seeks "all documents reflecting any ownership share Messrs. Regan, Yorke or Cohen has or had in Auerbach from 2000 to date," I do not have any responsive documents in my custody, possession or control.

13. With respect to the tenth request for production, which seeks "all documents relating to any health care plan provided to Auerbach employees from 2000-2001," as modified by the Court, I do not have any responsive documents in my custody, possession or control.

14. With respect to the eleventh request for production, which seeks "documents listing officers, directors, and shareholders of Auerbach from January 1, 2000 to date," I do not have any responsive documents in my custody, possession or control.

15. With respect to the twelfth request for production, which seeks "all documents the defendants intend to rely upon in defense of this matter," I do not have any responsive documents in my possession, custody or control that have not already been produced, i.e., the only documents in my custody, possession or control consist of documents that have been produced by the various parties in this litigation.

16. With respect to the thirteenth request for production, which seeks "all minutes of Auerbach Board of Directors Meetings from 2000 and 2001," as modified by the Court, I do not have any documents responsive to the thirteenth request for production in my custody, possession or control.

17. With respect to the fourteenth request for production, which seeks "all financial records of Auerbach's health care plan for its employees from 2000 and 2001," as modified by the Court, I did not represent Auerbach in connection with any matters related to its health care plan and I do not have any responsive documents in my custody, possession or control.

18. With respect to the fifteenth request for production, which seeks "all documents related to any COBRA payments Auerbach received from William Scovin," I do not have any responsive documents in my custody, possession or control.

19. With respect to the sixteenth request for production, seeking "any resignation documents the deponent has provided to Auerbach," I do not have any responsive documents in my custody, possession or control.

I declare under penalty of perjury pursuant to 28 U.S.C. §1746 that the foregoing is true and correct to the best of my knowledge, information and belief.

Executed this 11th day of October 2006 at New York, New York.

_____
Richard G. Cushing

NY01/MORIJA/1138971.1                -5-

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing was served via facsimile and first-class mail, postage prepaid, this 11th day of October, 2006 on Plaintiff's counsel of record:

>Kevin M. Greco, Esq.
>Stephanie A. McLaughlin, Esq.
>Peter M. Nolin, Esq.
>Sandak Hennessey & Greco
>707 Summer Street
>Stamford, Connecticut 06901
>(203) 425-4200
>(203) 325-8608 (facsimile)
>*Attorneys for William Scovin*

_____
Richard G. Cushing