# Exhibit D

**KELLEY DRYE & WARREN LLP**

A LIMITED LIABILITY PARTNERSHIP

TWO STAMFORD PLAZA
281 TRESSER BOULEVARD
STAMFORD, CONNECTICUT 06901-3229

(203) 324-1400

NEW YORK, NY
WASHINGTON, DC
TYSONS CORNER, VA
CHICAGO, IL
PARSIPPANY, NJ

BRUSSELS, BELGIUM

AFFILIATE OFFICES
JAKARTA, INDONESIA
MUMBAI, INDIA

FACSIMILE
(203) 327-2669
www.kelleydrye.com

JAMES M. MORIARTY
DIRECT LINE: (203) 351-8034
EMAIL: jmoriarty@kelleydrye.com

October 19, 2006

**VIA FACSIMILE**
Kevin M. Greco, Esq.
Sandak Hennessey & Greco LLP
707 Summer Street
Stamford, Connecticut 06901

Re:     Scovin v. Great-West Life & Annuity Inc. Co., et al.

Dear Kevin:

      I write to summarize and memorialize our conversation of earlier today regarding the issues raised in your October 17, 2006 letter to Mark Gregory. As we discussed, we have filed a Motion to Withdraw as counsel to Messrs. Regan and Yorke. If the motion is granted, we will continue to represent Mr. Cohen. The reasons for our motion to withdraw are set forth in the motion. Moreover, as indicated in our motion, we are aware that Messrs. Regan and Yorke will need to obtain new local counsel upon our withdrawal. Lastly, it is my assumption that Richard Cushing will withdraw as counsel for Mr. Cohen in the near future.

      With respect to the purported deficiencies in Richard Cushing's declaration submitted to you in compliance with the Court's Order on the Motion for Sanctions, it appears that you believe the declaration is deficient because he represented Auerbach in various matters, such as the transaction between Auerbach and eVision and certain arbitrations, and you believe that he should provide a list of the matters in which he represented Auerbach. As I stated to you on the phone, I did not represent Auerbach in any of those matters and I do not have any documents related thereto. I also stated that I believe it would be more productive for you to discuss these issues directly with Attorney Cushing ((212) 704-6259) so I did not have to relay messages back and forth between you and him. Lastly, in lieu of calling Attorney Cushing, I invited you to put the perceived deficiencies in his declaration in a writing that I could pass on to him so he could address the issues set forth therein. I am willing to speak with you regarding Attorney Cushing's declaration, but it is highly doubtful that I will be able to address any of the perceived deficiencies without speaking with Attorney Cushing. Since he is counsel of record in

**KELLEY DRYE & WARREN LLP**

Kevin M. Greco, Esq.
October 19, 2006
Page Two

this case, I believe it makes practical sense to cut out the middle men (Mark Gregory and me) and speak directly with him.

With respect to the payment of costs for the Motion for Sanctions, as I told you, I have forwarded your October 17, 2006 letter setting forth the costs of that motion to Messrs. Regan, Yorke and Cohen and reminded them that the Court's Order on the Motion for Sanctions requires them to pay those costs. I will continue to remind them of that portion of the Court's Order.

Please let me know if I have misrepresented or misstated in any way our conversation of earlier today.

Very truly yours,

James M. Moriarty

cc:   Mark S. Gregory, Esq.
      Richard C. Cushing, Esq. (*via email*)

CT01/MORIJA/233602.1