# Exhibit G

### Moriarty, James

| | |
|---|---|
| **From:** | Moriarty, James |
| **Sent:** | Thursday, December 21, 2006 12:09 PM |
| **To:** | 'Kevin M. Greco' |
| **Cc:** | Gregory, Mark S.; 'richard.cushing@troutmansanders.com' |
| **Subject:** | RE: Scovin |

**Tracking:**

| Recipient | Read |
|---|---|
| 'Kevin M. Greco' | |
| Gregory, Mark S. | Read: 12/21/2006 12:10 PM |
| 'richard.cushing@troutmansanders.com' | |

Kevin:

I have made neither self-serving statements nor inaccurate comments. I have fully responded to your correspondence in a factual, professional and timely manner.

With respect to the substance of your email, during our telephone discussion several weeks ago I did agree that compliance with Magistrate Martinez' Rulings and Richard Cushing's deposition were different matters, but I also specifically stated that the categories of documents you are seeking from Richard Cushing, such as all billing records from any matter in which he represented Auerbach or any of the individual defendants, are clearly beyond the scope of any of the document requests originally served on Messrs. Cohen, Yorke or Regan (the "Individuals"). Indeed, prior to our conversation we specifically asked you to identify the document requests served on the Individuals that would make those items responsive. You have never responded to that request. Instead, shortly after our telephone conversation, you served a deposition notice directed to Attorney Cushing. That notice contained broad document requests and included the very categories of documents we had previously discussed. The issuance of the deposition notice with document requests that had never been propounded to any of the Individuals, regardless of whether it is a nullity, is, at minimum, an implicit admission that the documents you seek from Richard Cushing are not within the scope of the document requests previously served on the Individuals.

The Individuals have complied with their obligations set forth in Magistrate Martinez' Orders. You are now engaged in third-party discovery and I have never represented that I, or any other attorney at Kelley Drye, is responsible for discovery directed to third-parties, such as Richard Cushing. Indeed, I have asked you on numerous occasions to contact Richard Cushing directly to discuss discovery directed to him and I have specifically stated that we do not represent him and are not authorized to speak for him. That has not changed.

It is my understanding that you are in the process of serving Richard Cushing with a subpoena. I have not seen this subpoena but assume that it will include requests for production that are similar to those contained within the deposition notice and will specifically demand the production of all of the documents you and I discussed during our recent telephone conversation. I fail to see how, in good faith, you can make a motion claiming that the Individuals have failed to comply with their obligations under Magistrate Martinez' Orders by not producing documents when none of the documents you seek fall within the scope of the document requests served upon them. Indeed, the fact that you are serving a subpoena on Richard Cushing with what I presume will be new and different document requests from those served on the Individuals evidences the fact that you do not believe that the documents you seek from Richard Cushing are within the scope of the document requests propounded to the Individuals.

I assume it is fair to say that at this point no one wants to engage in costly, unnecessary motion practice. In my view it makes eminently more sense for you to speak with Richard Cushing, serve your subpoena, allow him to make whatever motion he deems appropriate and then allow the Court to rule on that motion. That is exactly the process Judge Thompson articulated. If you decide otherwise we trust that you will include all of our communications in any recitation of the background inasmuch as the failure to do so would present a

misleading picture.

Lastly, during our telephone conversation you stated that you would send me any correspondence that you had received from the Department of Labor related to your appeal. To date, we have not received any such correspondence. I assume it simply slipped your mind and ask that you send us any correspondence you have received from the DOL related to your appeal as soon as possible.

Jim Moriarty



Please Note new address as of 12/18/06
James M. Moriarty
Kelley Drye & Warren LLP
400 Atlantic Street
Stamford, Connecticut 06901-3229
Phone (203) 351-8034
Fax (203) 327-2669


>        -----Original Message-----
>        **From:** Kevin M. Greco [mailto:kgreco@shglaw.com]
>        **Sent:** Thursday, December 21, 2006 8:28 AM
>        **To:** Moriarty, James
>        **Subject:** RE: Scovin
>
>        Your attempt to paper the file with self serving statements is not well received. I do not intend to address all of your inaccurate comments.
>
>        Simply, I interpret your comments as a no to my reasonable request as to Cushing's affidavit and documents commensurate therewith and I explained to you that Mr. Cushing's depo and the compliance with the discovery orders were different issues. You acknowledged same along with the fact that you are counsel for the defendants in the case and responsible for discovery compliance.
>
>        I will file the necessary.
>
>
>        Kevin M. Greco
>        Sandak Hennessey & Greco LLP
>        707 Summer Street
>        Stamford, CT 06901
>        203-425-4200
>        203-325-8608 fax
>
>
>
>        _____
>
>        **From:** Moriarty, James [mailto:JMoriarty@KelleyDrye.com]
>        **Sent:** Tuesday, December 19, 2006 4:17 PM
>        **To:** Kevin M. Greco
>        **Cc:** Gregory, Mark S.; richard.cushing@troutmansanders.com
>        **Subject:** RE: Scovin
>
>        Kevin:
>
>        During our early November call with Judge Thomson, he specifically asked what discovery was

outstanding and I believe it was Peter (my apologies to him if I am attributing something to him that he did not say) who stated that the only thing left to do was to take Richard Cushing's deposition. There was no mention of the sufficiency of Mr. Cushing's Declaration submitted to you in connection with the Ruling on the Motion for Sanctions and there was no mention of obtaining any documents from him, let alone every document ever generated in any matter in which he represented Auerbach. In any event, after it was stated that the only outstanding discovery was Mr. Cushing's deposition, Richard specifically stated that he would require a subpoena and that he would move to quash the subpoena. Judge Thomson then told you to get your subpoena out, told Mr. Cushing to get his motion to quash on file and stated that after this was done we would all get on the phone again [to address the subpoena and motion to quash].

When you and I spoke in late November, I told you that I would inform Richard Cushing of our conversation, which I did. Since that time I have urged you to discuss issues concerning Richard Cushing directly with Richard Cushing, which you have refused to do. Since, for reasons that you have not identified, you will not speak directly to Mr. Cushing and neither I nor any other attorney at Kelley Drye is authorized to speak on his behalf, we will adhere to the discovery plan put in place by Judge Thomson, i.e., you serve a subpoena, he moves to quash and then we have a call with Judge Thomson to address the subpoena and the motion.

Please Note new address as of 12/18/06
James M. Moriarty
Kelley Drye & Warren LLP
400 Atlantic Street
Stamford, Connecticut 06901-3229
Phone (203) 351-8034
Fax (203) 327-2669

-----Original Message-----
**From:** Kevin M. Greco [mailto:kgreco@shglaw.com]
**Sent:** Monday, December 18, 2006 1:33 PM
**To:** Moriarty, James
**Subject:** RE: Scovin

I am to assume that your e mail therefore means "no" to my requests. Please advise.

Kevin M. Greco
Sandak Hennessey & Greco LLP
707 Summer Street
Stamford, CT 06901
203-425-4200
203-325-8608 fax


**From:** Moriarty, James [mailto:JMoriarty@KelleyDrye.com]
**Sent:** Thursday, December 14, 2006 2:45 PM
**To:** Kevin M. Greco
**Cc:** richard.cushing@troutmansanders.com; Gregory, Mark S.
**Subject:** RE: Scovin

Kevin:

My email of December 12, 2006 was in response to your requests made during our telephone conversation. You really need to discuss this with Richard Cushing. Indeed, even under the broadest reading of the document requests you served on Messrs. Regan, Yorke and Cohen in the Summer of 2005, as limited by Magistrate Martinez in her September, 2005 Ruling on your Motion to Compel, I do not believe you are entitled to the documents you seek, such as every document related to the Soft Bank deal and the UBS arbitration. That said, even if I did believe you were entitled to those types of documents, which I do not, I could not give them to you. If you want Richard Cushing's files from unrelated matters you have to speak directly to him. We do not represent him and are not authorized to speak for him with respect to whether he will produce his files. If there were other topics that we discussed during our call that I have forgotten, please let me know.

Jim



James M. Moriarty
Kelley Drye & Warren LLP
Two Stamford Plaza
281 Tresser Blvd.
Stamford, Connecticut 06901-3229
Phone (203) 351-8034
Fax (203) 327-2669


-----Original Message-----
**From:** Kevin M. Greco [mailto:kgreco@shglaw.com]
**Sent:** Thursday, December 14, 2006 11:59 AM
**To:** Moriarty, James
**Subject:** RE: Scovin

I would again ask for your reply to my requests during our discussion.

Kevin M. Greco
Sandak Hennessey & Greco LLP
707 Summer Street
Stamford, CT 06901
203-425-4200
203-325-8608 fax



**From:** Moriarty, James [mailto:JMoriarty@KelleyDrye.com]
**Sent:** Tuesday, December 12, 2006 4:35 PM
**To:** Kevin M. Greco
**Cc:** richard.cushing@troutmansanders.com; Gregory, Mark S.
**Subject:** RE: Scovin

Kevin:

I relayed our recent conversation to Attorney Cushing, who as you know has appeared in this case on behalf of Messrs. Cohen, Yorke and Regan and is lead counsel for Messrs. Regan and Yorke. As you are also aware, we do not represent Attorney Cushing in this or any other matter. If you would like to discuss documents that you believe you are entitled to obtain from Attorney Cushing, I urge you to contact him directly (212) 704-

6259 and remind you that, during our recent telephonic status conference, Judge Thomson specifically stated that he expects Attorney Cushing will take the lead and do the bulk of the work for Messrs. Regan and Yorke. In short, and as I have continually stated, it would be much more productive and efficient for you to speak directly with Attorney Cushing about Attorney Cushing.

Jim Moriarty

James M. Moriarty
Kelley Drye & Warren LLP
Two Stamford Plaza
281 Tresser Blvd.
Stamford, Connecticut 06901-3229
Phone (203) 351-8034
Fax (203) 327-2669

-----Original Message-----
**From:** Kevin M. Greco [mailto:kgreco@shglaw.com]
**Sent:** Monday, December 11, 2006 10:53 AM
**To:** Moriarty, James
**Subject:** Scovin

Please advise as to our last discussion.

Kevin M. Greco
Sandak Hennessey & Greco LLP
707 Summer Street
Stamford, CT 06901
203-425-4200
203-325-8608 fax

3/6/2007