**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

```
-------------------------------------------x
WILLIAM SCOVIN,                            :
                                           :
                 Plaintiff,                :
                                           :
v.                                         :
                                           : Case No. 02CV01161(AWT)
                                           :
AUERBACH, POLLACK & RICHARDSON, INC.,      :
HUGH REGAN, LEWIS COHEN, ROBERT            :
DRAKE, and A. JONES YORKE,                 :
                                           :
                 Defendants.               :
-------------------------------------------x
```

**ORDER RE MOTION FOR SUMMARY JUDGMENT**

For the reasons set forth below, the Renewed Motion for Summary Judgment by defendants Hugh Regan, Lewis Cohen, and A. Jones Yorke (Doc. No. 207) is hereby GRANTED in part and DENIED in part.

The defendants' motion is being denied with respect to the Second Cause of Action and the Tenth Cause of Action. The defendants contend that the plaintiff cannot recover on his ERISA claims because they are not ERISA fiduciaries. One can be a fiduciary under ERISA because one is named as a fiduciary, or by virtue of one's functions, i.e. what one does with respect to the plan, and the question of whether one is a functional fiduciary is fact-intensive. See LoPresti v. Terwilliger, 126 F.3d 34, 40 (2d Cir. 1997) ("Congress intended ERISA's definition of fiduciary 'to be broadly construed'", and "ERISA defines a fiduciary in several ways" including that one is a fiduciary "'to the extent' that he or

she 'exercises any authority or control respecting management <u>or</u> disposition of [plan] assets,' or 'has any discretionary authority or discretionary responsibility in the administration of such plan'") (citations omitted).  Here, genuine issues of material fact exist as to whether each of these defendants is an ERISA fiduciary. Notwithstanding the defendants' argument to the contrary, the plaintiff's evidence is not confined to the mere status of any of these defendants.

The defendants' motion is being granted as to the Fifth Cause of Action, the Sixth Cause of Action, the Seventh Cause of Action, the Eighth Cause of Action, the Ninth Cause of Action, the Eleventh Cause of Action, and the Twelfth Cause of Action.  The defendants argue that the plaintiff's state law claims are preempted by ERISA. The Supreme Court has recognized "ERISA's policy of inducing employers to offer benefits by assuring a predictable set of liabilities, under uniform standards of primary conduct and a uniform regime of ultimate remedial orders and awards when a violation has occurred."  <u>Rush Prudential HMO, Inc. v. Moran</u>, 536 U.S. 355, 379 (2002).  Accordingly, in <u>Aetna Health Care, Inc. v. Davila</u>, the Court stated that "any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore preempted."  542 U.S. 200, 209 (2004).  The Court's analysis was:

-2-

It follows that if an individual brings suit complaining of a denial of coverage for medical care, where the individual is entitled to such coverage only because of the terms of an ERISA-regulated employee benefit plan, and where no legal duty (state or federal) independent of ERISA or the plan terms is violated, then the suit falls "within the scope of" [ERISA].  In other words, if an individual, at some point in time, could have brought his claim under [ERISA], and where there is no other independent legal duty that is implicated by a defendant's actions, then the individual's cause of action is completely preempted by [ERISA].

Id. at 210 (citations omitted).

A state law cause of action need not be strictly duplicative

in order to be preempted.  In Davila, the court observed:

Nor would it be consistent with our precedent to conclude that only strictly duplicative state causes of action are preempted.  Frequently, in order to receive exemplary damages on a state claim, a plaintiff must prove facts beyond the bare minimum necessary to establish entitlement to an award.  Cf. Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 217 (1985) (bad-faith refusal to honor a claim needed to be proved in order to recover exemplary damages).  In order to recover for mental anguish, for instance, the plaintiffs in Ingersoll-Rand and Metropolitan Life would presumably have had to prove the existence of mental anguish; there is no such element in an ordinary suit brought under ERISA § 502(a)(1)(B). See Ingersoll-Rand v. McClendon, 498 U.S. 133, 136 (1990), Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 61 (1987).  This did not save these state causes of action from preemption.  Congress' intent to make the ERISA civil enforcement mechanism exclusive would be undermined if state causes of action that supplement the ERISA § 502(a) remedies were permitted, even if the elements of the state cause of action did not precisely duplicate the elements of an ERISA claim.

Id. at 216.  The Second Circuit has observed that Supreme Court

precedent "represents not a categorical rule barring state causes

of action that might overlap with ERISA, but rather an application

of the general principal that preemption depends on whether state remedies are consistent with ERISA's core purposes."  Gerosa v. Savasta & Co., Inc., 329 F.3d 317, 325 (2d Cir. 2003).  In Gerosa, the court also noted the emergence of several clear trends as to when state law causes of action are preempted.  It noted that: "[t]he most pertinent for our purposes is a focus on the core ERISA entities: beneficiaries, participants, administrators, employers, trustees and other fiduciaries, and the plan itself.  Courts are reluctant to find that Congress intended to preempt state laws that do not affect the relationships among these groups."  Id. at 324. Here, the plaintiff could and did bring his claim under ERISA § 502(a)(1)(B), and there is no other independent legal duty that is implicated by a defendant's actions.  In contrast, when the court in Gerosa found that the state law in question was in a traditional area of state control, i.e. "[r]egulating the professions, particularly under a rubric of professional malpractice," it concluded that ERISA did not preempt the state law claims by trustees of the plaintiff pension fund against the plan's actuaries, where those claims were based on the actuaries' negligent failure to carry out their services in a professional manner and in accordance with professional standards.  Id. at 328.

Accordingly, the Clerk shall enter judgment in favor of all of the remaining defendants on the Fifth Cause of Action, the Sixth Cause of Action, the Seventh Cause of Action, the Eighth Cause of

Action, the Ninth Cause of Action, the Eleventh Cause of Action, and the Twelfth Cause of Action.

It is so ordered.

Signed this 20th day of March, 2008 at Hartford, Connecticut.


_____/s/AWT_____
Alvin W. Thompson
United States District Judge