```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

WILLIAM SCOVIN,                 :
                                :
     Plaintiff,                 :
                                :
     v.                         :     CASE NO. 3:02CV1161(AWT)
                                :
GREAT WEST LIFE, ET AL,         :
                                :
     Defendant.                 :
```

## CALENDAR AND SETTLEMENT CONFERENCE ORDER

This case is scheduled for a settlement conference with ParaJudicial Officer, James Hawkins, on June 12, 2008 at 1:30 p.m. at the Offices of Robinson & Cole, 695 East Main Street, Stamford, CT.

I. <u>PARTIES WITH FULL AUTHORITY MUST ATTEND</u>.  The parties are hereby ORDERED to be present at the conference.  If a party is a legal entity, not an individual, a representative of the party who is <u>fully authorized to decide all matters</u> pertaining to the case shall be present at the conference.  A settlement conference will not be held without all parties present.  A party may not participate by phone without express, advance approval.  In cases where a party requires authority from an insurer to settle the case, the party shall ensure that an insurance company representative with full authority to settle the case is present at the conference.  For a plaintiff, "full authority" means final authority to dismiss the case with prejudice, and to accept in settlement an amount or terms down to the defendant's last offer.  For a defendant, "full authority" means final authority to commit

a defendant to pay, in the representative's own discretion, a settlement amount up to the plaintiff's prayer or the plaintiff's last demand, whichever is lower.  The purpose of this requirement is to have in attendance a person with both the authority and independence to settle the case during the settlement conference without consulting anyone not present.  The requirement that parties personally appear is intended to increase the efficiency and effectiveness of the settlement conference.  Failure of a party <u>with full authority to settle the case</u> to attend the conference may result in the imposition of sanctions.  <u>See</u> <u>Nick v. Morgan's Foods</u>, 99 F. Supp. 2d 1056, 1062-63 (E.D. Mo 2000).  Counsel are ordered to advise their respective clients and insurance company representatives of the <u>Nick</u> decision.

    II.  <u>CONFERENCE MEMORANDA</u>.  On or before June 5, counsel shall submit to Mr. Hawkins an <u>ex</u> <u>parte</u>, confidential conference memorandum via email at <u>jrhawkinsii@yahoo.com</u>.  The memorandum shall be double spaced in no less than 12 point font and shall not exceed 10 pages.  It shall include the following: (A) a list of the claims and defenses; (B) the legal elements of the claims and defenses; (C) the evidence in support of the claims and defenses; (D) a damages analysis; (E) a discussion of the strengths and weaknesses of the case; (F) the status of the case, including the discovery remaining and substantive motions filed or contemplated; (G) settlement negotiations to date; and (H)

potential resolutions of the case. The plaintiff's counsel shall attach a copy of the complaint to the plaintiff's <u>ex parte</u> memorandum.

    III. <u>REQUESTS PERTAINING TO THE CONFERENCE.</u> Any requests pertaining to the conference shall be made to Mr. Hawkins no later than 10 days from the date of this order. Any counsel requesting continuances, which will be considered only for good cause shown, shall consult with all opposing counsel before making the request and, in the event of a continuance, shall notify all parties of the new date and time.

    SO ORDERED this 6th day of May, 2008 at Hartford, Connecticut.

                                     _____/s/_____
                                     DONNA F. MARTINEZ
                                     UNITED STATES MAGISTRATE JUDGE