**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

```
-------------------------------------------x
WILLIAM SCOVIN,                            :
                                           :
                Plaintiff,                 :
                                           :
v.                                         :
                                           :  Case No. 02CV01161(AWT)
                                           :
AUERBACH, POLLACK & RICHARDSON, INC.,      :
HUGH REGAN, LEWIS COHEN, ROBERT            :
DRAKE, and A. JONES YORKE,                 :
                                           :
                Defendants.                :
-------------------------------------------x
```

**TRIAL MEMORANDUM ORDER**

It is hereby ORDERED that:

1.  The parties shall jointly file with the Office of the Clerk, in one continuous document to be signed by all counsel, a Trial Memorandum for approval by the court.  A courtesy copy shall be submitted to the chambers of the undersigned.

Except as modified hereby, the Trial Memorandum shall be submitted in compliance with Rule 10 of the Local Rules of Civil Procedure and the Standing Order Regarding Trial Memoranda in Civil Cases (the "Standing Order"), which is included in the Local Rules of Civil Procedure.  The Trial Memorandum shall be filed no later than **July 12, 2008**.

**THE TRIAL MEMORANDUM SHALL CONTAIN THE INFORMATION REQUIRED BY THE STANDING ORDER; PROVIDED THAT, AS THE TRIAL IN**

**THIS CASE WILL BE A COURT TRIAL, THE PARTIES NEED NOT COMPLY WITH THE PROVISIONS OF THE STANDING ORDER RELATING TO JURY TRIALS.  IN ADDITION, THE PROCEDURES SET FORTH BELOW SHALL BE FOLLOWED:**

>**Witnesses**:  For each expert witness (see paragraph 10 of the Standing Order), if any, the Trial Memorandum shall set forth the opinion to be expressed, a brief summary of the basis of the opinion and a list of the materials on which the witness intends to rely.  Also, state the area of expertise and attach a curriculum vitae, if available.
>
>If a party objects to all or any part of the anticipated testimony of any witness, lay or expert, the objection must be stated in this section of the Trial Memorandum so that the objection can be resolved prior to trial.
>
>**Exhibits**:  With respect to exhibits (see paragraph 11 of the Standing Order), the parties shall also comply with the following requirements:
>
>(a)   The parties shall mark the plaintiff's and the defendant's respective exhibits in numerical order (e.g., "Plaintiff's Exhibit 1", etc. and "Defendant's Exhibit 1", etc.) with exhibit tags, which will be provided by the Clerk's Office upon request.  Where there are multiple plaintiffs

        and/or defendants, counsel should coordinate exhibit identification to ensure that exhibit numbers are not duplicated.

(b) Copies of the actual exhibits shall be exchanged no later than fourteen (14) days prior to trial. The original exhibits (with the exhibit list) and a complete copy of the exhibits (in a binder) shall be submitted to the Deputy Clerk at least one (1) day prior to trial.

(c) All objections to designated exhibits, except as to relevance, must be filed in writing not later than three (3) days prior to trial, together with a memorandum citing authorities in support of the objection, and will be resolved between the parties or by the court prior to trial.

**Anticipated Evidentiary Problems**: The parties shall attach to the Trial Memorandum motions in limine with memoranda of law concerning any anticipated evidentiary problems. (See paragraph 14 of the Standing Order.)

2. Counsel are requested to submit the Trial Memorandum on a computer disk (3.5" diskette or CD formatted for Word Perfect 5.1 or higher) to facilitate the preparation of final documents by the court.

3.  Counsel shall note the following:

    **Availability of Witnesses**:  Each party shall ensure the availability at trial of each witness listed by that party unless the court and counsel are advised to the contrary not less than forty-eight (48) hours prior to the commencement of the evidence.

4.  The deadlines established herein may not be modified by agreement of counsel.  These deadlines may be modified only by an order of the court following a request for enlargement of time made by written motion showing good cause, which motion shall be filed no later than five (5) days before the date from which counsel seeks an extension.

It is so ordered.

Dated this 15th day of May 2008, at Hartford, Connecticut.

>                             /s/AWT
>                         Alvin W. Thompson
>                       United States District Judge

Rev. 4/22/08