IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| WILLIAM SCOVIN<br><br>              Plaintiff,<br><br>      v.<br><br>GREAT-WEST LIFE & ANNUITY INS. CO., ONE HEATH PLAN, INC., AUERBACH, POLLAK & RICHARDSON, INC., HUGH REGAN, LEWIS COHEN, ROBERT DRAKE and A. JONES YORKE,<br><br>              Defendants. | CIVIL ACTION NO.: 02CV01161(AWT)<br><br><br><br><br><br><br><br><br><br>JULY 23, 2008 |

## MOTION *IN LIMINE*

　　　　　Defendants jointly move, *in limine*, for an order precluding Plaintiff William Scovin ("Plaintiff" or "Scovin") from introducing into evidence certain materials obtained from the United States Department of Labor ("DOL") in connection with a DOL investigation of Auerbach, Pollack & Richardson, Inc. commenced at the behest of Plaintiff, as well as any deposition testimony related to the DOL materials. Notwithstanding the fact that no charges, final allegations or agency action resulted from the investigation, defendants anticipate Plaintiff will seek to offer into evidence notes of purported interviews between a DOL investigator and numerous unidentified declarants. The notes must be excluded as they constitute inadmissible double hearsay, cannot be authenticated, and are unduly prejudicial inasmuch as there was no DOL action of any kind taken against APR or any individual defendant. In addition, deposition testimony of Terri Spahn related to the notes must also be excluded.

Defendants also anticipate that Plaintiff will offer letters from the DOL addressed to Hugh Regan and Lewis Cohen. The letters purport to set forth the procedures and presumptions for the DOL investigation. The letters, like the notes, have no probative value beyond the truth of the matter asserted and, therefore, constitute classic inadmissible hearsay. Moreover, there is no evidence that the DOL ever concluded that there was any wrong doing or that any of the individual defendants were fiduciaries under ERISA. Thus, any probative value the letters may have is substantially outweighed by their substantial potential prejudicial effect. Indeed, the absence of any resulting action by the DOL renders these letters particularly unreliable and precludes their introduction into evidence. The letters must be excluded *in limine*.

Lastly, Defendants jointly move for an Order: 1) compelling Plaintiff to produce a copy of the settlement agreement he executed with Great-West Life & Annuity Insurance Co., Inc. and One Health Plan, Inc. ("Great-West") and 2) ruling that Defendants are entitled to set-off all amounts Plaintiff recovered from Great-West against any damages that may be awarded against any defendant after trial. Defendants have previously requested that Plaintiff provide a copy of the settlement agreement but Plaintiff has heretofore refused that request. As set forth in the accompanying Memorandum of Law, under the well settled "one satisfaction rule" defendants are entitled to set-off any amounts Plaintiff recovered from Great-West. In order to determine the full amount of the set-off to which they are entitled, defendants must be provided with the settlement agreement. Thus, the settlement agreement between Plaintiff and Great-West is relevant, must be provided to defendants and an Order should issue prior to trial limiting Plaintiff's damages claim to the difference between the

proven amounts of his unpaid medical bills and the amount he has already recovered from

Great-West.

THE DEFENDANTS
LEWIS COHEN, HUGH REGAN,
A. JONES YORKE and ROBERT DRAKE

By: _____
James M. Moriarty (ct 21876)
Kelley Drye & Warren LLP
400 Atlantic Street
Stamford, Connecticut 06901-3229
Telephone:  (203) 324-1400
Facsimile:  (203) 327-2669
E-mail:  jmoriarty@kelleydrye.com

and

Richard G. Cushing (ct15997)
The Cushing Law Firm, P.C.
420 East 54th Street
New York, New York 10022
Telephone: (212) 371-8880
Facsimile:  (212) 319-7824

and

Robert N. Drake
 *Pro Se*
558 Lime Rock Road
Lakeville, Connecticut 06039

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served via first-class mail, postage prepaid, on this 23rd day of July, 2008, on all counsel of record and parties as follows:

Peter M. Nolin, Esq.
Sandak Hennessey & Greco LLP
707 Summer Street
Stamford, Connecticut  06901

Robert N. Drake
558 Lime Rock Road
Lakeville, Connecticut 06039

James M. Moriarty