.IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| WILLIAM SCOVIN | **CIVIL ACTION NO.: 02CV01161(AWT)** |
| Plaintiff, | |
| v. | |
| GREAT-WEST LIFE & ANNUITY INS. CO., ONE HEATH PLAN, INC., AUERBACH, POLLAK & RICHARDSON, INC., HUGH REGAN, LEWIS COHEN, ROBERT DRAKE and A. JONES YORKE, | |
| Defendants. | JULY 23, 2008 |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION *IN LIMINE*

Defendants Hugh Regan ("Regan"), A. Jones Yorke ("Yorke"), Lewis Cohen ("Cohen") and Robert Drake ("Drake") (collectively "Defendants") respectfully submit this Memorandum of Law in support of their Joint Motion *In Limine* to: 1) preclude Plaintiff William Scovin ("Plaintiff" or "Scovin") from introducing into evidence materials obtained from the United States Department of Labor (the "DOL") concerning a DOL investigation (the "DOL Investigation") of Auerbach Pollak & Richardson, Inc. ("APR") or any testimony concerning the DOL materials and 2) reduce Plaintiff's potential recovery by an amount Plaintiff has already recovered from a settlement between Plaintiff and Defendants Great-West Life & Annuity Insurance Co. and One Health Plan, Inc. (collectively "Great-West").

## BACKGROUND

### The DOL Documents

In connection with his efforts to recover unpaid medical expenses, Plaintiff apparently filed a complaint with the DOL. In response to that complaint the DOL conducted

1

an investigation. Pursuant to a FOIA request, numerous documents were obtained from the DOL. Included within those documents are notes, purportedly of interviews between a DOL investigator and various unknown declarants. The DOL documents also included July 2003 letters addressed to Regan and Cohen, setting forth the procedures and presumptions for the DOL Investigation. Plaintiff has indicated an intent to introduce both the DOL investigator's notes and the letters into evidence during the trial of this matter. Plaintiff has also indicated an intent to introduce deposition testimony of former APR employee Terri Spahn ("Spahn") concerning the notes. For the reasons set forth herein, Plaintiff must be precluded, *in limine*, from offering into evidence the notes, the letters, and any deposition testimony related to the notes.

**The Great-West Settlement**

Plaintiff named Great-West as a defendant to this action and sought to recover from Great-West the same unpaid medial benefits that Plaintiff seeks to recover from Defendants. Plaintiff settled his claims against Great-West and the action against Great-West was withdrawn in May 2006. Defendants have requested that Plaintiff provide Defendants with a copy of the written settlement agreement between Plaintiff and Great-West but Plaintiff has heretofore refused Defendants' request. Plaintiff has, however, through counsel, represented that Plaintiff recovered $70,000 from Great-West.

Defendants are entitled to obtain a copy of the settlement agreement to confirm the amount of the settlement and to ascertain any additional terms of the settlement that may be relevant to a witness's credibility. Moreover, and significantly, Defendants are entitled to set-off the amount Plaintiff has already recovered from Great-West against any recovery Plaintiff may obtain against any defendant. Defendants cannot know the full amount of the

set-off to which they are entitled until such time as the settlement agreement is provided. That said, if Plaintiff has recovered only $70,000 from Great-West, the total remaining benefits to which Plaintiff may be entitled, assuming the amount of unpaid medical bills alleged in Plaintiff's Amended Complaint is correct, is approximately $24,000.

## ARGUMENT

### A.    The Notes

#### 1.    The Notes Constitute Double Hearsay and Both the Notes and Testimony Concerning the Notes Are Inadmissible

"Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered into evidence to prove the truth of the matter asserted." Fed.R.Evid. 801(c). The only possible probative value of the DOL investigator's notes is for the truth of the matter asserted. Thus, the DOL investigator's notes are classic examples of inadmissible hearsay. Moreover, the notes constitute double hearsay or hearsay within hearsay inasmuch as the notes and the purported statements made by the unknown declarants each constitute a separate layer of hearsay. See, Fed.R.Evid. 805.

For hearsay within hearsay to be admissible, the first level of hearsay and the second level of hearsay must each independently fit within an exception to the hearsay rule. Neither the purported statements made by the unknown declarants nor the notes themselves fit within any of the exceptions to the hearsay rule. See e.g. U.S. v. American Cyanamid Co., 427 F.Supp. 859, 867 (D.C.N.Y. 1977) (finding that the business records exception to the hearsay rule is not applicable to government records and reports); George Eng. v. Scully, 146 F.R.D. 74, 80 (S.D.N.Y. 1993) (finding notes of interviews taken by investigator in the Inspector General's office were inadmissible under the hearsay rule and did not fit within public records exception because notes contain statements which constituted hearsay);

Parsons v. Honeywell, Inc., 929 F.2d 901, 907 (2d Cir. 1991) (otherwise inadmissible hearsay

is not admissible because it is contained within a public record or report).

        Both the statements by the unknown declarants referenced in the notes and the

notes themselves constitute hearsay, neither of which fall within an exception to the

prohibition on hearsay evidence. See Fed.R.Evid. 802. Moreover, and significantly, the notes

have no indicia of reliability inasmuch as the notes are substantially redacted, the declarant is

not identified and there has been no testimony from the individual who took the notes with

respect to the accuracy of the notes or any other matter. The notes constitute inadmissible

hearsay and must be precluded.

       **2.**    **The Notes Cannot Be Authenticated**

        Even if Plaintiff could jump the hearsay hurdle, which he cannot, the notes

would still be inadmissible because they cannot be authenticated. Federal Rule of Evidence

901 requires that "the matter in question is what its proponent claims." The notes purport to

be notes of interviews between a DOL investigator and numerous declarants. There has been

no testimony from the individual who took the notes as to the accuracy of the notes, whether

they were taken contemporaneously or whether the interviews from which the notes

purportedly emanate actually occurred. See, e.g., U.S. v. Segines, 17 F.3d 847, 854 (6th Cir.

1994) (finding the admissibility of a written recording of a telephone conversation

inadmissible due to party's failure to prove its accuracy). Thus, the notes are also

inadmissible on authentication grounds.

       **3.**    **The Prejudicial Effect of the Notes**
           **Far Outweighs Any Probative Value**

        Lastly, the notes are inadmissible under Fed.R.Evid. 403 because any

probative value the notes may have is far outweighed by the potential prejudice to each of the

defendants. Evidence, although relevant, should be excluded if "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury..." Fed.R.Evid. 403. Here, the probative value of the notes is non-existent since no formal findings or allegations were made, but the danger of unfair prejudice to the defendants is obvious.

The notes were purportedly taken by a DOL investigator in connection with the DOL's investigation. Moreover, the notes purport to be notes of interviews of various unidentified declarants, many of whom were likely former APR employees. It is impossible from reading the notes to ascertain whether the declarant has personal knowledge of the issues to which he or she is purportedly speaking and it is also impossible to ascertain, what, if any, biases the declarant may have toward one or more of the defendants. In short, the potential prejudice to Defendants is far outweighed by any probative value the notes may have and the notes are inadmissible.

### 4. Spahn's Deposition Testimony

During her deposition in March 2006, Spahn was shown various copies of the DOL investigator's notes and asked a series of questions about the notes. To the extent the Court precludes the introduction of the notes, Spahn's testimony concerning the notes must also be precluded.

## B. The Letters

### 1. The Letters Constitute Inadmissible Hearsay

Like the notes, the July 2003 DOL letters addressed to Regan and Cohen constitute classic hearsay and are inadmissible. The only potential probative value of the letters is for their truth but, the letters do not fit within any of the exceptions to the prohibition on hearsay evidence. The letters were written by a government agency, and therefore, the

5

exception for records of regularly conducted activity is not available.  See Fed. R. Evid.

803(6); American Cyanamid Co., 427 F.Supp. at 867.  The public records and reports

exception is also inapplicable because the letters do not represent findings of the DOL within

the meaning of Fed. R. Evid. 803(8).  Figures v. Board of Pub. Utilities of City of Kansas,

967 F.2d 357, 360 (10th Cir. 1992).

In Figures, the Tenth Circuit upheld the district court's decision to exclude a

letter from a director of the Office of Federal Contract Compliance Programs because the

letter was in draft form and did not represent actual findings by the agency.  Id.  The court

found that to fit within the public records and reports exception, the evidence being offered

must represent the findings or conclusions of an agency.  Id. (emphasis added). In this case,

the letters addressed to Regan and Cohen do not represent any final findings or conclusions by

the DOL.

Federal Rule of Evidence 803(8) prohibits "preliminary or interim evaluative

opinions" of agency staff into evidence.  Friends of Milwaukee's Rivers and Alliance for the

Great Lakes v. Milwaukee Metro. Sewerage Dist., 2006 U.S. Dist. LEXIS 67627, *3

(E.D.Wis. 2006); citing Smith v. Isuzu Motors Ltd., 137 F.3d 859, 862 (5th Cir. 1998).  The

exception is to allow "factual findings resulting from an investigation made pursuant to

authority granted by law" into evidence, unless those findings lack trustworthiness. Fed. R.

Evid. 803(8)(C).  "If memoranda reflecting the preliminary opinions of agency staff members

were admissible under Fed. R. Evid. 803(8)(A), then Rule 803(8)(C)'s limitations would be

meaningless." Milwaukee, 2006 U.S. Dist. LEXIS 67627, at *3.

There is no evidence that the DOL concluded its investigation or made any

final determinations.  Thus, the letters do not fit within the public records and reports

exception to the hearsay rule and must be excluded. <u>Milwaukee</u>, 2006 U.S. Dist. LEXIS 67627, at *3.

> **2.    The Prejudicial Effect of the Letters
> Far Outweigh Any Probative Value**

Like the notes, the limited probative value of the letters is far outweighed by the undue prejudice to Regan and Cohen. First, the letters have no probative value because they set forth assumptions which never materialized. Moreover, the DOL never took any action against Regan, Cohen, or anyone else as a result of the DOL's investigation. ERISA contains a three year statute of limitations for breach of fiduciary duty claims. 29 U.S.C. §1113. Thus, the DOL has not taken action and it is now barred from doing so by the applicable statute of limitations. Excluding the letters completely eliminates all potential prejudice that would occur if the DOL letters were afforded more weight than the deserve, <u>i.e.</u>, any weight whatsoever. <u>See</u>, <u>e.g.</u>, <u>Carter v. Burch</u>, 34 F.3d 257 (4th Cir. 1994) (excluding an opinion letter from a judge regarding a police officer's failure to disclose exculpatory evidence because the fact finder in a civil rights action would likely place undue weight on the findings made by a judge); <u>Martin v. Cavalier Hotel Corp.</u>, 48 F.3d 1343, 1357-58 (4th Cir. 1995).

**C.    The Federal Rule of Evidence 807
Residual Exception Is Inapplicable**

Neither the notes nor the letters fit within the Fed.R.Evid. 807 residual exception to the prohibition on hearsay evidence. For hearsay to be admissible under Rule 807 it must fulfill five requirements: trustworthiness, materiality, probative importance, interest of justice, and notice. <u>Parsons v. Honeywell, Inc.</u>, 929 F.2d 901, 907 (2nd Cir. 1991). Neither the letters nor the notes contain the indicia of reliability necessary for admissibility under Rule 807.

7

The letters set forth assumptions which never materialized. Thus, the letters have no indicia of reliability. The notes are just as unreliable because they are substantially redacted and the declarant is not even identified. U.S. v. Chu King Yin, 935 F.2d 990, 999 - 1000 (9th Cir. 1991) (finding criminal records inadmissible under the residual exception to the hearsay rule due, in part, to the fact that the records did not indicate the identity of the declarants); Amcast Indus. Corp. v. Detrex Corp., 779 F.Supp. 1519 (N.D.Ind. 1991). Both the notes and the letters are inadmissible and must be excluded.

**D.**    **Defendants are Entitled to**
**Set-Off the Great-West Settlement**

A motion *in limine* is the appropriate procedural vehicle to limit a party's damages claim prior to trial. In re MTBE Prod. Liab. Litig., 517 F.Supp.2d 662, 666-67 (S.D.N.Y. 2007) Defendants do not seek to limit evidence that may be introduced on Plaintiff's damages claim but instead seek an Order that the settlement agreement between Plaintiff and Great-West is admissible and that Defendants are entitled to set-off the entire amount recovered from Great-West against any recovery Plaintiff may obtain against any defendant.

Under well settled principles of law, "where a settlement and a judgment compensate a plaintiff for the same injury, a nonsettling defendant is entitled to a judgment reduction at least in the amount of a prior settlement." In re. Masters Mates & Pilots Pension Plan and IRAP Litigation, 957 F.2d 1020, 1030 (2d Cir. 1992) (quoting, Louis P. Singer v. Olympia Brewing Co., 878 F.2d 596, 600 (2d Cir. 1989)). In his Amended Complaint, Plaintiff asserts causes of action against Great-West, for, among other things, Denial of Benefits. Plaintiff's claims against Great-West, regardless of the legal theory, seek to recover the same unpaid medical benefits he seeks to recover against Defendants. Since the Great-

West settlement and any judgment entered against one or more of the Defendants compensates Plaintiff for the same injury, Defendants are entitled to a set-off of the full amount of the Great-West settlement.

The application of the "one satisfaction rule" articulated in <u>Singer</u> to ERISA cases makes eminent sense because it is also well settled that an ERISA plaintiff's recovery is limited to "benefits due him under the terms of his plan." <u>Clark</u>, 166 F.3d 1199, 1998 WL 907904, at **2. Moreover, ERISA does not permit the recovery of compensatory or punitive damages. <u>Mass. Mutual Life Ins. Co.v. Russell</u>, 473 U.S. 134 (1985). Absent a set-off of the Great-West settlement amount, Plaintiff would recover substantially more than the amount of denied benefits and would, in essence, recover compensatory or punitive damages in direct contradiction of the well-settled rule prohibiting those types of damages in an ERISA case.

## <u>CONCLUSION</u>

For all the foregoing reasons, Defendants' Motion *In Limine* should be granted in its entirety and Plaintiff should be Ordered to provide Defendants with a copy of the settlement agreement between Plaintiff and Great-West.

THE DEFENDANTS
LEWIS COHEN, HUGH REGAN,
A. JONES YORKE and ROBERT DRAKE

By: _____
James M. Moriarty (ct 21876)
Kelley Drye & Warren LLP
400 Atlantic Street
Stamford, Connecticut 06901-3229
Telephone: (203) 324-1400
Facsimile: (203) 327-2669
E-mail: jmoriarty@kelleydrye.com

and

Richard G. Cushing (ct15997)
The Cushing Law Firm, P.C.
420 East 54th Street
New York, New York 10022
Telephone: (212) 371-8880
Facsimile: (212) 319-7824

and

Robert N. Drake
*Pro Se*
558 Lime Rock Road
Lakeville, Connecticut 06039

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served via first-class mail, postage prepaid, on this 23rd day of July, 2008, on all counsel of record and parties as follows:

Peter M. Nolin, Esq.
Sandak Hennessey & Greco LLP
707 Summer Street
Stamford, Connecticut  06901

Robert N. Drake
558 Lime Rock Road
Lakeville, Connecticut 06039

James M. Moriarty