**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

_____

|  |  |  |
|---|---|---|
| WILLIAM SCOVIN | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION NO.** |
| **v.** | ) | **3:02CV01161(AWT)** |
| | ) | |
| **GREAT-WEST LIFE & ANNUITY INS. CO.,** | ) | |
| **ONE HEALTH PLAN, INC., AUERBACH, POLLAK** | ) | |
| **& RICHARDSON, INC., HUGH REGAN,** | ) | |
| **LEWIS COHEN, ROBERT DRAKE, A. JONES** | ) | |
| **YORK** | ) | |
| **Defendants.** | ) | |

_____) .    **AUGUST 12, 2008**

## PLAINTIFF'S OBJECTION TO DEFENDANTS' MOTION IN LIMINE

The plaintiff, William Scovin, respectfully objects to the Defendants' Motion in

Limine dated July 23, 2008.  In the Motion, Defendants seek to preclude the admission of

certain records from the United States Department of Labor  ("DOL") on the grounds that

some of the records constitute hearsay and that certain reports are prejudicial.  In addition,

Defendants seek to compel Plaintiff to produce a copy of the settlement agreement executed

with Defendant Great West Life & Annuity Ins. Co. ("Great West") and further seek a ruling

that Defendants are entitled to a set off for any amounts paid by Great West.  In opposition,

Plaintiff submits the following arguments and discussion.

A  **HISTORY:**

Plaintiff, William A. Scovin ("Scovin") was employed by Defendant Auerbach Pollak & Richardson ("Auerbach").  The named individual Defendants, Hugh Regan, Lewis Cohen, A. Jones York, and Robert Drake were, among other things, officers and directors of Auerbach.  Previously named Defendant, Great West Life & Annuity Ins. Co., / One Health Plan, Inc. ("Great West"), was a third party administrator of the Auerbach Plan under its contract with Auerbach, Great West was not an ERISA Fiduciary.  Great West denied having any ERISA liability in this action.

When Plaintiff left his employment in January 2001, his medical benefits continued with Auerbach and then under COBRA .  Plaintiff underwent bi-lateral hip surgery on July 12, 2001.  Defendants ceased trading operations in May 2001 and stopped payroll in June 2001.  After June 2001, Defendants did not fund the medical plan but Defendants accepted Plaintiff's COBRA payments through at least August 2001.  Defendants did not require the Plan to cover Scovin's incurred expenses.

As noted, the Defendants in this case are Plaintiff's employer, Auerbach Pollak & Richardson ("Auerbach") and the officers and directors of Auerbach, namely, Hugh Regan, Lewis Cohen, A. Jones York, and Robert Drake.  Plaintiff's claims against Great West sounded in common law claims and ERISA based claims.  As a third party administrator, Defendant Great West was not a Plan fiduciary and consistently argued such in this litigation.  Defendant Great West settled with Plaintiff in 2005 and Great West

was dismissed from this action without objection from the remaining Defendants on or about June 6, 2006.

A Default Judgment was entered against Auerbach. The remaining claims against the individual Defendants lie under ERISA for their refusal to pay benefits and for their breach of fiduciary duties.

**B. <u>DISCUSSION:</u>**

1. <u>The Department of Labor</u>

In connection with its obligations, the United States Department of Labor investigated the Defendants and their conduct. Among other things, the investigator interviewed the parties and other witnesses. The DOL issued a finding in its letter(s) to Defendants Hugh Regan and Lewis Cohen. In its certified disclosure, the DOL redacted certain name(s) and address information for privacy purposes. Upon Plaintiff's appeal of the redactions, the DOL forwarded a limited set of unredacted written recordings, one being that of an interview of Defendant Hugh Regan.

Now, Defendants seek to preclude the admission into evidence of the recorded interviews on the grounds that said interviews are hearsay and are redacted. Defendants further seek to exclude the DOL report / letters to Regan and Cohen because they are prejudicial.

2. <u>The DOL Records Are Self Authenticating:</u>

As stated, Plaintiff received certified records from the United States Department of Labor. It is important to note that the documents from the Department of Labor are

certified and under seal as authentic.  Accordingly, extrinsic evidence of authenticity is

not required and they are admissible.  *See*, FRCP 902 (1).

3.     The Defendants' Request is Premature

Defendants seek to summarily preclude 37 pages of the DOL investigation and

findings for use of any kind at the trial.  At this time, it remains premature to summarily

rule that authentic copies of recorded statements of parties are inadmissible for any and

every purpose.  Certainly, depending upon the testimony in the case, the documents can

come in under a variety of reasons or exceptions.  Depending upon the trial and testimony,

the exhibits may come in on direct exam as statements of parties or to refresh a witness'

recollection.  Alternatively, such authentic documents may be used on cross examination,

to impeach, or as prior inconsistent statements.  Not knowing what the Defendant

witnesses will say or how the trial will proceed, Plaintiff submits that it would be unfair to

summarily rule on the DOL documents at this stage and prejudicial to Plaintiff's case.

4.     Notes from DOL Interviews Are Admissible

Assuming that the Court decides to rule on the documents at this time, Plaintiff

submits the following.

Defendants next argue that the certified copies of transcribed interviews of parties and

witnesses are not admissible because the constitute hearsay and also because portions are

redacted.  Defendants' position is incorrect.

First, not all of the interviews are redacted.  As noted above and after Plaintiff's

Appeal to the DOL, certain unredacted copies were provided and disclosed to the

Defendants.  For example, the DOL's written interview of Defendant Regan contains the simple redaction of Regan's residential address and social security number.  His name is used throughout and the statements are his.  Defendants miss the most fundamental point in considering the admissibility of statements made by Regan.  These statements, under Rule 801(d) (2), are admissions of Regan, or party opponent.  Regan remains a party to the case and his statements are therefore admissible – namely - as admissions of a party opponent.

In addition, some 12 boxes of Auerbach records and personnel files from Human Resources were sent to Regan in New York and were accepted by Auerbach's office but remain "missing."  Regan was a poor historian on this fact and others.  Depending on his trial testimony, Regan's statements in the DOL interview may refresh his recollection on certain issues or constitute his Recorded Recollection under the Rules of Evidence.  Alternatively, once Regan reviews the statements, he may recognize his affirmations and as such, the statements or may be used a variety of ways on cross examination or for impeachment.

Additionally, Rule 803(8) clarifies that the DOL interviews are public records and that an exception to the hearsay Rule exists.  Under Rule 803(8), records, reports, statements, or data compilations, *in any form*, of public offices or agencies setting forth matters observed pursuant to duty of law are admissible.  The justification for their admissibility is the assumption that a government official will properly perform his duty and that his

testimony would essentially mirror the public record rather than be from his own independent recollection.  *See*, Wong Wing Foo v. McGrath, 196 F.2d 120 (9th Cir. 1952).

In their brief, Defendants argue that these documents cannot be authenticated. However, the redacted written interviews are under seal and as such are authenticated Public Records and admissible.  Consonant with the above, even redacted statements can be used by a witness on direct or cross, depending on the party or witness' testimony at the time.  As such, they cannot be found to be inadmissible at this early stage.

   5.  Terri Spahn's Deposition Testimony

Ms. Terri Spahn was employed by Auerbach in the Human Resources department. While she assisted with the administration portion of employee benefits, she testified at length in her deposition that she had no decision making power or control over Auerbach's medical Plan.  Similarly, she testified that she neither had any discretion over the medical plan nor controlled the funding of it.

Spahn dealt directly with the named Defendants in her role as an Auerbach employee. In fact, Spahn stated that she dealt with Auerbach personnel, including Defendants Cohen and Regan on all Plan issues.  Among other things, Spahn testified that she knew the Auerbach Plan was not being funded and asked Defendant Regan for permission to shut it down.  Spahn continued that she specifically asked Regan for permission to advise employees of the adverse situation with the Plan.  Regan denied her requests.

During her deposition, Spahn also testified about other documents, including memorandum outlining issues and concerns about the Plan.  Spahn sent the documents

directly to Defendants Regan, Cohen, Yorke, and attorney Cushing.  As regards the DOL, Spahn was interviewed at least twice during the DOL's investigation.  In her deposition, Spahn was shown copies of the redacted DOL written recordings of her statements. Spahn confirmed that the statements in the DOL's written investigation were hers.

Among other things, she further confirmed her responsibilities and duties, and the statements made to the named Defendants.  This testimony, as well as the certified and authenticated DOL interviews and statements are relevant to her testimony as well as the cross examination of the Defendants who have, among other things, denied any and all knowledge of the Auerbach Plan.  Spahn's testimony concerning her conduct and role is extremely germane to the case and admissible.  The Plaintiff's case would be severely prejudiced without Spahn or the documents to which she testified.

Apart from the Plaintiff's contentions for admissibility under Rules 803 and 902, the information from the DOL arguably falls under the Residual Exception of Rule 807.  The letters and statements have circumstantial guarantees of trustworthiness in that they were reported to and recorded by an investigator of the United States DOL.  They are certified and under seal.   The information was provided to the DOL by the named Defendants. The Defendants can testify as to their trustworthiness if necessary.  Moreover, other statements were given by Ms. Terri Spahn, the HR employee of Auerbach.  In her deposition, Ms. Spahn specifically identified which statement(s) were hers.  She was on the record and was cross examined.  She confirmed that the statements were true and accurate.

6.      The DOL Reports / Letters

Defendants next move to preclude the DOL findings contained in letters sent to

Defendants Regan and Cohen.  Like the DOL investigative notes referenced above, the

letters are Public Records from the DOL and are certified and under seal.  As a result, they

are self authenticating under Rule 902 of the Federal Rules of Evidence.  Defendants seek

to exclude these documents on the grounds that they are prejudicial and argue that they do

not contain conclusions and thus have no probative value.  Defendants' position is legally

and factually incorrect.

The DOL letters to Regan and Cohen are dated July 11, 2003.  The letters document

certain facts in the case.  In the letters, the DOL Regional Director references the facts and

states that "many of which were provided by you [Regan and Cohen] to this office during

the course of our investigation, from January 1, 2001 to the present."  During the

discovery in the case, Defendants displayed a selective memory on the history of the

underlying facts of this case.  In contrast, the Defendants apparently were more forthright

to the DOL investigator(s) during the investigation.  Plaintiff also has the letter Defendant

Regan sent to the DOL.  In the subject DOL letters, the DOL was able to confirm that

employee and COBRA contributions to the Plan were retained and not used to provide

benefits.  The letters continue that these individuals exercised control over the Plan.

Regan's statements and letter to the DOL, coupled with the facts in the DOL letters, are

probative.

Cleary, not only is the DOL information probative and relevant, but it is admissible on other grounds.  In addition to the above, the letters are admissible under Rule 803 (8) as public records.

Furthermore, Defendants' contention that the letters make no conclusions is plainly a misstatement.  In the letters, the DOL Regional Director states that Regan and Cohen are plan fiduciaries.  The DOL continues that you (Regan and Cohen) retained employee contributions to the Plan.  That health claims were not paid.  That by failing to ensure that the claims were paid, you (Regan and Cohen) violated ERISA.  The Defendants' argument that the DOL made no conclusions completely misses the mark.

Separately, Plaintiff submits that there can be no dispute that the letters are relevant. As a result, the Defendants' arguments really go to the weigh afforded to the documents, not to their admissibility.  Certainly, the Court will be able to afford the appropriate weight attributable to this evidence after their use at trial.

Moreover, Defendant's arguments ignore the point that the DOL information and letters may be used for other purposes if introduced during trial depending upon how the testimony and evidence is proceeding.  Collaterally, the letters may be used to refresh one's recollection, may evidence admissions, or may be used for impeachment.  As a result, they are admissible.

7.  <u>The Settlement Agreement</u>

As previously noted, Plaintiff had common law claims and ERISA allegations against Great West, the third party administrator to the Auerbach Plan.  Upon sifting out certain

facts, it became apparent that Great West's exposure in the case existed under the common law claims. Plaintiff settled the case with Great West in 2005.

Now, long after discovery is closed, Defendants move for an order and seek to compel the production of the settlement agreement with Great West. Plaintiff submits that the time has long passed to move for the production of documents.

First, it must be again noted that the claims against the instant Defendants lie under ERISA. Conversely, at the time of the settlement with Great West, the claims were common law and ERISA. Great West denied that it was exposed under ERISA and the underlying facts showing that Great West was not a fiduciary were becoming clearer to Plaintiff. As a result, Plaintiff settled. In that the claims against the instant Defendants sound in ERISA, the settlement of non ERISA claims with Great West is irrelevant.

Additionally, Defendants seek a ruling from the Court that they are entitled to a set off. Plaintiff submits that the settlement[1] with Great West and the amount have no bearing on the case against the instant Defendants. Again, unlike Great West, the instant claims against the named Defendants sound in ERISA. Therefore, since Defendants are not entitled to a set off, disclosure of settlement documents is unnecessary.

If, assuming arguendo, the Court concludes that the possibility of a set off exists, which Plaintiff denies, then Plaintiff submits that any settlement related information is

---

[1] In their Motion, Defendants reference the Plaintiff's settlement amount with Great West. Plaintiff submits that Defendants' reference to settlement details in any manner is plainly inappropriate. Plaintiff provided the limited information to Defendants during settlement discussions. The information was provided in the spirit of cooperation in an effort to get Defendants to move the case. Instead, Defendants' have now inappropriately used the protected settlement disclosure against the Plaintiff in violation of Rule 408.

only relevant or necessary *after* trial is completed and *only* if Plaintiff prevails. Moreover, if the Court determines that a set off issue exists, for set off purposes; Defendants only need the actual settlement amount.

**CONCLUSION:**

WHEREFORE, William Scovin respectfully requests that the court deny Defendants' Motion and sustain Plaintiff's Objection.

                            THE PLAINITFF,
                            William Scovin

                            By /s/_____
                               Kevin M. Greco (ct 13195)
                               Peter M. Nolin (ct06223)
                               **SANDAK HENNESSEY & GRECO LLP**
                               707 Summer Street
                               Stamford, CT  06905
                               Telephone (203) 425-4200
                               Facsimile (203) 325-8608
                               pnolin@shglaw.com

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 13th day of August, 2008, a copy of the foregoing

Motion was mailed, first-class postage prepaid, to each of the parties identified below:

James M. Moriarty, Esq.
Mark S. Gregory, Esq.
Kelley Drye & Warren LLP
Two Stamford Plaza
281 Tresser Boulevard
Stamford, CT  06901

Robert G. Cushing, Esq.
Cushing Law Firm
420 East 54th Street
New York, NY  10178

Robert Drake
558 Lime Rock Road
Lakeville, CT  06039

                                  _____/s/_____

                                  Kevin M. Greco / Peter M. Nolin