.IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| WILLIAM SCOVIN<br><br>Plaintiff,<br><br>v.<br><br>GREAT-WEST LIFE & ANNUITY INS. CO., ONE HEATH PLAN, INC., AUERBACH, POLLAK & RICHARDSON, INC., HUGH REGAN, LEWIS COHEN, ROBERT DRAKE and A. JONES YORKE,<br><br>Defendants. | CIVIL ACTION NO.: 02CV01161(AWT)<br><br><br><br><br><br><br><br><br><br>August 27, 2008 |

## REPLY MEMORANDUM IN FURTHER SUPPORT OF MOTION *IN LIMINE*

Pursuant to D.Conn.L.Civ.R. 7(d)[1], Defendant Lewis Cohen, by and through his counsel, submits this Reply Memorandum in Further Support of Defendants' July 23, 2008 Joint Motion *In Limine*.

## PRELIMINARY STATEMENT

Plaintiff's Objection to Defendants' Motion *in limine* paints a wholly misleading picture of the evidence Defendants' seek to preclude. Plaintiff would have the Court believe that the evidence at issue consists of statements made by the individual defendants that were recorded verbatim and transcribed. In fact, the evidence at issue consists of notes of purported interviews between a United State Department of Labor ("DOL") investigator and numerous undisclosed declarants. There is no evidence that the declarants, whose identities are concealed by redaction, made the statements attributed to him or her or

---

[1] Local Rule 7(d) requires references in a Reply Memorandum to the page numbers in the opposition brief to which the argument in the reply is directed. Plaintiff did not paginate his Objection to Defendants' Motion In Limine so page numbers are not referenced in this reply.

that statements that were made were recorded accurately. Plaintiff's attempt to portray the evidence as possessing substantial indicia of reliability fails.

Plaintiff's attempt to avoid a set-off of amounts recovered from Defendant Great-West Life and Annuity Insurance Company ("Great-West") also fails. Contrary to Plaintiff's argument, the theory of liability upon which Great-West settled has no relevance. What is relevant is the injury for which Plaintiff seeks to recover and whether the recovery from Great-West constitutes compensation for an injury different from the injury for which Plaintiff seeks compensation from Cohen. It does not. Plaintiff seeks to recover unpaid medical expenses resulting from bi-lateral hip replacement surgery from Cohen. Plaintiff recovered unpaid medical expenses resulting from that same bi-lateral hip replacement surgery from Great-West. Thus, Cohen is entitled to fully set-off the amount of the Great-West recovery against any judgment that may be entered against him.

## ARGUMENT

### THE DOL DOCUMENTS ARE NOT SELF-AUTHENTICATING AND, IN ANY EVENT, CONSTITUTE INADMISSIBLE HEARSAY TO WHICH NO EXCEPTION APPLIES

Plaintiff argues that the DOL investigator's interview notes are self-authenticating because the DOL certified the documents as authentic. Federal Rule of Evidence 901 requires the proponent of evidence to demonstrate that "the matter in question is what its proponent claims." Here, Plaintiff claims that the DOL investigator's notes "are certified copies of transcribed interviews of parties and witnesses." The fundamental problem with that statement, and the DOL investigator's notes, is the heavy redaction that makes it difficult, if not impossible, to determine the identity of the declarant. Indeed, unless Plaintiff's position is that the redacted notes constitute purported statements of unknown declarants, Plaintiff can never satisfy his burden of proving the authenticity of the notes.

In any event, authentication is the least of Plaintiff's problems. The DOL documents constitute inadmissible hearsay and no exception to the prohibition on the admission of hearsay evidence applies. Plaintiff argues, with citation to one Ninth Circuit decision from 1952, that the DOL notes are admissible as public records. Even if the notes themselves were admissible as public records, which they are not, Plaintiff has not pointed to any hearsay exception that would allow the Court to receive into evidence the out of court statements of multiple, unknown declarants.

The DOL investigator's notes contain two layers of hearsay. In order for the notes to be admissible, there must be an exception to the prohibition on hearsay evidence for each layer. Plaintiff has offered an exception to only one layer. Thus, even if the public records exception applied, which it does not, the notes remain inadmissible. See e.g. George Eng. v. Scully, 146 F.R.D. 74, 80 (S.D.N.Y. 1993) (finding notes of interviews taken by investigator in the Inspector General's office were inadmissible under the hearsay rule and did not fit within public records exception because notes contain statements which constituted hearsay); Parsons v. Honeywell, Inc., 929 F.2d 901, 907 (2d Cir. 1991) (otherwise inadmissible hearsay is not admissible because it is contained within a public record or report).

## THE RESIDUAL EXCEPTION IS INAPPLICABLE

Plaintiff argues that the DOL investigator's notes are admissible under Federal Rule of Evidence 807 and makes the unsupported and conclusory statement that the DOL investigator's notes have "circumstantial guarantees of trustworthiness." In fact, because the declarants are not identified and because neither the unidentified declarants nor the DOL investigator have testified, there is absolutely no indicia of trustworthiness. Indeed, if the

heavily redacted DOL investigator's notes were admissible for their truth under Fed.R.Evid. 807, it is difficult to imagine any document that would be deemed inadmissible.

## THE FINDINGS OF THE DOL ARE INDISPUTABLY PRELIMINARY AND THEREFORE THE DOL LETTERS ARE INADMISSIBLE

Plaintiff gives the false impression that the July 2003 letters from DOL to Regan and Cohen conclusively find that Regan and Cohen are fiduciaries of the Auerbach, Pollak and Richardson, Inc. healthcare plan. The July 2003 DOL letters addressed to Regan and Cohen indisputably state that the findings contained in the respective letters are preliminary and subject to change. The DOL took no subsequent action against Regan or Cohen. Thus, the letters have no probative value and are unfairly prejudicial.

The DOL letters also constitute inadmissible hearsay. Plaintiff argues, without citation to any authority, that the July 2003 DOL letters are admissible under Fed.R.Evid. 803(8) as public records. As set forth in Defendants' Memorandum of Law in Support of their Motion *In Limine*, the public records exception is inapplicable. See e.g., Figures v. Board of Pub. Utilities of City of Kansas, 967 F.2d 357, 360 (10th Cir. 1992); Friends of Milwaukee's Rivers and Alliance for the Great Lakes v. Milwaukee Metro. Sewerage Dist., 2006 U.S. Dist. LEXIS 67627, *3 (E.D.Wis. 2006); citing Smith v. Isuzu Motors Ltd., 137 F.3d 859, 862 (5th Cir. 1998). Significantly, Plaintiff makes no effort to distinguish these cases.

## THE GREAT-WEST SETTLEMENT COMPENSATES PLAINTIFF FOR THE VERY SAME INJURY FOR WHICH HE SEEKS COMPENSATION FROM COHEN

Plaintiff argues that Defendants' are not entitled to set-off amounts already recovered by Plaintiff from Great-West because the causes of action upon which Plaintiff settled with Great-West arose under state law. Plaintiff's argument is disingenuous at best.

Plaintiff states that the claims against Great-West were settled in 2005 and that the settlement involved state law causes of action because, prior to the settlement, "the underlying facts showing that Great West was not a fiduciary were becoming clearer to Plaintiff." What Plaintiff omits from this after the fact rationalization is that he filed an Amended Complaint on November 1, 2005, asserting, among other things, an ERISA cause of action against Great-West. If Plaintiff's counsel knew at the time he filed the amended complaint that he did not have an ERISA cause of action against Great-West, Plaintiff's counsel likely violated Federal Rule of Civil Procedure 11. Moreover, and significantly, Plaintiff has refused to provide a copy of the settlement agreement to allow Defendants and their respective counsel to test the veracity of Plaintiff's claim that the settlement with Great-West involved non-ERISA claims.[2]

In any event, the legal theory under which Plaintiff settled with Great-West is irrelevant. What is relevant is whether the settlement with Great-West compensates Plaintiff for the same injury for which he seeks compensation from Cohen. The answer to that question is undeniably yes. Indeed, the only injury for which Plaintiff seeks compensation is his unpaid medical bills stemming from his bilateral hip replacement surgery. Since the recovery from Great-West compensates Plaintiff for the very same injury for which he seeks recovery from Cohen, Cohen is entitled to set-off the $70,000 Plaintiff has already recovered from Great-West against any judgment entered against him.[3]

---

[2] Plaintiff takes issue with the fact that Defendants did not request the settlement agreement in discovery. As Plaintiff is well aware, the discovery cutoff date was August 31, 2005. The settlement was apparently completed in May 2006 when Great-West was dismissed from the case. By that time Regan, Yorke and Cohen had moved for summary judgment. Because the discovery cut-off date had long since passed and a summary judgment motion was pending, Defendants did not serve a formal discovery request seeking the settlement agreement.

[3] Since Cohen is not seeking to introduce the Great-West settlement to prove, or disprove, liability, the disclosure of the amount of the Great-West settlement does not violate Fed.R.Evid. 408, as argued by Plaintiff in footnote 1 to his objection.

## CONCLUSION

For all the foregoing reasons, and the reasons set forth in Defendants' Memorandum of Law in Support of Their Motion *In Limine*, the Motion *In Limine* should be granted in its entirety and Plaintiff should be Ordered to provide Defendants with a copy of the settlement agreement between Plaintiff and Great-West.

THE DEFENDANT
LEWIS COHEN

By: /s/ James M. Moriarty
James M. Moriarty (ct 21876)
Kelley Drye & Warren LLP
400 Atlantic Street
Stamford, Connecticut 06901-3229
Telephone: (203) 324-1400
Facsimile: (203) 327-2669
E-mail: jmoriarty@kelleydrye.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served via first-class mail, postage prepaid, on this 27th day of August, 2008, on all counsel of record and parties as follows:

Peter M. Nolin, Esq.
Sandak Hennessey & Greco LLP
707 Summer Street
Stamford, Connecticut 06901

Robert N. Drake
558 Lime Rock Road
Lakeville, Connecticut 06039

Richard Cushing, Esq.
The Cushing Law Firm
420 East 54th Street
Suite 35E
New York, New York 10022

_/s/ James M. Moriarty_
James M. Moriarty